Heather L. Rosing, Bar No. 183986
Daniel S. Agle, Bar No. 251090
Douglas W. Lytle, Bar No. 178315
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dagle@klinedinstlaw.com

Attorneys for Defendants
THE MCMILLAN LAW FIRM, APC;
SCOTT A. MCMILLAN and
MICHELLE D. VOLK

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation; SCOTT A. MCMILLAN, an individual; MICHELLE D. VOLK, an individual; and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No.   16-CV-1696 W MDD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 7.1(d)(1)]<br><br>Date:        February 6, 2017<br>Courtroom:   3C<br>Judge:      Thomas J. Whelan<br>Magistrate Judge: Mitchell D. Dembin<br>Complaint Filed: June 30, 2016<br>Trial Date:   None set |

Pursuant to Fed. R. Evid. 201, Defendants THE MCMILLAN LAW FIRM, APC, SCOTT A. MCMILLAN, and MICHELLE D. VOLK hereby request judicial notice of the following court records, true and correct copies of which are attached hereto, in support of their motion for an order dismissing causes of action in Plaintiff L. LEE BRIGHTWELL's First Amended Complaint:

**No. 1** – Brightwell's First Amended Complaint in this Action filed 12/7/16 (Doc. 16) [underlining is added to show new allegations not present in plaintiff Brightwell's original Complaint (Doc. 1)].

KLINEDINST PC<br>501 WEST BROADWAY, SUITE 600<br>SAN DIEGO, CALIFORNIA 92101

**No. 2** – Brightwell's Opposition to McMillan Motion to Be Relieved of Counsel in San Diego Superior Court Case No. 37-2013-00046163-CU-BC-CTL [Unsealed by Stipulation at ROA# 295 on 5/25/16], and in particular, the following:

> Mr. McMillan was the one attorney, of the seven I interviewed and the three I have hired throughout my justice process, who saw the strong, clear elements that prove the promise of my ownership in RF Logistics… He has spent eight months compiling a strategy and the exhibits to prove my case… The majority of the case preparation is complete… (p. 2:8-20.)
>
> \*     \*     \*
>
> Mr. McMillan was ready to go to trial on March 27, 2015, the date Judge Prager, and the Defendant agreed to at the October 22, 2014 trial continuance hearing. Due to unforeseen circumstances, an open court and an available Judge did not materialize…(p. 4:22-24.)
>
> \*     \*     \*
>
> Mr. McMillan, and his co-counsel, Michelle Volke, know the facts of my case, have spent time to organize and compile the case exhibits and develop the strategy to present a compelling case. I have confidence that The McMillan Law Firm is the best choice to represent me at trial in this case at this time.  (p. 5:25 to p. 6:1.)

**No. 3** – 7/31/15 Reporter's Transcript of Proceedings of Hearing on Motion to Be Relieved of Counsel in San Diego Superior Court Case No. 37-2013-00046163-CU-BC-CTL, and in particular, p. 11:2-13:

> **MS. BRIGHTWELL: …**I'm asking Your Honor to give, under the California Rule of Professional Conduct 3-70082, which states, "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the clients."

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**THE COURT:** Well, he did that, though. He – right as he was making his motion for leave to withdraw, he came in here and gave me a vigorous argument on the motions in limine.

**MS. BRIGHTWELL:** Yes. I agree with you, he did. And it was very successful, another reason why Mr. McMillan should stay on the case. He's being paid, and he's doing a good job.

(p. 11:2-13.)

**No. 4** – Register of Actions for San Diego Superior Court Case No. 37-2013-00046163-CU-BC-CTL, downloaded from the San Diego Superior Court website on 12/20/2016.

A district court may take judicial notice of documents filed in any federal or state court. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (federal appellate court judicially noticed state appellate opinion and briefs and determined that waiver issue had not actually been litigated or necessarily decided). Courts routinely hold that judicial notice may be taken of court filings in related litigation involving the same parties. See *Biomedical Patent Mgmt. Corp. v. California Dep't of Health Servs.*, 505 F.3d 1328, 1331 n.1 (Fed. Cir. 2007) (holding district court did not abuse its discretion by taking judicial notice of filings from prior litigation between the same parties).

## APPENDIX OF EXHIBITS

| Exh. No. | Exhibit Description | Page No. |
|---|---|---|
| 1 | First Amended Complaint (Doc 16) | 1-31 |
| 2 | Brightwell's Opposition to McMillan Motion to Be Relieved of Counsel in San Diego Superior Court Case No. 37-2013-00046163-CU-BC-CTL | 32-38 |

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

| 3 | July 31, 2015 Reporter's Transcript of Proceedings of Hearing on Motion to Be Relieved of Counsel | 39-64 |
|---|---|---|
| 4 | Register of Actions Docket for Superior Court Case No. 37-2013-00046163 in San Diego Superior Court Case No. 37-2013-00046163-CU-BC-CTL | 65-75 |

KLINEDINST PC

DATED: December 21, 2016          By:   s/ Douglas W. Lytle
                                        Douglas W. Lytle
                                        Attorneys for Defendants
                                        THE MCMILLAN LAW FIRM, APC;
                                        SCOTT A. MCMILLAN and
                                        MICHELLE D. VOLK

16846276v1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT
16-CV-1696 W MDD

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# EXHIBIT "1"

Exhibit 1
Page 1

JOSHUA M. HEINLEIN (SBN 239236)
joshua.heinlein@dinsmore.com
JOSEPH S. LEVENTHAL (SBN 221043)
joseph.leventhal@dinsmore.com
JESSICA G. WILSON (SBN 254366)
jessica.wilson@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 840
San Diego, CA 92101
Ph: (619) 356-3518
Fx: (619) 615-2082

Attorneys for Plaintiff
L. LEE BRIGHTWELL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br><br>     Defendants. | Case No. 16-CV-01696-W-MDD<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **FRAUD;**<br>3. **PROFESSIONAL NEGLIGENCE;**<br>4. **BREACH OF FIDUCIARY DUTY; AND**<br>5. **DECLARATORY RELIEF;** |

**FIRST AMENDED COMPLAINT**

DINSMORE &
SHOHL LLP
SAN DIEGO

Exhibit 1
Page 2

Plaintiff L. LEE BRIGHTWELL ("Brightwell") hereby alleges as follows:

## INTRODUCTION

1.     This case is about a law firm and two attorneys that agreed to prosecute a case on behalf of Brightwell and were paid handsomely to do so.  After being paid over $100,000 for just a few months' work, defendants presented Brightwell with a 74-page bill for another $60,000!  The bill stretched back several months, included duplicative entries, and contained numerous fraudulent entries.  When Brightwell asked for time to review the lengthy the bill, defendants immediately filed a motion to withdraw as counsel of record calculating that Brightwell would capitulate so as not to jeopardize settlement negotiations in the underlying case.   When Brightwell refused to give in to defendants' threats, defendants withdrew forcing Brightwell to retain new counsel, incur thousands of dollars in additional attorneys' fees, and settle for less than she otherwise would have.  Defendants now contend that Brightwell not only owes them the original disputed amount, but substantially more, including a contingency fee even though defendants voluntarily withdrew from the case.

## PARTIES

2.     Brightwell is, and at all times mentioned herein was, an individual residing in the State of Hawaii.

3.     Defendant The McMillan Law Firm, APC ("McMillan Firm") is, and at all times mentioned herein was, a professional corporation licensed to do business and doing business in the State of California, County of San Diego.

4.     Defendant Scott A. McMillan ("McMillan") is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego.  Brightwell is informed and believes and based thereon alleges that McMillan is the principal shareholder of the McMillan Firm.

5.     Defendant Michelle D. Volk ("Volk") is, and at all times mentioned herein was, an individual residing in the State of California, County of San Diego.

1.                    Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 3

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this counterclaim under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in this judicial district.

## BRIGHTWELL RETAINS DEFENDANTS

8.     On or about April 25, 2013, Brightwell filed a complaint in San Diego Superior Court against Brian O'Donnell and RF Logistics, LLC, *Brightwell v. O'Donnell, et al.*, Case No. 37-2013-00046163-CU-BC-CTL ("O'Donnell Action"). Approximately a year and a half into the case, on September 29, 2014, Brightwell retained Defendants to substitute in as her counsel in the O'Donnell Action. A true and correct copy of the Engagement Agreement between Defendants and Brightwell is attached hereto as Exhibit A.

9.     By reason of the attorney-client relationship identified above, Defendants owed fiduciary duties to Brightwell to adequately and professionally handle the O'Donnell Action, to further and protect the interests of Brightwell, and to charge Brightwell only honest and reasonable fees.

10.     At the time Defendants substituted into the case, trial was set for November 2014. In October 2014, the trial date was continued to March 2015. Immediately after being retained by Brightwell, Defendants demanded that Ms. Brightwell travel to San Diego to work on-site in their office to help prepare the case for trial despite knowing that Brightwell lived in Hawaii. This demand was not communicated to Ms. Brightwell prior to signing the Engagement Agreement. Nonetheless, she traveled to San Diego at Defendants' request, and worked in Defendants' office daily. In fact, Mr. McMillan strongly encouraged Ms. Brightwell to live in Defendants' office so she could be working on the case at all times. Understandably, Ms. Brightwell declined to do so. After two weeks,

**FIRST AMENDED COMPLAINT**

DINSMORE &
SHOHL LLP
SAN DIEGO

Exhibit 1
Page 4

1   Brightwell intended to return home, but Defendants demanded that she stay in San
2   Diego longer.  Brightwell acquiesced and stayed in San Diego an additional few
3   weeks helping Defendants prepare the case for trial.  During this time, Defendants
4   told Brightwell she would be supervising their intern, an attorney from France that
5   was not licensed in California.  Defendants told Brightwell she had to be on-site to
6   perform this work or they would stop all work on her case.

7          11.     By December 6, 2014, Brightwell had returned home to Hawaii.  By
8   that time, she had already given Defendants a retainer of $10,000 and had paid
9   Defendants' invoices for October and November totaling $30,000.  Despite this, on
10  December 13, 2014, Defendants sent Brightwell a substitution of attorney form
11  asking that she sign it because she was no longer on-site in their office working on
12  the case full time.  Ultimately, Brightwell did not sign it, but continued to pay
13  Defendants' invoices.

14         12.     On January 6, 2015, Defendants sent Brightwell another substitution of
15  attorney form demanding that she sign it again because they wanted her to return to
16  their office to work on the O'Donnell Action and supervise their intern.  Brightwell
17  did not sign it.

18         13.     When the March 2015 trial date arose, no courtroom was available.
19  Subsequently, the trial date was continued to October 2, 2015.

20         14.     On March 15, 2015, Defendants sent Brightwell an invoice totaling
21  $23,446.91.  By March 25, 2015, that invoice was fully paid.

22         15.     On April 14, 2015, Brightwell voluntarily paid Defendants another
23  $15,000 despite having not received an invoice since March 15, 2015.  As of that
24  time, Brightwell had paid Defendants over $115,000.  A spreadsheet of invoices
25  and payments is attached hereto as Exhibit B.

26         16.     While Defendants were racking up high legal bills, Defendants
27  continued demanding that Brightwell work onsite in Defendants' office to prepare
28  exhibits and perform other tasks to prepare for trial.  Defendants claimed that this

DINSMORE &
SHOHL LLP
SAN DIEGO

3.              Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 5

was "part of the agreement," even though it is not set forth in the Engagement Agreement, and told Brightwell that her active participation would result in higher quality legal work and lower costs. At Defendants' insistence, between October 1, 2014 and April 30, 2015, Brightwell spent a total of four months working in Defendants' office.

17. During this time, Defendants provided Ms. Brightwell with access to their entire computer network, telling her it would be more efficient if she had access to their system and files so she could work on the O'Donnell Action. Defendants lacked the competence to limit Ms. Brightwell's access to only the files for the O'Donnell Action. Consequently, Defendants gave her access to their entire system such that she could access the files for all of Defendants' cases and clients. Defendants did not require Ms. Brightwell to sign a confidentiality agreement before giving her access to their network.

18. Brightwell's work onsite at Defendants' office did not result in higher quality legal work or lower costs. Instead, Brightwell had to forego several job opportunities in Hawaii and incurred rent and other charges while living in San Diego to work at Defendants' office at their request. While at Defendants' office, Brightwell was subjected to being yelled at and harassed routinely by McMillan. Brightwell witnessed McMillan berate, taunt, and humiliate his employees on a daily basis. As a result of McMillan's abusive behavior, she was able to see first-hand the staff turnover and duplication of time and effort in Defendants' office. The constant turnover meant that new employees always had to spend time to get up to speed on the O'Donnell Action and figure out where the prior attorney or staff member left off. At times, work product was tossed aside and started anew when an attorney or staff member left the firm due to unfavorable working conditions. This happened numerous times in the 10 month period McMillan represented Brightwell. Though Brightwell had already paid for that attorney's research and effort, she was consequently billed again when the next attorney or staff member

Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

DINSMORE &
SHOHL LLP
SAN DIEGO

Exhibit 1
Page 6

1  recreated the same document. This, of course, resulted in higher legal bills and
2  poorer quality of work.

3  19. Eventually, Brightwell learned of the reasons for McMillan's erratic
4  behavior. After working in Defendants' office for several weeks, McMillan
5  disclosed to Brightwell that he regularly takes lithium to "improve his memory", as
6  he would say. He even offered some to Ms. Brightwell, but she declined. Also,
7  while Brightwell was working in Defendants' office, she saw McMillan regularly
8  abuse controlled substances, such as prescription and non-prescription drugs. On
9  one occasion, McMillan told Ms. Brightwell that he took his son's ADHD medicine
10  to help him stay awake and work more. McMillan offered drugs to Ms. Brightwell
11  on several occasions and regularly offered drugs to his staff. While disturbed by
12  McMillan's conduct, Ms. Brightwell did not feel like she could change attorneys
13  again so close to trial in the O'Donnell Action. Ms. Brightwell is informed and
14  believes and based thereon alleges that Ms. Volk knew of McMillan's drug abuse
15  and failed to report it or notify Defendants' clients.

16  20. Furthermore, on the eve of trial in the O'Donnell Action, Ms.
17  Brightwell learned that two years prior, McMillan had been involved in a car
18  accident that caused him to suffer a traumatic brain injury ("TBI"). The TBI was so
19  severe, that McMillan had to effectively stop practicing law for several months, and
20  that others, including Ms. Volk, ran his practice for him while he was recovering.
21  On information and belief, McMillan never fully recovered from the TBI and
22  continues to have symptoms, such as mood swings, erratic behavior, and explosive
23  anger, today. Just a few days before trial in the O'Donnell Action was scheduled to
24  begin in March 2015, Defendants let slip that this was going to be the first trial
25  McMillan had done since the accident and that McMillan wasn't sure if he could
26  handle a trial at all, let alone a lengthy trial of a complex and emotional case such
27  as the O'Donnell Action. In fact, in the two weeks leading up to the March 2015
28  trial date, Defendants put great pressure on Brightwell to settle the O'Donnell

DINSMORE &
SHOHL LLP
SAN DIEGO

5.                    Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 7

Action for far less than the amount Defendants originally told Brightwell the case was worth. Cautious not to anger McMillan, Brightwell asked McMillan if he was "trying to get out of taking the case to trial." McMillan responded saying, "Are you asking if I am wussing out?" Brightwell shrugged and McMillan told her maybe he was but to be careful as "calling him out" could cause him to tank the case.

21. Additionally, on October 22, 2014, the Court in the O'Donnell Action issued a protective order that allowed for sensitive information such as company Quickbooks files, bank statements, credit card statements and employee payroll details to be produced as "Attorneys' Eyes Only," meaning only the attorneys and outside experts in the case and not the parties themselves could review the documents. On October 30, 2014, just eight days later, Defendants intentionally sent Ms. Brightwell information designated by O'Donnell as "Attorneys' Eyes Only" for her to review and analyze. Over two months later, Defendants asked Ms. Brightwell to destroy any record she had of receiving such Attorneys' Eyes Only information and never disclosed to O'Donnell's attorneys the violation of the protective order. But, Defendants still demanded that Ms. Brightwell review every exhibit marked for trial in the O'Donnell Action, including those marked Attorneys' Eyes Only.

22. On or about May 31, 2015, Defendants sent Brightwell an invoice for $59,689.27. This was the first invoice Defendants had sent her in nearly three months! Just eleven days later, on June 11, 2015, Defendants sent Brightwell an email demanding that she sign a substitution of attorney form because, understandably, she had not yet paid the invoice. Almost immediately thereafter, McMillan began threatening to file a motion to withdraw as counsel of record. Using this threat as leverage to force Brightwell to pay, he told Brightwell filing such a motion would almost certainly damage her position in the O'Donnell Action and the settlement discussions that the parties were currently engaging in.

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 8

23.     The Engagement Agreement states: "It is essential that you advise me promptly of any questions you may have so that I may resolve any difficulties as quickly as possible, and avoid any interference with our attorney-client relationship. You agree that if you have not informed me of questions or objections within forty-five calendar days after the date of a statement, that statement will be conclusively regarded as accepted and approved by you, and that you will not be entitled thereafter to object to that statement."   Nonetheless, on July 9, 2015, Defendants filed a motion to be relieved as counsel in the O'Donnell Action, less than 45 days after presenting Brightwell with the May 31 invoice.

24.     While the motion for withdrawal was pending, the parties in the O'Donnell Action continued settlement discussions.   During those discussions, Defendants continuously represented to Brightwell that they believed they could get the O'Donnell defendants to increase their settlement offers, but would only do so once Brightwell paid the outstanding invoice.   In response, Brightwell instructed Defendants to settle the case at the highest possible amount, but that she would accept the O'Donnell defendants' last best offer.   She further instructed Defendants that if they could not get the O'Donnell defendants to increase their offer prior to the hearing on Defendants' motion to withdraw as counsel of record, to accept the O'Donnell defendants' last best offer before the hearing.

25.     Defendants refused to abide by Brightwell's instructions.

26.     Ms. Brightwell's instructions to Defendants to accept the O'Donnell defendants' last best offer were the result of Defendants' negligence and unlawful conduct.   Early in the O'Donnell Action, Ms. Brightwell's expert estimated her damages at approximately $2 million.   Defendants routinely told Ms. Brightwell that they believed the O'Donnell defendants would pay nearly $1 million to settle the case.   But, due to her observations working in Defendants' office for four months, witnessing McMillan's drug abuse, and eventually learning of his TBI and lack of confidence in his own trial abilities, her confidence in Defendants' ability to

DINSMORE &
SHOHL LLP
SAN DIEGO

7.                    Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 9

<u>prosecute and potentially try the O'Donnell Action waned severely.  By the time</u> <u>the hearing on Defendants' motion to withdraw was near, Brightwell was afraid that</u> <u>if she did not accept the O'Donnell defendants' last best offer, she would lose at</u> <u>trial due to Defendants' incompetence.</u>

27.    On July 31, 2015, the court granted Defendants' motion to withdraw as counsel of record in the O'Donnell Action.  Within hours after the motion was granted, McMillan told Brightwell that Defendants were willing to stay on as counsel of record if Brightwell hired an attorney in Hawaii to supervise Defendants to make sure they were not taking advantage of Brightwell or committing malpractice.  Of course, this arrangement was unacceptable to Brightwell.

28.    On or about August 4, 2015, Brightwell retained the undersigned counsel to represent her in the O'Donnell Action.  On August 14, 2015, the parties to the O'Donnell Action agreed to a settlement in principal, and on November 19, 2015, the parties to the O'Donnell Action executed a settlement agreement.

29.    On or about August 28, 2015, Defendants sent their final invoice to Brightwell claiming for $64,922.59 in hourly attorneys' fees and costs plus an additional $87,000 for Defendants' purported contingency fee even though Defendants voluntarily withdrew from the O'Donnell Action prior to settlement for a total of $151,922.59 purportedly due and owing.

30.    A review of **all** of Defendants' invoices show numerous duplicative and unsubstantiated billing <u>entries during the course of the entire engagement</u>.  For example, there is a billing entry dated July 24, 2015, for two hours of McMillan's time drafting his motion to withdraw as counsel of record:

| 7/24/2015 SAM Draft/revise | | | |
|---|---|---|---|
| Draft/revise motion to withdraw. | | 2.00 | 450.00 |
| | | 225.00/hr | |

But, Defendants' motion to withdraw had already been filed 2 weeks prior, on July 9, and Defendants' own invoice shows that they filed their reply brief the day before, on July 23, 2015.

8.          Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 10

31.   As another example, on June 30, 2015, McMillan made the following time entries:

| 6/30/2015 | SAM | Communicat/CLI | | |
| | | Call to client. | 0.20 225.00/hr | 45.00 |
| | SAM | Communicat/MISC | | |
| | | Call to Marion Miller. Left message re effort to contact Lee. | 0.20 225.00/hr | 45.00 |

This is clear double-billing. McMillan is charging Brightwell twice for the same activity: once for attempting to contact Brightwell through a third party (Ms. Miller) and then again claiming he actually spoke with Brightwell.

32.   Similarly, on May 1, 2015, McMillan has two separate time entries for one hour each simply saying "Discussion with client." Brightwell did not have two separate one-hour conversations with McMillan on that date.

33.   Another example is on February 24, 2015, Volk has two time entries with the exact same description:

| 2/24/2015 | MV | Communicat/FIRM | | |
| | | Meeting with Scott to discuss the need for the purchase and sale documents of the Esparanza property in Chula Vista. Discuss Brians arguments in cross complaint re: same. Discuss the original plan that Brian would buy into the house, but did not have funds. Prepare email to Lee re: request for sale documents. | 0.20 200.00/hr | 40.00 |
| 2/24/2015 | | | | |
| | MV | Communicat/FIRM | | |
| | | Meeting with Scott to discuss the need for the purchase and sale documents of the Esparanza property in Chula Vista. Discuss Brians arguments in cross complaint re: same. Discuss the original plan that Brian would buy into the house, but did not have funds. Prepare email to Lee re: request for sale documents | 0.20 200.00/hr | 40.00 |

34.   Defendants also billed Brightwell for time they spent working on other cases. Defendants further inflated their bills by having multiple attorneys perform the same tasks, by failing to properly supervise young attorneys, and by charging Brightwell for time spent by other attorneys and staff having to re-do work.

9.

Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

DINSMORE &
SHOHL LLP
SAN DIEGO

Exhibit 1
Page 11

1   Defendants also concealed the amount of attorneys' fees and costs they were billing

2   by failing to present Brightwell with a bill for two and a half months.

3       35.    By inflating their bills, billing Brightwell for work unrelated to her

4   case, failing to follow Brightwell's instructions regarding settlement, and inducing

5   Brightwell to work onsite in Defendants' office, Defendants have breached the

6   Engagement Agreement, their fiduciary duties to Brightwell, and breached the duty

7   of care of a competent attorney.

8       36.    Since the parties to the O'Donnell Action settled that case, Defendants

9   informed the undersigned counsel that they claim a right to $151,922.59

10  ("Settlement Funds") in attorneys' fees and costs from the proceeds from the

11  settlement of the O'Donnell Action.   Defendants have retained $10,462.34 of

12  Brightwell's funds in their trust account.   The undersigned counsel, therefore, has

13  retained $141,460.25 in their trust account and will continue to do so until this

14  matter is resolved. There now exists a dispute between Brightwell and Defendants

15  as to the rights to the Settlement Funds.

### FIRST CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

18      37.    Brightwell incorporates by reference the above allegations as though

19  fully set forth herein.

20      38.    On or about September 29, 2014, Brightwell and Defendants entered

21  into the Engagement Agreement.

22      39.    By entering into the Engagement Agreement, Defendants agreed to

23  adequately and professionally handle the O'Donnell Action, to further and protect

24  the interests of Brightwell, and to charge Brightwell only honest and reasonable

25  fees.

26      40.    Brightwell has performed or, through Defendants' conduct, has been

27  excused from performing all conditions, covenants, and promises required of her

28  under the Engagement Agreement.

DINSMORE &
SHOHL LLP
SAN DIEGO

10.    Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 12

41.     As set forth above, Defendants have breached the Engagement Agreement by, among other things, <u>failing to perform their work with the requisite work and skill of qualified attorneys,</u> failing to abide by Brightwell's instructions pertaining to settlement of the O'Donnell Action, and inflating time entries for work performed, and double-charging Brightwell for tasks performed in the O'Donnell Action.

42.     As a proximate result of Defendants' conduct, Brightwell has been damaged in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Fraud Against All Defendants)**

43.     Brightwell incorporates by reference the above allegations as though fully set forth herein.

44.     Prior to and after executing the Engagement Agreement, Defendants represented to Brightwell that they would adequately and professionally handle the O'Donnell Action, to further and protect the interests of Brightwell, and to charge Brightwell only honest and reasonable fees.   <u>Prior to executing the Engagement Agreement, Defendants failed to inform Brightwell of McMillan's drug abuse, TBI, and lack of confidence in their ability to take the O'Donnell Action to trial.  In fact, to induce Brightwell to enter into the Engagement Agreement, Defendants represented that they had the skill and confidence to try the O'Donnell Action.</u>

45.     During the course of representing Brightwell in the O'Donnell Action, McMillan, on behalf of himself and all Defendants, represented to Brightwell that she needed to move to San Diego to work in Defendants' office for several months, and that doing so would result in higher quality legal work and lower costs.

46.     In addition, Defendants knowingly supplied Brightwell with fraudulent invoices.   Specifically, Defendants' invoices included duplicative entries, entries for work that was not performed, and/or entries in which time spent on tasks was inflated beyond the amount of time they actually spent on those matters.

DINSMORE &
SHOHL LLP
SAN DIEGO

11.     Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 13

47.     Defendants engaged in such fraudulent conduct so that they could (and ultimately did) unjustly increase their profits at Brightwell's expense.

48.     At the time Defendants made these representations and fraudulent billing entries, Defendants knew them to be false and made them with the intention to induce Brightwell to act in reliance on these representations and billing entries.

49.     In reliance on Defendants' representations <u>before and after entering into the Engagement Agreement and in reliance on Defendants'</u> billing entries, Brightwell took several actions including <u>entering into the Engagement Agreement,</u> moving to San Diego for several months and working at Defendants' office as well as paying Defendants over $115,000.

50.     As a proximate result of Defendants' conduct, Brightwell has been damaged in an amount to be proven at trial.

51.     Defendants engaged in such fraudulent conduct so that they could (and ultimately did) unjustly increase their profits at Brightwell's expense. This conduct was despicable and carried out with a conscious disregard of the legal rights of Brightwell. Defendants' conduct thus constituted malice, oppression, and/or fraud under California Civil Code section 3294.

### THIRD CAUSE OF ACTION

### (Professional Negligence Against All Defendants)

52.     Brightwell incorporates by reference the above allegations as though fully set forth herein.

53.     As alleged above, Defendants failed to exercise reasonable care and skill in performing legal services for Brightwell.

54.     Had Defendants exercised proper care and skill in the O'Donnell Action, Brightwell would have obtained a greater settlement in the O'Donnell Action and would not have had to incur additional attorneys' fees and costs to retain new counsel to settle the O'Donnell Action. Brightwell also would have paid Defendants less for their services in the O'Donnell Action because Defendants

12.      Case No. 16-cv-01696-W-MDD

DINSMORE &
SHOHL LLP
SAN DIEGO

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 14

1  would not have submitted duplicative, inflated, and fraudulent billing entries on

2  their invoices.

3      55.    As a proximate result of Defendants' conduct, Brightwell has been

4  damaged in an amount to be proven at trial.

5  **FOURTH CAUSE OF ACTION**

6  **(Breach of Fiduciary Duty Against All Defendants)**

7      56.    Brightwell incorporates by reference the above allegations as though

8  fully set forth herein.

9      57.    A fiduciary duty is a duty of the highest character.  Attorneys have a

10  duty of undivided loyalty to each of their clients, and must not put other interests,

11  including their own financial interests, ahead of the best interests of their clients.

12  This includes a fiduciary's duty to take such steps as are required to protect the

13  interests of the party to whom the fiduciary duty is owed.

14      58.    At all times herein, Defendants owed a fiduciary duty to Brightwell.

15  Brightwell had reasonably placed her trust and confidence in Defendants' fidelity

16  and integrity.  As alleged above, Defendants did not take reasonable steps to protect

17  the interests of Brightwell, to whom they owed a fiduciary duty, and in fact placed

18  their own interests and financial gain ahead of Brightwell's best interests.

19      59.    By nature of the conduct described above, Defendants breached the

20  fiduciary duties owed to Brightwell.

21      60.    As a direct and proximate result of the breach of fiduciary duty,

22  constructive fraud, actual fraud, and failure to follow Brightwell's instructions,

23  Brightwell has been damaged in an amount to be proven at trial.

24      61.    The conduct of Defendants, as more fully described above and

25  incorporated by reference herein, was despicable and carried out with a conscious

26  disregard of the legal rights of Brightwell.  The conduct of Defendants therefore

27  constituted malice, oppression, and/or fraud under California Civil Code section

28  3294.

13.        Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 15

### FIFTH CAUSE OF ACTION

### (Declaratory Relief Against All Defendants)

62.     Brightwell incorporates by reference the above allegations as though fully set forth herein.

63.     An actual controversy has arisen and now exists between Brightwell and Defendants concerning their respective rights to the Settlement Funds in that Defendants contend they are entitled to receive the entirety of the Settlement Funds, whereas Brightwell disputes these contentions and contends that she is entitled to receive the entirety of the Settlement Funds.

64.     Brightwell desires a judicial determination of her rights to the Settlement Funds, and a declaration that she is entitled to receive the entirety of the Settlement Funds.

65.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights to the Settlement Funds.

### PRAYER FOR RELIEF

WHEREFORE, Brightwell prays for judgment as follows:

1.     For general and special damages according to proof including, but not limited to, a refund of all amounts Brightwell paid to Defendants;

2.     For a declaration that she is entitled to receive the entirety of the Settlement Funds totaling $151,922.59;

3.     For prejudgment interest;

4.     For punitive damages in an amount sufficient to punish Defendants and to deter future willful misconduct by Defendants;

5.     For costs of suit herein; and

6.     For such other and further relief as the Court deems just and proper.

///

///

DINSMORE &
SHOHL LLP
SAN DIEGO

14.                    Case No. 16-cv-01696-W-MDD

FIRST AMENDED COMPLAINT

Exhibit 1
Page 16

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  December 7, 2016

DINSMORE & SHOHL, LLP

By: /s/ Joshua M. Heinlein
JOSHUA M. HEINLEIN (SBN 239236)
JOSEPH S. LEVENTHAL (SBN 221043)

Attorneys for Plaintiff
L. LEE BRIGHTWELL

15.                    Case No. 16-cv-01696-W-MDD

**FIRST AMENDED COMPLAINT**

Exhibit 1
Page 17

# EXHIBIT A

Exhibit 1
Page 18

# THE MCMILLAN LAW FIRM

Scott A. McMillan

A PROFESSIONAL CORPORATION
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230

Tel: (619) 464-1500
Fax: (206) 600-5095

Lee Brightwell

September 29, 2014

Delivered by email

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell* - San Diego County
Superior Court, Case No. Unassigned

Dear Ms. Brightwell:

I am pleased that I have been offered the opportunity to represent you, L. Lee
Brightwell, in your efforts to quiet title and other claims arising from your relationship
with BrianO'Donnell in the lawsuit titled *L. Lee Brightwell vs. RF Logistics, LLC, and
Brian O'Donnell* It has been my experience that a clear understanding of the terms of
representation is essential to a good relationship between attorney and client, and
Business and Professions Code section 6148 requires a written agreement in many
circumstances. Accordingly, this letter will confirm the terms under which I have agreed
to represent you. If these terms are acceptable, I ask that you indicate your agreement by
signing and returning a copy of this letter.

## *SCOPE OF SERVICES TO BE PROVIDED*

You have asked me to represent you in your pending action.

You agree that our representation of you, unless provided for in another
agreement, will be strictly limited to the scope described above. Our efforts to
successfully prosecute the claims, and/or defend against any counter-claims that the
defendants may assert directly arising from the boundary of the property, may implicate
other legal issues, such as matters of Family law, Tax law, Probate and Estate Planning
matters, Personal Injury, Immigration law, or Workers Compensation law. We will
provide <u>no</u> advice on these matters, and make no inquiry as to your rights or liabilities
regarding those issues. Unless an additional fee agreement is drafted referencing such
additional matters, You understand that we will take no responsibility for advising you or
acting as your attorney as to those other matters.

I will be pleased to consider performing additional or other services at your request
and, unless a new agreement is made, this fee agreement will apply to all matters I handle

Exhibit 1
Page 19

Re:    *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                              Page 2

───────────────────────────────────────────────────────────────

on your behalf or at your direction. I do, however, reserve the right to review and modify
the fee arrangements whenever the scope of our engagement is changed, and I may
require a new fee agreement if additional or other services are required.

## *REPORTING*

I understand that, in rendering services in this matter, I should report primarily to
You, until the resolution of this matter. If and when that changes you will so inform me.
We understand that as to my representation in *L. Lee Brightwell vs. RF Logistics, LLC,
and Brian O'Donnell* and related actions, you are authorized to instruct me on how to
proceed.

I ask that you remain in close contact with me, and that you be available to consult
with me as needed when developments occur. I also ask that you advise me immediately
of any problems or developments of which you may become aware relating to this matter
or our representation.

I will report regularly on the status of my work, and also will report significant
developments as they occur. It is also our practice to provide the client copies of all
pleadings and significant documents, letters and other materials that I generate or receive
so long as the client maintains an electronic means of receiving such documents.
Significant documents are electronically scanned, converted to a compatible format, and
transmitted through the Internet to the client. Generally, and unless specifically
requested, physical copies of documents are not made for the client. If you do request
physical copies of documents, you will be charged $.25 per page for each copy made. At
present, we do not charge for electronic copies of documents, which may be delivered to
you on CD Rom or by Internet.

## *WORK ASSIGNMENT*

I, Scott McMillan, will be the attorney at the firm primarily responsible for this
matter. I anticipate that most of the work in this matter will be done by me and my
associates Michelle Volk and Sean Smith. However, where it is to your advantage to do
so, I may also utilize the services of other lawyers, paralegals and law clerks. Work
assignments will be made, whenever possible, in a way that maximizes our legal
effectiveness and time efficiency, and minimizes your legal expenses. My goal is to
provide you with high-quality legal services in a cost-effective way.

## *FEES AND COSTS*

After the execution of this engagement letter, the minimum fee that will be
charged is $600. That amount is intended to compensate for administrative expenses

Exhibit 1
Page 20

Re:    *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                    Page 3

---

incurred in initializing a new litigation matter. The minimum charge will only be assessed if actual fees billed are less than $600.

By this letter I propose what will be considered a "blended partial contingency fee" contract for attorney services. Under either of the two scenario's I propose, You will be responsible for funding the expenses of the litigation apart from attorneys fees. The Firm will advance the fees associated with providing attorney services to you, with the expectation that the payment for the attorneys fees will be made from the proceeds of a settlement or judgment.

You agree by this letter to pay the legal fees of the Firm under the certain circumstances identified below. The presumptive rate is set forth below under column "Tier 2." **Other than as set forth below under the heading CONTINGENCY FEE COVENANTS,** the Firm agrees to provide a discounted rate Tier 1 to you conditioned upon prompt payment of outstanding bills. You agree to pay us for our attorneys fees as they are incurred according to the schedule set forth below. Absent the participation in the case of your insurer, you will be charged "Tier 1" rates. In the event that you do not tender payment of the bill in full within 30 days of mailing or transmission, all additional work will be charged at "Tier 2" rates until the past due amounts are brought current and the deposit is replenished to the initial amount set forth in this letter.

Exhibit 1
Page 21

Re:    *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                              Page 4

---

## HOURLY RATE SCHEDULE

|                                                                                   | Tier 1 | Tier 2 |
|-----------------------------------------------------------------------------------|--------|--------|
| Scott A. McMillan                                                                 | $ 225.00 | $ 375.00 |
| Michelle D. Volk                                                                  | $ 200.00 | $ 300.00 |
| Sean Smith                                                                        | $ 165.00 | $ 250.00 |
| Bryan C. Rho (Contract)                                                           | $ 210.00 | $ 275.00 |
| Litigation Associate II<br>(Lawyer with > 1 year in practice)                     | $ 140.00 | $ 195.00 |
| Litigation Associate Trainee<br>(Newly licensed attorney)                         | $ 120.00 | $ 156.00 |
| Law Clerk (2nd year or higher of law school)                                      | $ 100.00 | $ 130.00 |
| Paralegal (Cert)                                                                  | $ 95.00 | $ 123.50 |
| Legal Assistant                                                                   | $ 75.00 | $ 91.00 |
| Unclassified Support staff                                                        | $ 40.00 | $ 60.00 |
| Records and Case File Storage (Per Document Box / Each Month – Following resolution of the case.) | $ 6.00 | $ 10.00 |

### CONTINGENCY FEE COVENANTS

#### Scenario #1 – Rapid resolution by the defendants.

Specifically, at any time during the ninety days following the initial service of the complaint, which you will be notified of, you may elect to resolve the obligation to pay the Firm's fees payable under the contingency fee agreement set forth under scenario #2 by paying the amount of fees incurred and expenses advanced, according to the tiered schedule of rates set forth herein. The tier level to be determined will be based on your tender of the amount of fees due measured from the date of your election. Thereby, if the case resolves quickly, the attorneys fees  associated with the litigation may be less than the contingency amount described below.

#### Scenario #2   Long litigation project.

Specifically, the Firm will receive 20% of the proceeds from the sale of the business (exclusive of marketing expenses) and 20% of any damages recovered through the

Exhibit 1
Page 22

Re:  *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                                 Page 5

---

<u>lawsuit</u>. By this agreement, under that circumstance, You agree that at the resolution of the dispute, you will the business through a business broker, and sell the business in an arms-length transaction with You bearing all the broker fees, commissions, and listing expenses without discount to the Firm's fee, and as part of your 80% remainder.

If the case resolves favorably to you by way of motion or trial, under this agreement myself and the other attorneys who will provide legal services to you are entitled to ask for an award of attorneys fees at the close of the case, and you agree that to the extent that we are awarded an attorney fee, <u>we are entitled to keep those fees awarded and collected, minus the amount of fees you paid attributable to the hours for which the fees were awards</u>. By way of explanation, if the Court finds that 100 of the 500 hour spent working on the case were entitled to a fee award at the lodestar rate, the Firm will be entitled to the difference between the fees you paid for those specific hours and the lodestar rate determined by the court and awarded for those hours.

Besides the sale of the business, in addition the "contingency amount" shall be that amount that is determined by a Jury verdict and/or a Judge order, setting the amount of damages, fines, penalties, and/or restitution amount. The contingency amount shall not include any separately awarded attorneys fees. In the event that the case settles, the "contingency amount" will be the gross settlement proceeds, before subtracting any liens, costs, or litigation related expenses.

<u>Fees Due if the Case Resolves Through Settlement or Substitution</u>

The Firm proposes that in the event of a settlement or the substitution of another attorney instead of and in place of Myself to continue the litigation or settlement discussion efforts, You agree by signing this letter that The McMillan Law Firm, APC will recover the <u>greater</u> of (1) 20% of the value of the business and any damages recovered through the lawsuit, or (2) the Firm's total attorneys fees based on the hourly tier 2 rates set forth above. The Firm may, but is not required to and does not suggest that it will, choose to decrease its claim for attorneys fees based on time spent by Myself or employees of the Firm.

Thus, to the extent that you may desire to resolve the claim by way of settlement in an amount that does not take into account the work expended by the attorneys of the Firm, you will be expected to provide the difference upon an accounting and demand, unless that demand is waived by the Firm **in writing**.

<u>Fees due if the case is resolved on the merits by motion or trial.</u>

The Firm proposes that in the event that the case is resolved in your favor on the merits, either by motion or by trial, You agree by signing this letter that The McMillan

Exhibit 1
Page 23

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                                                           Page 6

---

Law Firm, APC will recover 20% of the value of the business and any damages covered through the lawsuit.

Likewise, in the event that the matter is resolved in your favor by a ruling on the merits, **apart from the contingency fee, and as additional compensation due the** Firm, the Firm will ask the Court for an award of attorneys fees based on its services. In the event that an award is made for attorneys fees, the Firm will be entitled to the court awarded attorneys fees plus the applicable percentage of the contingency amount rendered by the Court and or Jury as damages, fines, penalties and/or restitution. In any event, any award of fees made to the Firm will not be counted or considered in determining the recovery, as You agree that such a fee award is strictly the property of the attorney that provided the services from which the award is based upon.

<u>Case resolved as a result of your decision to abandon or discontinue the litigation.</u>

The Firm proposes that in the event that you abandon the litigation efforts, You agree by signing this letter that The McMillan Law Firm, APC will recover the <u>greater</u> of (1) 20% of the value of the business and any damages recovered through the lawsuit, or (2) the Firm's total attorneys fees based on the tier 2 hourly rates set forth above. The Firm may, but is not required to and does not suggest that it will, choose to decrease its claim for attorneys fees based on time spent by Myself or employees of the Firm.

You made a deposit of $10,000, into the lawyers trust account to be held in trust for you to pay for the costs associated with this litigation. No part of that money will be used to pay attorneys fees, unless and until the case is terminated through final judgment, settlement, abandonment, or termination of representation.

The $10,000 refundable deposit will be made upon engagement and will be replenished regularly to remain at $10,000, in order to be applied towards costs. Such costs will typically be spent on jury fees, filing fees, service fees, travel expenses, mileage charges, court reporters, fact and expert witness fees, postage or delivery expense in greater than $10 charges, copy charges invoiced by third party providers, etc. The Firm may elect to advance costs, but is not obligated under this agreement to do so. Any costs incurred will be subject to the discretion of the Firm. To the extent that the Firm does advance costs, you agree that the advance will be considered a loan to you, and you will be expected to repay that loan. You agree that apart from the initial deposit for costs, which the Firm will be entitled to spend for the services or fees described above, on your behalf, the Firm may also advance funds on your behalf in $500 increments without seeking prior approval.

To the extent that this case takes a typical course of litigation proceeding to trial, you should expect to invest by way of costs anywhere from $30,000 or more.

Exhibit 1
Page 24

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                                 Page 7

You understand that it is impossible to determine in advance the exact amount of fees or costs needed for a firm to complete the representation in any particular matter. The fees are computed on the basis of a reasonable charge for services rendered. The fees will be based upon our standard hourly rates, adjusted in accordance with the guidelines of the Rules of Professional Conduct of the State Bar of California.

The Firm's hourly rates for each attorney, paralegal and legal assistant are based on a variety of factors, including the experience and expertise of each individual. The rates are adjusted by the Firm from time to time, generally as of January 1 of each year. We will notify you of any changes in our rates. Our services in this matter will be billed to you at the hourly rate in effect for the period during which the services are rendered, in increments of 1/10th of an hour. The minimum increment that will be billed for each entry is 2/10th's of an hour. E-mail related time tracking is billed at a minimum increment of 1/10 of an hour.

With respect to the billing for the attorneys fees, You shall be billed for all time spent on your behalf. The services to be billed may include, but are not limited to research, writing letters, preparing documents and pleadings, reviewing documents and correspondence, telephone calls with you or on your behalf, conferences with you or with others on your behalf, and attendance at depositions, court hearings, arbitrations and trials. Time spent reading and responding to e-mails is also measured and billed.

In addition to hourly fees for professional services, you will be billed for expenses that will not be initially taken from the deposit for costs you submit. These charges include expenses incurred in work on this matter. Items that will be charged separately include messenger services, shipping, telecopies, computer assisted research and standardized charges for postage in amounts less than $10 for a single mailing, copying that is performed in the office, and telephone charges. The Firm will charge $.15 for all copies made on Firm copiers or laser printers. Charges are billed for copying, legal research and other services performed by law clerks and paralegals. In addition, the right to charge for secretarial and staff overtime when such overtime is necessitated by circumstances beyond our control, is reserved. Also, if significant costs to third-party providers will be incurred, i.e., in an amount over $250, you may be required to make direct payment to the provider of those services.

Besides time spent in travel, the Firm expects reimbursement and will bill for mileage at the then current IRS mileage. In the event that overnight travel is required, the Firm bills at the greater of IRS per diem rate or actual expense incurred.

Exhibit 1
Page 25

Re:  *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                              Page 8

---

## *DISCLAIMER OR GUARANTEE*

We do not and have not promised or guaranteed the outcome of this matter.  Any comments about the outcome of this matter are expressions of opinion only.

## *STATEMENTS*

Statements for fees and costs ordinarily are delivered within approximately the first two weeks of each month for services and costs posted during the preceding month. Services and costs not posted as of the monthly closing date will appear on a subsequent statement.  I recognize that most legal services are performed outside of the view of the client, and I therefore describe the services performed in some detail, so that you will understand fully the work done and the charges for that work.

If at any time more than thirty days have elapsed since you last received a statement, you may request an updated billing statement, which the firm will send to you within ten days after your request.

I will be pleased to discuss with you any questions about a statement, and to provide any additional explanation that you may require.  It is essential that you advise me promptly of any questions you may have so that I may resolve any difficulties as quickly as possible, and avoid any interference with our attorney-client relationship.  You agree that if you have not informed me of questions or objections within forty-five calendar days after the date of a statement, that statement will be conclusively regarded as accepted and approved by you, and that you will not be entitled thereafter to object to that statement.

## *DISPOSITION OF SETTLEMENT/JUDGMENT FUNDS*

Any proceeds collected from a settlement or by collection upon a judgment shall be paid jointly to You and the McMillan Law Firm, APC, to be deposited in the McMillan Law Firm's IOLTA trust account.

## *GRANT OF LIEN*

You grant the McMillan Law Firm, APC a security interest or lien in any recovery you achieve in this case.  The McMillan Law Firm, APC attorney's lien will be for any sums owing to attorney for any unpaid costs, or attorneys' fees, at the conclusion of McMillan Law Firm, APC's services. The lien will attach to any such recovery you may obtain, whether by arbitration award, judgment, settlement, refinance, sale, or otherwise. The effect of such a lien is that the McMillan Law Firm, APC may be able to compel payment of fees and costs from any such recovery, whether through escrow, levy, lien or

Exhibit 1
Page 26

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                                    Page 9

---

other, even if the McMillan Law Firm, APC has been discharged before the end of the case. Because a lien may affect your property rights, you have the right to seek the advice of independent counsel of your own choosing before agreeing to such a lien. By initialing this paragraph, you represent and agree that you have had a reasonable opportunity to consult with independent counsel, whether or not you chose to consult with independent counsel, and yet you still agree that the McMillan Law Firm, APC will have a lien as specified above.

*(signature)*                    (Client Initials)

### *TERMINATION OF REPRESENTATION*

You have the right to determine at any time that you do not wish me to provide further services. If at any time you do wish to terminate our representation, you should so advise me in writing.

Similarly, I have the right to withdraw from the representation at any time for any reason consistent with the California Rules of Professional Conduct, including any dispute about or failure to honor this fee agreement. If I decide to withdraw from the representation, I will so advise you in writing, and you agree that you will execute any necessary substitutions of counsel or other pleadings consenting to our withdrawal from any pending action.

In the event that the representation is terminated by either of us, I will then render a final statement of our fees and costs.

### *ARBITRATION*

I appreciate the opportunity to serve as your attorneys and look forward to a harmonious relationship. Should you become dissatisfied for any reason with the fees I have charged, I encourage you to bring that to our attention immediately. I will likewise bring to your attention any problem with fee payment. I believe that most problems can be resolved by good faith discussion between us. Should a fee dispute arise which cannot be resolved by discussion between us, I believe such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration rather than by court action.

Arbitration is a process by which both parties to a dispute agree to submit the matter to a neutral party who has experience in the area, and agree to abide by the arbitrator's decision.

Exhibit 1
Page 27

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                               Page 10

---

In arbitration, there is no right to a trial by jury, and the arbitrator's legal and factual determinations are generally not subject to appellate review. Rules of evidence and procedure are often less formal and less rigid than in a court trial. Arbitration usually results in a decision much more quickly than proceedings in court, and attorneys' fees and other costs incurred by both sides are substantially less.

Please feel free to discuss the advisability of arbitration with us or your independent counsel or any of your other advisors and to ask any questions that you may have.

During the arbitration process, the parties shall be entitled to take discovery in accordance with the provisions of the California Code of Civil Procedure, but either party may request that the arbitrator limit the amount and scope of such discovery and, in determining whether to do so, the arbitrator shall balance the need for this discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively. Any award resulting from such arbitration shall be binding upon the parties, and may be confirmed as a judgment of a court of competent jurisdiction in accordance with the laws of the State of California.

## *COLLECTION ACTION-VENUE*

In the event you fail to pay an arbitration award, you agree that jurisdiction and venue respecting such action shall be in San Diego County, California.

## *BINDING AGREEMENT*

The amount payable to an attorney by way of a contingency fee contract is not set by law in California. Rather, the terms of such a contract as this are negotiable. There are no fixed percentages. Indeed, preceding the tender of this contract in its present form, we have negotiated over the terms of the contract and I have made changes to the form and substance of this contract in comparison to what was originally proposed. This version of our agreement, in its present form, upon your signature below, will supercede anu prior oral discussion or writing regarding the terms of Your engagement of myself and the Firm.

Although I have set out the terms of our representation in the form of a letter, please understand that the agreement set out in this letter is a binding legal contract. If this agreement meets with your approval and accurately sets out your understanding of the terms of our representation, please have the authorized persons sign and return the enclosed copy of this letter. This letter sets out our entire agreement, and no modification of the terms of this agreement will be effective unless made in writing and signed by both

Exhibit 1
Page 28

Re:   *L. Lee Brightwell vs. RF Logistics, LLC, and Brian O'Donnell*
September 29, 2014                                                                     Page 11

---

you and I.

    If you have any questions concerning my fees and costs arrangement or procedures, or the scope of the legal services I will provide, please feel free to call me at any time. Again, I thank you for asking us to represent you. I appreciate your confidence and welcome the opportunity to be of service to you.

                    Very truly yours,

                    THE MCMILLAN LAW FIRM, A.P.C.

Dated: _____

                    _____
                    Scott A. McMillan
                    for the Firm

### *ACCEPTANCE AND APPROVAL*

    I accept and approve of the foregoing fee agreement. As this agreement encompasses an extension of credit, I authorize the McMillan Law Firm to access my credit records in order to determine my worthiness for the extension of credit, and provide my social security number for that purpose.

Dated: _____      Client: L. Lee Brightwell

               By: _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_____
               Social Security No.:
               California Drivers License:

### * AUTHORIZATION TO DESTROY RECORDS *

    I hereby authorize the McMillan Law Firm, APC, to destroy all records of this case after three years of non-activity.

Dated: _9-29-14_      Client: L. Lee Brightwell

               By: _____

Exhibit 1
Page 29

# EXHIBIT B

Exhibit 1
Page 30

Schedule of Payments to McMillan Law Firm

| Date | check # | Amount |
|---|---|---|
| 09/29/14 | wire transfer | $10,000.00 |
| 10/30/14 | 2004 | $15,000.00 |
| 10/28/14 | 2003 | $15.00 |
| 12/01/14 | 2009 | $10,000.00 |
| 12/05/14 | 2011 | $5,000.00 |
| 01/16/15 | 2026 | $12,125.65 |
| 02/17/15 | 2037 | $4,326.25 |
| 02/20/15 | wire transfer | $5,000.00 |
| 03/06/15 | 2040 | 15,138.55 |
| 03/24/15 | 2047 | 10,000.00 |
| 03/25/15 | 2048 | 13,446.91 |
| 04/14/15 | | 15,000.00 |
| | | |
| | | |
| Total | | $115,052.36 |

Exhibit 1
Page 31

# EXHIBIT "2"

Exhibit 2
Page 32

1  L. Lee Brightwell
   1534 Uluhaku Place
2  Kailua, Hawaii 96734
   Telephone: 808.206.1624
3  Email: notes4lee@hotmail.com

4
   L. Lee Brightwell, IN PRO PER
5

6

7
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                         FOR THE COUNTY OF SAN DIEGO
9

10
   L. LEE BRIGHTWELL                    )  Case No.: 37-2013-00046163-CU-BC-CTL
11                                       )  IMAGED FILE
                        Plaintiff,       )
12                                       )  Judge:  Hon. Timothy B. Taylor
        vs.                              )
13                                       )
   RF LOGISTICS, LLC; BRIAN O'DONNELL;   )  PLAINTIFF LEE BRIGHTWELL'S
14 and DOES 1 through 25, inclusive,     )  OPPOSITION TO SCOTT MCMILLAN'S
                                         )  ATTORNEY'S MOTION TO BE
15                                       )  RELIEVED OF COUNSEL
                        Defendants.      )
16                                       )  DATE:  July 31, 2015
                                         )  TIME:  1:30 PM
17                                       )  DEPT:  C-72
                                         )
18                                       )  Action Filed:  July 20, 2015
                                            Trial Date:  October 2, 2015
19

20  I.    CONFIDENTIALITY

21       I, L. Lee Brightwell, plaintiff in the case Brightwell v. RF Logistics, am a resident of Hawaii

22  and am currently living at 1534 Uluhaku Place, Kailua, HI 96734. I have registered to

23  appear at the July 31, 2015 hearing telephonically and confirmed permission to do so

24  through the court clerk. The specific facts that give rise to this opposition to the motion to

25  withdraw as counsel are confidential and required to be kept confidential pursuant to the

26  Business and Professions Code 6068(e), rule 3-100(A), California Rules of Professional

27  Conduct, and by attorney-client privilege (Evid. C., 950 et seq.). It is requested that, if

28  possible, the body of this opposition be viewed only by the court and the parties involved,

                                        - 1 -

1  specifically me, Lee Brightwell and Attorney, Mr. Scott McMillan.  The details provided

2  below and the supporting exhibits are being filed with this opposition as it is the only known

3  means in which I am aware to submit these facts and these documents for the courts review.

4  As I am at a great distance from San Diego and will be appearing telephonically, I will be

5  unable to physically present these documents at the time of the July 31, 2015 hearing.

6

7  **II.    INTRODUCTION**

8         I, L. Lee Brightwell, client of Attorney Scott McMillan, request that his motion to

9  withdraw as counsel be denied.  Mr. McMillan's withdrawal from this case would place a

10  hardship on my circumstances.  I hired Mr. McMillan because he had experience in winning

11  breach of contract cases, specifically oral contracts involving a man and a woman in a

12  business and romantic relationship.  <u>Mr. McMillan was the one attorney, of the seven I</u>

13  <u>interviewed and the three I have hired throughout my justice process, who saw the strong,</u>

14  <u>clear elements that prove the promise of my ownership in RF Logistics.</u>  He told me he

15  believed I deserved restitution for the abusive assault I endured.  He told me he understood

16  the validity of the labor code violations and the sexual harassment.  <u>He has spent eight</u>

17  <u>months compiling a strategy and the exhibits to prove my case.</u>  He is privy to confidential

18  information which I provided with the agreement it was for attorney eyes only. <u>The majority</u>

19  <u>of the case preparation is complete.</u> I have invested my money, time and faith in his work

20  and to have him withdraw now would create a material adverse effect.  I have vested my

21  money in Mr. McMillan.  I do not have the money to hire a new lawyer.

22         The motion should be denied because Mr. McMillan is using it as a means to

23  pressure me, his client, into paying an outrageous invoice of $99, 314.51 for the period

24  February 20 – May 31, 2015.  I have always assured Mr. McMillan that I will pay for his

25  representation. I have paid in full all billings as of March 15, 2015 totaling $100,000 in

26  attorney fees. In addition, I have paid expert witness, deposition, and videography fees

27  exceeding $26,000 directly to those providers.  Mr. McMillan submitted a 74 page invoice

28  on May 31, 2015, ten weeks after his last bill on March 15, 2015.  Invoice #10810, [see

- 2 -

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Exhibit 2
Page 34

Exhibit A], contains duplicate billing from the previous invoice, added charges to the previous billing period, charges associated with other client work, duplicate charges, unapproved work, charges for training new staff and internal management, and excessive charges for rework. The format of the invoice listed a previous balance of $15, 138.55 when in fact all amounts due to The McMillan Law Firm including the March 15 Invoice, #10848, for $23,446.91 were paid in full by March 25, 2015, with no monies still owed and $15,000 remained in trust.  Due to the complexity, length, and amount of the current billing, I have requested additional time to review and to identify non-approved charges. I have also requested an amendment to my fee agreement with McMillan Law firm as I am no longer able to pay in full immediately when an invoice, especially one in this amount is presented. Mr. McMillan has refused to discuss or offer an alternative payment plan, instead insisting on immediate payment in full.  He is using this motion to withdraw as my counsel to extort fees he knows I cannot pay immediately, thereby leaving me stranded without representation [see Exhibit B – email from McMillan to Heffernan, subject: Discussion with Heffernan, dated July 10, 2015].

### III.   HISTORY OF ENGAGEMENT

I engaged The McMillan Law Firm on September 29, 2014 [see Exhibit C, McMillan/Brightwell Engagement Letter]. I have paid Mr. McMillan $115,000.00 to date, for representation covering a seven month period, which includes $10,000.00 currently in his trust account. I voluntarily, prior to receiving an invoice, gave him payment on April 14, 2015 of $15,000.00 in good faith. Mr. McMillan carried $30,000.00 in his trust account until May 8, when, with my approval, he applied $15,000.00 to the billing he had yet to complete. Mr. McMillan is using this invoice to create the false impression that I have not been paying him promptly.  Mr. McMillan presents an invoice and immediately demands payments. I have paid all invoices within a 10 day period of receiving them, often sooner due to his badgering [see Exhibit D, Schedule of Payments].

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Exhibit 2
Page 35

1    I have never told Mr. McMillan that I would not pay him.  I have repeatedly told Mr.

2    McMillan that I will pay him.

3    After emailing invoice # 10810 on May 31, just eleven days later Mr. McMillan sent

4    me another email, dated June 11, 2015, requesting I sign a substitution of attorney form as I

5    had not paid the bill. Mr. McMillan has used this punitive strategy multiple times in the past

6    to threaten withdrawal of his representation in order to make demands on either bill payment

7    or for onsite participation in case preparation.  He has sent me a substitution of attorney

8    form on December 13, 2014 and on January 6, 2015. No matter what the issue, when he is

9    not getting his way, he immediately defaults to quitting.

10    Mr. McMillan knew, when he was hired, that I lived in Hawaii, and intended to

11    continue living in Hawaii, traveling to San Diego as court appearances required. Mr.

12    McMillan misinterpreted my agreement to assist in the case preparation to mean onsite, in

13    his office, daily work.  I did willingly travel to San Diego for a two week period in October

14    to help review the case files and ensure all files had been transferred from previous council

15    when I first hired Mr. McMillan.  My understanding was that I would work on exhibit

16    gathering and case documents as needed from Hawaii as I had for previous attorneys, while

17    continuing to search for employment.  Ultimately, at Mr. McMillan's forceful insistence, I

18    have spent 4 months of the six month trial prep period, working in his office, and living in

19    San Diego.  His promise was that my active participation would result in a better quality

20    case and in lower attorney fees. These demands on my time and living location have made it

21    difficult to obtain full time employment, affecting my ability to continue paying his fees.

22    <u>Mr. McMillan was ready to go to trial on March 27, 2015, the date Judge Prager, and</u>

23    <u>the Defendant agreed to at the October 22, 2014 trial continuance hearing.  Due to</u>

24    <u>unforeseen circumstances, an open court and an available Judge did not materialize</u> by the

25    end of April 2015.  Mr. McMillan's trial schedule was full for the remaining summer

26    months and he was not available for trial again until October 2015.  I shared with Mr.

27    McMillan, as early as January 2015, that I had the financial resources to make it to trial by

28    April 15, 2015, but could not see a way to go any further. I explained again in March and

- 4 -

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Exhibit 2
Page 36

1   April, as we waited for a Judge and courtroom, that I could not extend beyond April 15,

2   2015 with the current fee agreement. Mr. McMillan remained inflexible then, as he is today,

3   insisting on an agreement that can no longer be honored. He has refused my offer to make

4   monthly payments on the balance in order to proceed and make it to the October 2, 2015

5   trial date.

6       For nearly a month he continued to threaten to file for withdrawal and explained to

7   me that if he proceeded with filing his motion to withdraw that it would damage my case.

8   He knew, or had reason to have known, that his filing would negatively impact ongoing

9   settlement negotiations [see Exhibit E, email from McMillan to Brightwell, subj: RE:

10  Brightwell v. RF Logistics, LLC ..., dated July 9, 2015]. With this knowledge, he purposely

11  sent Defendant's counsel copies of his filings and copied me on that email on July 10 [see

12  Exhibit F, email from McMillan to Heffernan, Subj: Brightwell – per your request of

13  documents that were filed electronically, dated July 10, 2015]. Mr. McMillan has an ethical

14  obligation to advocate on my behalf. He has violated this obligation by filing this motion

15  and aggressively communicating it to Defense counsel. Settlement negotiations have now

16  shut down.

17      Mr. McMillan's fee agreement, if I understand it correctly, allows him to withdraw

18  from the case while reserving his rights to collect his 20% contingency fee and/or Tier 2

19  attorney fees, without doing the work to represent me at trial. I request that his motion to

20  withdraw be denied and he continue to fulfill his commitment to represent me at this trial.

21

22  **IV.   TIMELINESS OF MOTION**

23      Mr. McMillan's actions have put me at a disadvantage. The trial date is imminent

24  and it is too late to change horses now, this late in the race. It would be unwise to hire

25  anyone new this late in the game with trial in sixty-three days from this hearing. Mr.

26  McMillan, and his co-counsel, Michelle Volke, know the facts of my case, have spent time

27  to organize and compile the case exhibits and develop the strategy to present a compelling

28  case. I have confidence that The McMillan Law Firm is the best choice to represent me at

- 5 -

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Exhibit 2
Page 37

trial in this case at this time. The trial has been continued five times and I pray to the court that the October 2, 2015 trial date will actualize. A change in representation would not be in my best interest in this case as a new attorney would require more than sixty days to prepare for trial and likely request a continuance, increasing costs. Cost aside, distance and physical location make finding alternative quality representation in San Diego an overwhelming and enormously difficult task.

## V.    CONCLUSION

I have paid a total of $20,000 toward Invoice #10810. That is a substantial sum. $15,000.00 was paid on April 14, more than a month before I received the invoice. Another $5,000 was released from trust on July 1, as a good faith payment, prior to full review of the bill. Mr. McMillan has put me between a rock and a hard place by refusing to negotiate a payment plan. He collected $100,000.00 over a 6 month period, and then sent a bill he knew I could not pay in order to take his money and run, leaving me with nowhere to turn and no way to pay a new attorney.

Mr. McMillan has knowledge of confidential information that is extremely embarrassing and was provided to him by me as attorney eyes only. The nature of this confidentiality makes involving new counsel undesirable and emotionally invasive.

I pray to the court to deny Mr. McMillan's motion to withdraw. At all times he has communicated to me that this action centers on non-payment, yet payments have been made and made throughout the engagement in an expeditious manner. There is no reason for Mr. McMillan to believe he will not receive payment.

DATED: July 20, 2015

_Your Signature_
L. Lee Brightwell
In Pro Per

- 6 -

INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

Exhibit 2
Page 38

# EXHIBIT "3"

Exhibit 3
Page 39

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CENTRAL DIVISION

DEPARTMENT 72                    HON. TIMOTHY B. TAYLOR, JUDGE

| | |
|---|---|
| L. LEE BRIGHTWELL, | Case No. 37-2013-46163 |
| Petitioner, | Motion Hearing |
| vs. | |
| RF LOGISTICS, LLC, ET AL., | |
| Respondent. | |

***SEALED***

REPORTER'S TRANSCRIPT OF PROCEEDINGS

San Diego, California

July 31, 2015

(Pages 1 - 17, Inclusive)

ANNE M. ZARKOS, RPR, CRR, CSR NO. 13095
OFFICIAL REPORTER PRO TEMPORE
SAN DIEGO SUPERIOR COURT

Exhibit 3
Page 40

```
 1    APPEARANCES:

 2
        FOR THE McMILLAN LAW FIRM:
 3
          THE McMILLAN LAW FIRM
 4        BY:  SCOTT McMILLAN, ESQ.
          4670 Nebo Drive, Suite 200
 5        La Mesa, California  91941

 6
        FOR THE PLAINTIFF {TELEPHONICALLY}:
 7
          L. LEE BRIGHTWELL, IN PROPRIA PERSONA
 8        1534 Uluhaka Place
          Kailua, HI  96734
 9

10                           ***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

Exhibit 3
Page 41

1

1      <u>SAN DIEGO, CALIFORNIA; FRIDAY, JULY 31, 2015</u>

2                    \*\*\*

3      **MR. McMILLAN:**  Your Honor, Ms. Pick is my assistant.

4      **THE COURT:**  She's welcome to come forward.

5  Ms. Brightwell?

6      **MS. BRIGHTWELL:**  Yes, Your Honor.

7      **THE COURT:**  Are you on the telephone?

8      **MS. BRIGHTWELL:**  I am.  Can you hear me?

9      **THE COURT:**  Yes, I can hear you loud and clear.

10  Stand by, we have an administrative task we need to take up.

11      Okay.  Now, the Court requested of Mr. McMillan that

12  he arrange for a court reporter, and he's brought one of the

13  best in the city, Ms. Zarkos.

14      I assume, Ms. Brightwell, that you have no objection

15  to the proceedings being reported.  Is that true?

16      **MS. BRIGHTWELL:**  I'm sorry, will they be made

17  public?

18      **THE COURT:**  No, no.  The transcript will be under

19  seal just like your opposition and Mr. McMillan's reply.

20      **MS. BRIGHTWELL:**  Oh, then no, I do not have any

21  objection.

22      **THE COURT:**  I'm granting the request and appointing

23  Ms. Zarkos to report these proceedings.

24      Now, Ms. Brightwell, you are calling from beautiful

25  islands of Hawaii; is that true?

26      **MS. BRIGHTWELL:**  Yes, Oahu.

27      **THE COURT:**  Aloha.

28      **MS. BRIGHTWELL:**  Aloha.

Exhibit 3
Page 42

2

```
 1          THE COURT:  You should understand, Madam, that the
 2   courtroom has been cleared.  The only persons present are
 3   Mr. McMillan and his colleague, court staff, and --
 4          MS. BRIGHTWELL:  I'm sorry.  Who is the colleague
 5   who is present?
 6          MR. McMILLAN:  Josephine Pick.  She is my current
 7   French intern.
 8          MS. BRIGHTWELL:  I couldn't hear that.
 9          THE COURT:  Use the lectern.  That's the mic for
10   CourtCall.
11          MR. McMILLAN:  Thank you, Your Honor.
12          Josephine Pick, she's my current French intern.
13          THE COURT:  Okay.  So Ms. Brightwell, I need you to
14   understand that I have read since the tentative ruling that I
15   published in this case -- which as I understand it was sent to
16   you by Mr. McMillan -- your response to his motion for leave
17   to withdraw, and his reply to your response.  I trust that has
18   also been sent to you.  Is that true?
19          MS. BRIGHTWELL:  It has, Your Honor.
20          THE COURT:  Good.  All right.
21          Mr. McMillan, you are the moving party.  I should be
22   pleased to hear from you first.
23          MR. McMILLAN:  Thank you, Your Honor.
24          THE COURT:  Yes.  And do use the the microphone
25   there on the lectern if you please.  If you prefer to be
26   seated, just move it over to the table.
27          MR. McMILLAN:  I will do that, and then I'll have
28   access to the papers.
```

Exhibit 3
Page 43

3

 1          THE COURT:  Yes.

 2          MR. McMILLAN:  Your Honor, Ms. Brightwell and I have

 3   had a series of conversations over the last couple days and

 4   communications trying to bridge our differences in this

 5   matter.  It's with some -- I don't like being in a position

 6   where I'm leaving the court with a case, particularly one like

 7   this where there's so much involved, and just walking away.

 8   So we have tried to work things out.  We have not been able to

 9   do so at this time.

10          So my -- I would rely on the reply dec, that it

11   is -- the payment issues are still a problem.  We haven't

12   achieved an agreement, a resolution on that.  And although I

13   believe that there's possibly one that could be reached, it's

14   not there yet.  And I don't know that it's going to be

15   achieved unless there is an indication from the Court as to

16   which way -- whether I would be relieved from -- whether I'd

17   be allowed to withdraw in the face of not being paid according

18   to the agreement.

19          THE COURT:  Can you refresh me on the dimensions of

20   the payment problem?

21          MR. McMILLAN:  Yes.  We have a mixed contingency fee

22   and hourly payment.

23          THE COURT:  That much I remember.  I was looking for

24   a dollar amount.

25          MR. McMILLAN:  It's -- I'm currently -- I've billed

26   Ms. Brightwell approximately $65,000 that's outstanding.

27   We've spoken about reducing that.  There was a reduction.

28   There's still a significant amount that's at stake.

Exhibit 3
Page 44

4

 1          And my position was that if -- you know, we need to
 2   get over that, or there needs to be further information
 3   provided by Ms. Brightwell if I'm going to make further
 4   concessions.  That's where we're at on that.
 5          **THE COURT:**  So this is a situation where you are
 6   hesitant to proceed to trial when you're already in arrears
 7   and do not have, shall we say, a warm and fuzzy feeling about
 8   getting paid in the future.
 9          **MR. McMILLAN:**  That's right.  And if I'm not -- if
10   I'm not getting further assurances, which I've requested from
11   Ms. Brightwell that I will be paid and she intends to pay
12   rather than not paying me, I believe that I have a basis for
13   withdrawal.
14          And so Ms. Brightwell, I understand her belief is
15   that we're so close to trial that the Court will compel me to
16   put on the trial for -- you know, just because I'm here.  So
17   that's my presentation.
18          **THE COURT:**  All right, sir.  Thank you.
19          Is payment the only issue?  In other words, are
20   there other differences other than your dissatisfaction with
21   her not honoring, from your perspective, her financial
22   obligations to you and your firm?  Are there other differences
23   in terms of strategy or tactics or anything along those lines?
24          **MR. McMILLAN:**  The -- we've had -- we have
25   communication -- we've had -- various times in the engagement,
26   we've had communications break down where Ms. Brightwell
27   refuses to communicate with me.
28          **THE COURT:**  I read in your declaration that you

Exhibit 3
Page 45

5

1    thought she was screening your calls.

2          MR. McMILLAN:  Yes, for days would not return my

3   calls, would not return my texts, would not respond to my

4   emails.  And I just don't think -- that's not -- that's not

5   allowed in Scott's world with my clients.  I want to have an

6   ongoing relationship with them and ongoing stream of

7   communication, and particularly when we have something that's

8   close enough to trial, you know, where there's something

9   that's of this magnitude that's going on, I need to be in

10   communication.

11          And if I think somebody is just off the radar and I

12   have to start calling their family members because I'm

13   concerned something has happened to them, I think that that's

14   unreasonable that I should have to go to that length, when it

15   turns into just an annoyance to actual concern because they're

16   not talking to me.  And I don't think I should have to worry

17   about that.  And that has happened in this case.  So that's an

18   unreasonable burden, I think, for me as a lawyer to take on

19   with -- and particularly in a business litigation instance

20   where people are businesspeople.

21          And then the other -- the other issue is there's

22   been -- as of recent, there's been some strategy positions.

23   But I answer to -- I work for Ms. Brightwell.  She's the

24   client.  It's her -- what the case -- if the case is going to

25   settle or what it's going to settle for or whether it's going

26   to go to trial or something, ultimately when I'm not in

27   conflict with her, I have to do what she says.

28          I mean, she is -- right now I'm in a bad position in

Exhibit 3
Page 46

6

1   that I have a fee dispute with her, and there's potential

2   settlement out there and I feel conflicted at the moment.  I

3   feel like I really -- I'm in a bad spot because I do not want

4   to be accused of later on -- of throwing her case under the

5   bus for less than it was worth just because I wanted to get my

6   money.

7           So I am in a state of suspense here where I really

8   can't -- I don't feel comfortable doing what I believe should

9   be done.  So that's what this has put us into.  And I believe

10   it's all based on the fact that Ms. Brightwell believes that

11   she can stop paying me and the Court will compel me to do the

12   trial.  So I really need some clarification on that.

13           **THE COURT:**  All right.  Thank you, sir.

14           Ms. Brightwell?

15           **MS. BRIGHTWELL:**  Yes, Your Honor.  I'm really trying

16   to be sure where to start with responding to that.

17           **THE COURT:**  Well, let me just start you with the

18   13th amendment.

19           **MS. BRIGHTWELL:**  Okay.  I don't know it.

20           **THE COURT:**  Section One, Barred Involuntary

21   Servitude.  It was enacted in 1865 in the wake of the

22   Civil War.  If you think that you can require Mr. McMillan to

23   serve you involuntarily, that's a misunderstanding of the

24   rule.

25           **MS. BRIGHTWELL:**  Oh, Your Honor, I would never do

26   that to anyone.  That has never been my behavior in this case.

27   And that is really an outlandish accusation from Mr. McMillan.

28   I know he's hoping to plead and have sympathies on the Court,

Exhibit 3
Page 47

7

1   but my past payment schedules and my current offerings, he has
2   refused payments that I have tried to send him recently.   I
3   have never asked him to do something for free, and I've always
4   assured him that I will pay him for his services.   So I -- is
5   there more on that Amendment you want to advise me on?

6          **THE COURT:**   No, no.   I just -- he made a point of
7   expressing to the Court that he believes that you hold the
8   belief that once a lawyer appears for a client, that lawyer
9   can never withdraw; and that's not the rule.

10         **MS. BRIGHTWELL:**   Oh, of course not.   Your Honor,
11  I've worked for years as a consultant.   I would have the same
12  attitude that I wouldn't continue work for a client that
13  wasn't going to pay me.   And there has never been a time that
14  I have told Mr. McMillan that I would not pay him.

15         The situation that has arisen right now is that
16  after having paid Mr. McMillan $115,000 over the course of six
17  months, he took over ten weeks to pull together his last
18  billing.   So he agreed and said it should be pulled together
19  every 30 days.

20         In the meantime, I voluntarily handed him a check
21  for $15,000 well before he pulled it together.   In fact, it
22  was on April 14th that I handed him that money.   He then put
23  it into his trust account, which then totaled $30,000.   He sat
24  on that $30,000 until he put the bill together on May 31st.

25         In May 31st, I was presented with a 74-page bill
26  that reached back into the entire billing which had already
27  been paid, had new additions in there, the billing.   There
28  were duplicate charges, double billing.   There's other client

Exhibit 3
Page 48

8

1    charges, and then there's a great deal of charges that have to
2    do with the rework and the redundancy caused by the high
3    turnover in Mr. McMillan's office.
4         I'm in an unusual situation, I believe, than most
5    clients.  Mr. McMillan demanded that I leave Hawaii, leave my
6    home and come and work in his office for much of the time that
7    this case has been put together.  My personal interest is in
8    assisting as much as possible, as I know my case better than
9    others, and anything that I can do to help is great.  But
10   having to live temporarily in friends' houses for a total of
11   four months during the six-month process wasn't easy.
12        I had the advantage then of being inside
13   Mr. McMillan's office and watching the operations.  So when I
14   speak to you about redundancies and high turnover and rework
15   and chaotic conditions, I speak from an eyewitness point of
16   view.
17        And while all offices perhaps have their own
18   idiosyncrasies, and perhaps this is the way Mr. McMillan is,
19   it's just not something I think I need to pay for.  I'm okay
20   with doing something the first time and doing it right, but
21   not over and over.
22        In Mr. McMillan's fee agreement, he speaks of
23   contradiction {ph}.  And his last bill represents a great deal
24   of charges that don't back up part of the agreement.  And
25   that's the part we are in contention about.
26        I have to say that his approximation of $65,000 in a
27   difference is not true at all.  This Tuesday, I was able to
28   send him the adjusted bill and said that the 99,000 that he

Exhibit 3
Page 49

9

1  had presented me with on May 31st should accurately come in
2  around 60,000.  Of that 60,000, I've already paid 44,000.  And
3  then I sent a check for the balance of that and asked if he
4  would take that, as long as we could come up with a new fee
5  agreement so that I could pay over time instead of being
6  demanded to pay everything immediately.
7          Anyway, he is not in agreement with that.  And he
8  doesn't even offer any options.  And he won't accept anything
9  but demands that he be paid in full.
10         I am at three years now on this justice process.
11 Prior to even hiring Mr. McMillan, I had already spent 140,000
12 on attorney fees.  Now with Mr. McMillan's fees already paid
13 at 115,000 plus an additional 26,000 I paid directly in
14 business experts and depositions, Mr. McMillan did not take on
15 any of those charges.  I'm close to 300,000.  You know, have
16 my funds been whittled down?  Have my life savings been
17 whittled down?  Certainly.  Am I looking for some other
18 leeway, some other idea of how to pay, pay on a payment plan?
19 Yes.  I haven't been able to get anywhere with him.
20         Is this a good time to address the case that he
21 presented his reply?
22         THE COURT:  This is a good -- the only time,
23 actually.
24         MS. BRIGHTWELL:  All right.  Well, then I would just
25 like to say that Mr. McMillan's points at providing all the --
26         THE COURT:  Madam, stop, stop, stop.  You're
27 reading, it's clear to me, and Ms. Zarkos can't keep up when
28 people are live and in person, let alone when they're on the

Exhibit 3
Page 50

10

1    phone.  I need you to slow down.

2          **MS. BRIGHTWELL:**  Will do.

3          Mr. McMillan points to *Prince* as providing all the

4    justification necessary to permit his permissive withdrawal.

5    However, the situation in *Prince* isn't analogous to this

6    situation that we're faced with today.  The key difference

7    between the situation in *Prince* and the one here is that

8    Mr. Prince made it perfectly clear that he had no money or way

9    to pay the attorney.  That has never been the issue here.

10          The issue here is that Mr. McMillan has demanded

11    that he be paid within ten days.  He, in fact, has sent me a

12    Substitution Of Attorney form within 11 days of having sent me

13    this bill, immediately causing contention and immediately did

14    not want us to work out this bill or to do anything

15    collaborative.  There is no such demand in his fee agreement.

16          I refused to comply with that and informed

17    Mr. McMillan that I needed time to review his voluminous bill

18    for accuracy, having found this one inclusive of duplicate

19    charges and charge for other clients' work, and specifically

20    in this case because of the the outlandishly high dollar

21    amount.

22          In this case where he presented me with a bill of

23    99,000 for ten weeks of work, I simply asked for additional

24    time while providing him with a substantial partial payment.

25    I'd given him over $20,000 immediately prior to even reviewing

26    the bill and have offered an additional 15,000 immediately for

27    what I believe is the full balance of accrued charges.

28    However, Mr. McMillan has made it clear to me time and time

Exhibit 3
Page 51

11

1   again that it's either going to be his way or no way.

2       I'm asking Your Honor to give, under the California

3   Rule of Professional Conduct 3-70082, which states, "A member

4   shall not withdraw from employment until the member has taken

5   reasonable steps to avoid reasonably foreseeable prejudice to

6   the rights of the clients."

7       THE COURT:  Well, he did that, though.  He -- right

8   as he was making his motion for leave to withdraw, he came in

9   here and gave me a vigorous argument on the motions in limine.

10      MS. BRIGHTWELL:  Yes.  I agree with you, he did.

11  And it was very successful, another reason why Mr. McMillan

12  should stay on the case.  He's being paid, and he's doing a

13  good job.

14      However, right before he filed this motion --

15  sorry -- immediately following filing this motion, he sent

16  information to the other side letting them know that he was

17  having an issue with his client as opposed to keeping it

18  confidential.

19      THE COURT:  Well, but he has to file publically the

20  motion for leave to withdraw.

21      MS. BRIGHTWELL:  That's fine, and I think that's up

22  to them to discover that if they're watching for it.  But to

23  so aggressively make sure that they know about it --

24      THE COURT:  Oh, he has to -- no, that's not how it

25  works.  Anything he files with the Court he's required to

26  serve on the other side.

27      MS. BRIGHTWELL:  I understand and agree.  I put an

28  exhibit in my opposition showing how that was handled.

Exhibit 3
Page 52

12

1          So Mr. McMillan's actions, though, over the last

2     three weeks have significantly threatened the viability of my

3     lawsuit.  He was aware of the danger that posed and completely

4     disregarded the threat of that danger in pursuit of his

5     relief.

6          Again, it must be noted that I never refused to pay

7     Mr. McMillan but instead demanded he discuss the

8     reasonableness of some of his outlandish charges with me.

9     Because I never refused to pay the fees.  Rule 3 --

10         **THE COURT:**  Ma'am, hold on a second.  Let me ask you

11    a question:  If you were sitting in my seat and someone was

12    using the adjective "outlandish," would you not conclude that

13    irreconcilable differences have arisen between attorney and

14    client?

15         **MS. BRIGHTWELL:**  I do not believe so.  I believe --

16    I believe that Mr. McMillan -- hmm, I'm not sure how to say it

17    in the kindest way -- has just very intentionally included

18    expensive charges.  And I believe I can show those to you on

19    the documents.  I don't -- I don't think a --

20         **THE COURT:**  I do not propose to adjudicate the

21    dispute over fees.  That's for some other time and some other

22    place.

23         **MS. BRIGHTWELL:**  I totally understand and agree that

24    it's more of an understanding if I'm going to use a word like

25    "outlandish," why I would use that.

26         I have been receiving Mr. McMillan's bills since --

27    I hired him in October, so November, December, January,

28    February, and March.  And at times I have had issues with some

Exhibit 3
Page 53

13

1  of the things in the bill and he is frequently inflexible

2  about some of those charges.  But they have been paid.

3         And for him to insist or believe that I am not

4  paying now or that I cannot continue to pay just in some other

5  manner is not true.  And it's not reasonable.  But he has

6  convinced himself this and continues to repeat it.

7         We've had a conversation very recently as to some of

8  the charges, and he was beginning to negotiate.  So to have

9  him withdraw now over something that is going to take time to

10  figure out, I think it's too premature.

11         **THE COURT:**  Okay.  Thank you, ma'am.

12         Sir, anything further?

13         **MR. McMILLAN:**  Your Honor --

14         **MS. BRIGHTWELL:**  Your Honor?

15         **THE COURT:**  Yes?

16         **MS. BRIGHTWELL:**  I had a couple more points that I

17  thought were really important.

18         **THE COURT:**  Well, Ms. Brightwell, I don't have the

19  luxury of time here.  I have sent 20 lawyers out in the

20  corridor.  I mean, this is not the only case that I have.  I

21  need you to make your points quickly.

22         **MS. BRIGHTWELL:**  Then my last point is that in

23  anticipation of this hearing and not knowing how it would go,

24  I asked Mr. McMillan to please communicate that I would expect

25  the last settlement figures from defense.  And for the the

26  last few days, he's refused to forward that information.

27         And I believe that his backing me into a corner here

28  and putting this information out there has put me in a very

Exhibit 3

Page 54

14

1   negative and harmful position, and that the only way to
2   briefly state that or recover that and move forward is to deny
3   his motion to withdraw.  His claims are not true.
4           **THE COURT:**  Okay.  Ma'am, I just do not think that
5   it is appropriate for either side to use the pendency of a
6   motion for leave to withdraw and frankly use the Court as
7   leverage for deciding whether to accept or reject a settlement
8   offer in the underlying case.  I just decline the invitation
9   to be used in that fashion.  I have a motion that has been
10  presented to me; my duty is to decide it.
11          **MS. BRIGHTWELL:**  I see.  I am merely saying that the
12  best way to continue with the representation we've had is for
13  him to continue and to move forward with it either with trial
14  or with settlement, or whichever direction it goes in.  But to
15  quit now is to do undue harm to me.  And his claims are not
16  valid.
17          **THE COURT:**  Okay.  Anything further?
18          **MS. BRIGHTWELL:**  (Inaudible).
19          **THE COURT:**  What did you say?
20          **MS. BRIGHTWELL:**  No, thank you.
21          **THE COURT:**  All right.  Thank you.
22          Mr. McMillan?
23          **MR. McMILLAN:**  Your Honor, I am always ready to work
24  on my bills.  If there's a problem on my bills -- as I said in
25  my thing, she's pointed out that there are errors and I told
26  her I'd correct them and sent back a markup after I received
27  it.  But I have not used this as a settlement lever to -- I
28  believe that that would be something that is not right.

Exhibit 3
Page 55

15

1            I don't want to use this -- Ms. Brightwell, I don't

2    want to go into the conflict.  But as I said earlier on, I

3    feel like I'm being placed in conflict by this, being asked to

4    make settlement judgments or nonjudgments during the pendency

5    of this motion.  It puts me in a very difficult place.  And

6    I've explained that to Ms. Brightwell.

7            And anyway, my request, Your Honor, as you've heard

8    the evidence on this, you've heard both of us present our

9    evidence.  If Ms. Brightwell is willing to delay this or agree

10    with me on this, is that we request that the Court put its

11    decision over for a week and --

12           **THE COURT:**  What's that going to solve?

13           **MR. McMILLAN:**  I don't know.  I'm just hoping that

14    something can -- I don't know.  I have not been in this

15    position before, Your Honor.

16           **THE COURT:**  Okay.  Well, it's a regrettable

17    position.  It's uncomfortable for the Court.  It's

18    uncomfortable for both sides.  I get that.  But it is crystal

19    clear to this Court that the relationship of trust and

20    confidence that must exist for an effective attorney-client

21    relationship to go forward, particularly on the cusp of trial,

22    is not present in this case.  An irreconcilable difference has

23    arisen between counsel on the one hand and client on the

24    other.  And it justifies the granting of the motion, and the

25    motion is hereby granted.  And Mr. McMillan is given leave to

26    withdraw.

27            Now, I am making this effective upon the filing of a

28    proof of service of this order that I have now signed.  In

Exhibit 3
Page 56

16

```
 1  other words, the withdrawal is not effective if the proof of
 2  service is never filed.  If between now and the time for trial
 3  no proof of service is filed, the withdrawal is not effective.
 4            MR. McMILLAN:  Understood.
 5            THE COURT:  That gets you what you just suggested
 6  you wanted, which is maybe a little more time to kick this
 7  around.  If the proof of service never gets on file, the
 8  withdrawal is not effective and you remain counsel of record.
 9            MR. McMILLAN:  Understood, Your Honor.
10            THE COURT:  If, on the other hand, the proof of
11  service is filed, then the withdrawal is effective, and
12  Ms. Brightwell is in propria persona, with a pending trial
13  date of October 2 in this department.
14            Madam, I have to write on the order your current
15  address and telephone number so that your adversary, that is
16  counsel opposing Mr. McMillan, can contact you in the event
17  that a withdrawal becomes effective.  What is it?
18            MS. BRIGHTWELL:  1534 Uluhaku Place.
19            THE COURT:  You're going to need to spell that for
20  me and Ms. Zarkos.
21            MS. BRIGHTWELL:  U-l-u-h-a-k-u, It's one word,
22  Place.
23            THE COURT:  Go ahead.
24            MS. BRIGHTWELL:  Kailua, k a i --
25            THE COURT:  That one I got.
26            MS. BRIGHTWELL:  Oh.  Hawaii 96734.
27            THE COURT:  Phone number?
28            MS. BRIGHTWELL:  (808)206-1624.
```

Exhibit 3
Page 57

17

1        **THE COURT:**  Okay.  The order has been signed.  I've

2   filled in the missing information from it, and it is ordered

3   filed.  Again, the withdrawal is not effective until a proof

4   of service of the service of this order has been filed with

5   the Court.

6        **MR. McMILLAN:**  Understood, Your Honor.

7        **THE COURT:**  Deputy, would you bring the other

8   parties waiting for their hearings back into the courtroom,

9   please.  Thank you both.

10        **(THE PROCEEDINGS WERE ADJOURNED.)**

11                        **\*\*\***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3
Page 58

```
 1                    CERTIFICATE OF REPORTER

 2

 3    STATE OF CALIFORNIA )

 4                        )

 5    COUNTY OF SAN DIEGO )

 6

 7

 8          L. LEE BRIGHTWELL vs. RF LOGISTICS, LLC, ET AL.

 9                  CASE No. 37-2013-46163

10                     JULY 31, 2015

11

12          I, ANNE M. ZARKOS, RPR, CRR, CSR NO. 13095, AN

13    OFFICIAL REPORTER PRO TEMPORE IN THE SUPERIOR COURT OF THE

14    STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO,

15    HEREBY CERTIFY THAT I MADE A SHORTHAND RECORD OF THE

16    PROCEEDINGS HAD IN THE WITHIN CASE AND THAT THE FOREGOING

17    TRANSCRIPT IS A FULL, TRUE, AND CORRECT TRANSCRIPTION OF THE

18    PROCEEDINGS IN THIS CASE.

19          DATED THIS 12TH DAY OF OCTOBER 2015.

20

21

22                     ANNE M. ZARKOS, RPR, CRR
                       CSR NO. 13095
23

24

25

26

27

28
```

Exhibit 3
Page 59

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2016 MAY 23 P 3:53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Heather L. Rosing, Bar No. 183986
2  Daniel S. Agle, Bar No. 251090
   KLINEDINST PC
3  501 West Broadway, Suite 600
   San Diego, California  92101
4  (619) 239-8131/FAX (619) 238-8707
   hrosing@klinedinstlaw.com
5  dagle@klinedinstlaw.com

6  Attorneys for
   THE MCMILLAN LAW FIRM, APC and
7  SCOTT A. MCMILLAN

MAY 23 '16 PM 4:28

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF SAN DIEGO - CENTRAL DIVISION

10

11  L. LEE BRIGHTWELL, an individual,       Case No.    37-2013-00046163-CU-OE-CTL

12              Plaintiff,                  **STIPULATION TO UNSEAL FILINGS AND
                                            TRANSCRIPT AND [~~PROPOSED~~] ORDER
13         v.                               THEREON**

14  RF LOGISTICS, LLC; BRIAN               IMAGED FILE
    O'DONNELL; and DOES 1 through 25,
15  inclusive.                             Dept:         C72
                                           Judge:        Timothy B. Taylor
16              Defendants.                Complaint Filed:  April 25, 2014
                                           Trial Date:   None set
17

18         Plaintiff L. Lee Brightwell and her former attorney or record, Scott A. McMillan, by and

19  through their respective counsel, hereby stipulate to the unsealing of the briefing and transcript

20  related to the July 31, 2015 motion to be relieved as counsel, heard in the above captioned

21  matter, as follows:

22         WHEREAS, Scott A. McMillan, former counsel for Plaintiff L. Lee Brightwell in the

23  above captioned matter, filed a motion to be relieved as counsel on July 9, 2015 (ROA#s 238-

24  243);

25         WHEREAS, this Court ordered that Plaintiff's opposition papers (ROA# 249) and Mr.

26  McMillan's reply papers (ROA# 250) related to that motion be sealed because privileged matters

27  were discussed therein (ROA# 263);

28  ///

                                          1
STIPULATION TO UNSEAL FILINGS AND TRANSCRIPT AND [PROPOSED] ORDER THEREON

Exhibit 3
Page 60

1    WHEREAS, this Court cleared the courtroom at the July 31, 2015 *in camera* hearing on

2    the motion to be relieved and ordered the transcript sealed in light of the privileged matters

3    discussed (ROA# 263);

4    WHEREAS, on April 28, 2016, Plaintiff filed an action against Mr. McMillan, San Diego

5    Superior Court Case No. 37-2016-00013972-CU-PN-CTL, and asserts causes of actions related

6    to Mr. McMillan's representation and withdrawal in the above captioned matter;

7    WHEREAS, by filing the action against Mr. McMillan, the attorney-client privilege has

8    been waived consistent with Evidence Code section 958;

9    WHEREAS, in light of the waiver of the attorney-client privilege, the overriding interest

10   that justified the sealing of the briefing and the transcript no longer exists;

11   WHEREAS, based upon the foregoing, Plaintiff and Mr. McMillan agree that the briefing

12   related to the motion to be relieved and the July 31, 2015 transcript of the *in camera* hearing

13   should be unsealed;

14   THEREFORE, it is hereby stipulated and agreed that:

15   1.    The opposition papers filed by Plaintiff (ROA# 249) should be ordered unsealed;

16   2.    The reply papers filed by Mr. McMillan (ROA# 250) should be ordered unsealed;

17   and

18   3.    The transcript of the *in camera* proceedings heard on July 31, 2015, should be

19   ordered unsealed.

20   It is so stipulated.

21                                              DINSMORE & SHOHL LLP

22

23   DATED: May 23, 2016                        By: _____

24                                              Joshua M. Heinlein
                                                Attorney for Plaintiff
25                                              L. LEE BRIGHTWELL

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

                                        2
_____
STIPULATION TO UNSEAL FILINGS AND TRANSCRIPT AND [PROPOSED] ORDER THEREON

Exhibit 3
Page 61

KLINEDINST PC

DATED: May 23, 2016

By: _____
Heather L. Rosing
Daniel S. Agle
Attorneys for THE MCMILLAN LAW
FIRM, APC; and SCOTT A. MCMILLAN

## ORDER

Good cause having been shown, it is hereby ordered that:

1.      The opposition papers filed by Plaintiff (ROA# 249) are hereby unsealed;

2.      The reply papers filed by Mr. McMillan (ROA# 250) are hereby unsealed; and

3.      The transcript of the *in camera* proceedings heard on July 31, 2015, is hereby unsealed.

IT IS HEREBY ORDERED.

DATED:   5/25/16

_____
Hon. Timothy B. Taylor
Judge of the Superior Court

18661291v1

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

3

STIPULATION TO UNSEAL FILINGS AND TRANSCRIPT AND [PROPOSED] ORDER THEREON

Exhibit 3
Page 62

Heather L. Rosing, Bar No. 183986
Daniel S. Agle, Bar No. 251090
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dagle@klinedinstlaw.com

Attorneys for Defendant
THE MCMILLAN LAW FIRM, APC; SCOTT
A. MCMILLAN and MICHELLE D. VOLK

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2016 MAY 23  P 3: 53

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

MAY 23 '16 PM 4:28

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO - CENTRAL DIVISION

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual, | Case No.    37-2013-00046163-CU-OE-CTL |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | IMAGED FILE |
| RF LOGISTICS, LLC; BRIAN O'DONNELL; and DOES 1 through 25, inclusive, | Dept:    C72<br>Judge:    Timothy B. Taylor<br>Complaint Filed:    April 25, 2014<br>Trial Date:    None set |
| Defendants. | |

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, and my business address is 501 West Broadway, Suite 600, San Diego, California.

On May 23, 2016, I caused to be served the following documents:

**STIPULATION TO UNSEAL FILINGS AND TRANSCRIPT AND [PROPOSED] ORDER THEREON**

☐    **VIA FACSIMILE TRANSMISSION:** (Code Civ. Proc. §§ 1013(e) and (f)): From fax number (619) 238-8707 to the fax numbers listed below and/or on the attached service list. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine.

1

**PROOF OF SERVICE**

Exhibit 3
Page 63

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

☐   **VIA ELECTRONIC TRANSMISSION:** Complying with an agreement with all parties, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission was unsuccessful. My electronic service address is aday@klinedinstlaw.com. A copy of the sent email will be maintained with the original document(s) in our office. (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, Rule 2.251)

☐   **VIA ELECTRONIC FILING SERVICE:** Complying with Code of Civil Procedure section 1010.6, my electronic business address is aday@klinedinstlaw.com and I caused such document(s) to be electronically served through the _____ system for the above-entitled case to those parties on the Service List maintained on its website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

☒   **VIA MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

☒   **BY FIRST-CLASS MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

☐   **BY OVERNIGHT DELIVERY (Code of Civ. Proc. §§ 1013(c) and (d))**

☐   **BY CERTIFIED RETURN RECEIPT MAIL (Code of Civ. Proc. §§ 1013 and 1013(a))**

| | |
|---|---|
| Joshua M. Heinlein, Esq.<br>Joseph S. Leventhal, Esq.<br>Dinsmore & Shohl LLP<br>655 West Broadway, Suite 840<br>San Diego, California 92101 | 619-356-3518/FAX 619-615-2082<br>Joshua.heinlein@dinsmore.com<br>Joseph.leventhal@dinsmore.com<br>Attorneys for Plaintiff L. Lee Brightwell |
| Scott McMillan, Esq.<br>The McMillan Law Firm<br>4670 Nebo Drive, Suite 200<br>La Mesa, California 91941 | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 23, 2016, at San Diego, California.

Andrea M. Day

16651285v1

2

**PROOF OF SERVICE**

Exhibit 3
Page 64

# EXHIBIT "4"

Exhibit 4
Page 65

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | | |
|---|---|---|---|---|
| Case Number: | 37-2013-00046163-CU-BC-CTL | | Filing Date: | 04/25/2013 |
| Case Title:. | Brightwell vs. RF Logistics LLC [IMAGED] | | Case Age: | 879 days |
| Case Status: | Dismissed | | Location: | Central |
| Case Category: | Civil - Unlimited | | Judicial Officer: | Timothy Taylor |
| Case Type: | Breach of Contract/Warranty | | Department: | C-72 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| No future events | | | |

## Participants

| Name | Role | Representation |
|---|---|---|
| Brightwell, L Lee; AKA : Brightwell, L Lee | Plaintiff, Cross - Defendant | HEINLEIN, JOSHUA M; Leventhal, Joseph S |
| O'Donnell, Brian | Defendant, Cross - Complainant | Berger, Harvey C; Brown, Jay D; FRIEDENTHAL, DANIEL R; Heffernan, Kevin N |
| RF Logistics LLC | Defendant, Cross - Complainant | Berger, Harvey C; Brown, Jay D; FRIEDENTHAL, DANIEL R; Heffernan, Kevin N |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| BERGER, HARVEY C | POPE BERGER WILLIAMS & REYNOLDS LLP 401 B Street 2000 San Diego CA 92101 | (619) 234-1222 |
| BROWN, JAY D | 155 N Lake 430 Pasadena CA 911011848 | |
| FRIEDENTHAL, DANIEL R | FRIEDENTHAL HEFFERNAN & KLEIN LLP 155 North Lake Avenue 430 Pasadena CA 91101 | (626) 628-2800 |
| HEFFERNAN, KEVIN N | 155 N Lake Avenue 430 Pasedena CA 91101 | |
| HEINLEIN, JOSHUA M | DINSMORE & SHOHL LLP 655 W Broadway Suite 840 San Diego CA 92101 | (619) 356-3518 |
| LEVENTHAL, JOSEPH S | DINSMORE & SHOHL LLP 655 W Broadway 840 San Diego CA 92101 | (619) 356-3518 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 04/25/2013 | Complaint filed by Brightwell, L Lee. Refers to: RF Logistics LLC; O'Donnell, Brian | Brightwell, L Lee (Plaintiff) |
| 2 | 04/25/2013 | Original Summons filed by Brightwell, L Lee. Refers to: RF Logistics LLC; O'Donnell, Brian | Brightwell, L Lee (Plaintiff) |
| 3 | 04/25/2013 | Civil Case Cover Sheet filed by Brightwell, L Lee. Refers to: RF Logistics LLC; O'Donnell, Brian | Brightwell, L Lee (Plaintiff) |
| 4 | 04/26/2013 | Summons issued. | |
| 5 | 04/25/2013 | Case assigned to Judicial Officer Prager, Ronald. | |
| 6 | 04/26/2013 | Civil Case Management Conference scheduled for 10/11/2013 at 01:00:00 PM at Central in C-71 Ronald S. Prager. | |
| 7 | 04/26/2013 | Case initiation form printed. | |
| 8 | 05/02/2013 | Proof of Service of 30-day Summons & Complaint - Personal filed by Brightwell, L Lee. Refers to: RF Logistics LLC | Brightwell, L Lee (Plaintiff) |
| 9 | 05/02/2013 | Proof of Service of 30-day Summons & Complaint - Personal filed by Brightwell, L Lee. Refers to: O'Donnell, Brian | Brightwell, L Lee (Plaintiff) |
| 10 | 05/02/2013 | Certificate of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |

Exhibit 4
Page 66

San Diego Superior Court      Case: 37-2013-00046163-CU-BC-CTL      Title: Brightwell vs. RF Logistics LLC [IMAGED]

| | | | |
|---|---|---|---|
| 11 | 06/12/2013 | Demurrer / Motion to Strike scheduled for 08/30/2013 at 10:00:00 AM at Central in C-71 Ronald S. Prager. | |
| 12 | 06/13/2013 | Motion to Strike filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Defendant); RF Logistics LLC (Defendant) |
| 13 | 07/01/2013 | The Civil Case Management Conference was rescheduled to 10/09/2013 at 01:00:00 PM in C-71 before Ronald S. Prager at Central. | |
| 14 | 07/01/2013 | Civil Case Management Conference scheduled for 10/09/2013 at 01:00:00 PM at Central in C-71 Ronald S. Prager. | |
| 15 | 08/19/2013 | Opposition to Noticed Motion and Supporting Declarations (to Motion to Strike) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 16 | 08/23/2013 | Reply to Opposition - Other (reply brief in support of Motion to Strike portions of the complaint) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 17 | 08/29/2013 | Tentative Ruling for Demurrer / Motion to Strike published. | |
| 18 | 08/30/2013 | Minutes finalized for Demurrer / Motion to Strike heard 08/30/2013 10:00:00 AM. | |
| 19 | 08/30/2013 | Miscellaneous Minute Order Finalized. | |
| 20 | 08/30/2013 | Clerks Certificate of Service By Mail (MINUTE ORDER OF 8/30/13) filed by Superior Court of San Diego. | Superior Court of San Diego (Interested Party) |
| 21 | 09/13/2013 | Answer filed by RF Logistics LLC; O'Donnell, Brian. Refers to: Brightwell, L | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 22 | 09/13/2013 | Cross-Complaint filed by RF Logistics LLC; O'Donnell, Brian. Refers to: Brightwell, L | RF Logistics LLC (Cross - Complainant); O'Donnell, Brian (Cross - Complainant) |
| 23 | 09/24/2013 | Case Management Statement filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 24 | 09/24/2013 | Notice of Jury Fee Deposit filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 25 | 09/24/2013 | Request for Dismissal without Prejudice - Cause of Actions (Sixteenth and Seventeenth Cause of Action as to all Defendants) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 26 | 09/24/2013 | Notice of Jury Fee Deposit filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Cross - Complainant); O'Donnell, Brian (Cross - Complainant) |
| 27 | 09/24/2013 | Case Management Statement filed by RF Logistics LLC. | RF Logistics LLC (Defendant) |
| 30 | 10/09/2013 | Civil Jury Trial scheduled for 04/25/2014 at 08:45AM before Judge Ronald S. Prager. | |
| 31 | 10/09/2013 | Trial Readiness Conference (Civil) scheduled for 04/11/2014 at 09:00AM before Judge Ronald S. Prager. | |
| 32 | 10/09/2013 | Minutes finalized for Civil Case Management Conference heard 10/09/2013 01:00:00 PM. | |
| 33 | 10/09/2013 | Notice of Hearing SD generated. | |
| 34 | 10/09/2013 | Notice of Hearing SD generated. | |
| 35 | 10/18/2013 | Answer filed by Brightwell, L Lee. | Brightwell, L Lee (Cross - Defendant) |
| 36 | 10/18/2013 | Proof of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Cross - Defendant) |
| 37 | 10/21/2013 | Association of Attorney filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Cross - Complainant) |
| 38 | 01/14/2014 | Ex Parte scheduled for 01/29/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 39 | 01/24/2014 | Ex Parte scheduled for 01/28/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 40 | 01/24/2014 | Ex Parte scheduled for 01/28/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager was vacated. | |
| 41 | 01/28/2014 | Ex Parte scheduled for 01/29/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager was vacated. | |

San Diego Superior Court    Case: 37-2013-00046163-CU-BC-CTL    Title: Brightwell vs. RF Logistics LLC [IMAGED]

| 43 | 01/29/2014 | Civil Case Management Conference scheduled for 02/21/2014 at 01:00PM before Judge Ronald S. Prager. | |
| 44 | 01/29/2014 | Miscellaneous Minute Order Finalized. | |
| 45 | 01/24/2014 | Substitution of Attorney filed by Brightwell, L Lee. | Brightwell, L Lee (Cross - Defendant) |
| 46 | 02/10/2014 | Stipulation - Other - Fee Due (Stip & Order re Protective Order) filed by Brightwell, L Lee; O'Donnell, Brian. | Brightwell, L Lee (Plaintiff); O'Donnell, Brian (Defendant) |
| 47 | 02/07/2014 | Case Management Statement filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 48 | 02/10/2014 | Case Management Statement filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 49 | 02/11/2014 | Proof of Service by Mail filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 52 | 02/21/2014 | Civil Jury Trial scheduled for 08/15/2014 at 08:45AM before Judge Ronald S. Prager. | |
| 53 | 02/21/2014 | Trial Readiness Conference (Civil) scheduled for 08/01/2014 at 09:00AM before Judge Ronald S. Prager. | |
| 54 | 02/21/2014 | Minutes finalized for Civil Case Management Conference heard 02/21/2014 01:00:00 PM. | |
| 55 | 02/21/2014 | Notice of Hearing SD generated. | |
| 56 | 02/21/2014 | Notice of Hearing SD generated. | |
| 57 | 02/28/2014 | Amended Complaint filed by Brightwell, L Lee. Refers to: RF Logistics LLC; O'Donnell, Brian | Brightwell, L Lee (Plaintiff) |
| 58 | 03/24/2014 | Ex Parte scheduled for 04/01/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 59 | 03/28/2014 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 60 | 03/28/2014 | Notice of Lodgment filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 61 | 04/01/2014 | Minutes finalized for Ex Parte heard 04/01/2014 08:15:00 AM. | |
| 62 | 04/03/2014 | Civil Jury Trial scheduled for 04/25/2014 at 08:45:00 AM at Central in C-71 Ronald S. Prager was vacated. | |
| 63 | 04/03/2014 | Trial Readiness Conference (Civil) scheduled for 04/11/2014 at 09:00:00 AM at Central in C-71 Ronald S. Prager was vacated. | |
| 64 | 04/15/2014 | Answer filed by RF Logistics LLC; O'Donnell, Brian. Refers to: Brightwell, L | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 65 | 05/01/2014 | Ex Parte scheduled for 05/06/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 66 | 05/05/2014 | Ex Parte scheduled for 05/06/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager was vacated. | |
| 67 | 06/04/2014 | Ex Parte scheduled for 06/11/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 68 | 06/09/2014 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 73 | 06/11/2014 | Trial Readiness Conference (Civil) continued pursuant to party's motion to 10/24/2014 at 09:00AM before Judge Ronald S. Prager. | |
| 74 | 06/11/2014 | Civil Jury Trial continued pursuant to party's motion to 11/07/2014 at 08:45AM before Judge Ronald S. Prager. | |
| 75 | 06/11/2014 | Minutes finalized for Ex Parte heard 06/11/2014 08:15:00 AM. | |
| 76 | 06/11/2014 | Notice of Rescheduled Hearing SD generated. | |
| 77 | 06/11/2014 | Notice of Rescheduled Hearing SD generated. | |
| 78 | 07/15/2014 | Notice - Other (of unavailability of counsel from 7/17/14 through 7/28/14) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 79 | 08/21/2014 | Ex Parte scheduled for 08/25/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |

Exhibit 4
Page 68

San Diego Superior Court      Case 37-2013-00046163-CU-BC-CTL   Title: Brightwell vs. RF Logistics LLC [IMAGED]

| 80 | 08/22/2014 | Ex Parte scheduled for 08/25/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 81 | 08/22/2014 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 82 | 08/22/2014 | Ex Parte Application - Other and Supporting Documents filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 87 | 08/25/2014 | Trial Readiness Conference (Civil) continued pursuant to party's motion to 11/14/2014 at 09:00AM before Judge Ronald S. Prager. | |
| 88 | 08/25/2014 | Civil Jury Trial continued pursuant to party's motion to 11/21/2014 at 08:45AM before Judge Ronald S. Prager. | |
| 89 | 08/25/2014 | Minutes finalized for Multiple Events heard 08/25/2014 08:15:00 AM. | |
| 90 | 08/25/2014 | Notice of Rescheduled Hearing SD generated. | |
| 91 | 08/25/2014 | Notice of Rescheduled Hearing SD generated. | |
| 92 | 09/25/2014 | Notice of Jury Fee Deposit submitted by RF Logistics LLC rejected on 09/25/2014. | RF Logistics LLC (Defendant) |
| 93 | 10/02/2014 | Substitution of Attorney filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 94 | 10/06/2014 | Ex Parte scheduled for 10/22/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 95 | 10/13/2014 | Notice of Jury Fee Deposit filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 96 | 10/21/2014 | Ex Parte Application - Other and Supporting Documents (To Continue Trial for hearing on a Motion for Terminating Sanctions for Failure to Comply with a Discovery Order and to Reopen the Deposition of Brian O'Donnell.) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 97 | 10/21/2014 | Declaration - Other (of Scott A McMillan in Support of Ex Parte) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 98 | 10/21/2014 | Declaration - Other (of L Lee Brightwell in Support of Ex Parte Application) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 99 | 10/21/2014 | Declaration - Other (of Nikolas T Djordjevski in Support of Ex Parte) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 100 | 10/21/2014 | Declaration - Other (Declaration of Nikolas T Djordjevski) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 101 | 10/22/2014 | Appointment of Official Reporter Pro Tempore (Dana Saruk, CSR#10653, 619-884-6411) filed by The Superior Court of San Diego. | |
| 106 | 10/22/2014 | Trial Readiness Conference (Civil) continued pursuant to party's motion to 03/13/2015 at 09:00AM before Judge Ronald S. Prager. | |
| 107 | 10/22/2014 | Civil Jury Trial continued pursuant to party's motion to 03/27/2015 at 08:45AM before Judge Ronald S. Prager. | |
| 108 | 10/22/2014 | Minutes finalized for Ex Parte heard 10/22/2014 08:15:00 AM. | |
| 109 | 10/22/2014 | Notice of Rescheduled Hearing SD generated. | |
| 110 | 10/22/2014 | Notice of Rescheduled Hearing SD generated. | |
| 111 | 10/24/2014 | Notice - Other (notice of continued trial and trial readiness conference dates) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 112 | 10/30/2014 | Ex Parte scheduled for 11/12/2014 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 113 | 11/10/2014 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 114 | 11/12/2014 | Appointment of Official Reporter Pro Tempore (Dana Saruk, 10653, 619-884-6411) filed by The Superior Court of San Diego. | |
| 115 | 11/12/2014 | Minutes finalized for Ex Parte heard 11/12/2014 08:15:00 AM. | |

Exhibit 4
Page 69

San Diego Superior Court        Case: 37-2013-00046163-CU-BC-CTL    Title: Brightwell vs. RF Logistics LLC [IMAGED]

| 116 | 11/12/2014 | Declaration - Other (Declaration of Jay D. Brown in Response to Plaintiff's Ex Parte Discovery Conference) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
|---|---|---|---|
| 117 | 12/22/2014 | Ex Parte scheduled for 01/05/2015 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 118 | 12/29/2014 | The Ex Parte was rescheduled to 01/06/2015 at 08:15:00 AM in C-71 before Ronald S. Prager at Central. | |
| 119 | 12/29/2014 | Ex Parte scheduled for 01/06/2015 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 120 | 01/06/2015 | Appointment of Official Reporter Pro Tempore (Dana Saruk, CSR#10653, 619-884-6411) filed by The Superior Court of San Diego. | |
| 121 | 01/05/2015 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 122 | 01/05/2015 | Opposition - Other (to Third Ex Parte Discovery Conference) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Defendant); RF Logistics LLC (Defendant) |
| 123 | 01/06/2015 | Minutes finalized for Ex Parte heard 01/06/2015 08:15:00 AM. | |
| 124 | 01/13/2015 | Notice of Change of Address / Telephone Number (and firm name) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 125 | 02/20/2015 | Ex Parte scheduled for 03/02/2015 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 126 | 02/25/2015 | The Ex Parte was rescheduled to 03/03/2015 at 08:15:00 AM in C-71 before Ronald S. Prager at Central. | |
| 127 | 02/25/2015 | Ex Parte scheduled for 03/03/2015 at 08:15:00 AM at Central in C-71 Ronald S. Prager. | |
| 128 | 03/02/2015 | Ex Parte Application - Other and Supporting Documents filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 129 | 03/03/2015 | Opposition - Other (Plaintiff Lee Brightwell's Opposition to Defendant's Ex Parte Application For Order for Commission to Issue A Trial Subpboena in Hawaii to Pacific Access Mortgage) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 130 | 03/03/2015 | Minutes finalized for Ex Parte heard 03/03/2015 08:15:00 AM. | |
| 131 | 03/03/2015 | Order - Other (Commission For Issuance of a Subpoena to Produce Records At Trial) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 132 | 03/13/2015 | Joint Trial Readiness Conference Report filed by Brightwell, L Lee; RF Logistics LLC; O'Donnell, Brian. | Brightwell, L Lee (Plaintiff); RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 133 | 03/13/2015 | Advance Trial Review Order filed by Brightwell, L Lee; RF Logistics LLC; O'Donnell, Brian. | Brightwell, L Lee (Plaintiff); RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 134 | 03/13/2015 | Minutes finalized for Trial Readiness Conference (Civil) heard 03/13/2015 09:00:00 AM. | |
| 135 | 03/23/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 136 | 03/23/2015 | Motion in Limine (5 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 137 | 03/23/2015 | Motion in Limine (7of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 138 | 03/23/2015 | Motion in Limine (6 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 139 | 03/23/2015 | Motion in Limine (4 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 140 | 03/23/2015 | Motion in Limine (2 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 141 | 03/23/2015 | Motion in Limine (3 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 142 | 03/23/2015 | Motion in Limine (1 of 7) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |

San Diego Superior Court          Case: 37-2013-00046163-CU-BC-CTL          Title: Brightwell vs. RF Logistics LLC [IMAGED]

| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | [Another document for ROA# 143] | |
| 143 | 03/23/2015 | E-filing transaction partially accepted. | |
| 144 | 03/23/2015 | Motion in Limine (No. 18) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 145 | 03/23/2015 | Motion in Limine (No. 19) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 146 | 03/20/2015 | Motion in Limine (No 2) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 147 | 03/20/2015 | Motion in Limine (No 5) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 148 | 03/20/2015 | Motion in Limine (No 7) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 149 | 03/20/2015 | Motion in Limine (No 8) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 150 | 03/20/2015 | Motion in Limine (No 11) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 151 | 03/20/2015 | Motion in Limine (No 12) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 152 | 03/20/2015 | Motion in Limine (No 13) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 153 | 03/20/2015 | Motion in Limine (No 15) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 154 | 03/20/2015 | Motion in Limine (No 16) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 155 | 03/20/2015 | Motion in Limine (No 17) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | [Another document for ROA# 156] | |
| 156 | 03/24/2015 | E-filing transaction partially accepted. | |
| 157 | 03/24/2015 | Motion in Limine (No 1) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 158 | 03/24/2015 | Motion in Limine (No 3) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |

San Diego Superior Court       Case: 37-2013-00046163-CU-BC-CTL   Title: Brightwell vs. RF Logistics LLC [IMAGED]

| | | | |
|---|---|---|---|
| 159 | 03/24/2015 | Motion in Limine (No 4) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 160 | 03/24/2015 | Motion in Limine (No 6) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 161 | 03/24/2015 | Motion in Limine (No 9) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 162 | 03/24/2015 | Motion in Limine (No 10) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 163 | 03/24/2015 | Motion in Limine (No 14) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Cross - Complainant); RF Logistics LLC (Defendant) |
| 164 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 165 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 166 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 167 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 168 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 169 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 170 | 03/25/2015 | Opposition to Motion in Limine filed by O'Donnell, Brian. | O'Donnell, Brian (Cross - Complainant) |
| 171 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 172 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 173 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 174 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 175 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 176 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 177 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 178 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 179 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 180 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 181 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 182 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 183 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 184 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 185 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 186 | 03/25/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 187 | 03/26/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 188 | 03/26/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 189 | 03/27/2015 | Motion in Limine (Motion in limine (8)) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 190 | 03/30/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 191 | 03/30/2015 | Peremptory Challenge (GRANTED) filed by RF Logistics LLC. | RF Logistics LLC (Defendant) |
| 192 | 03/30/2015 | Opposition to Motion in Limine (Plaintiff Lee Brightwell's Opposition to Defendant's Motion in Limine 18 of 19 Regarding Evidence of Prostitution) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |

| 193 | 03/30/2015 | Opposition to Motion in Limine (Plaintiff Lee Brightwell's Opposition to Defendant's Motion In Limine 19 of 19 Regarding "Yelling and Bullying") filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
|---|---|---|---|
| 194 | 04/03/2015 | Motion in Limine (No 20) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 197 | 03/27/2015 | Civil Jury Trial continued pursuant to Court's motion to 04/10/2015 at 08:45AM before Judge Ronald S. Prager. | |
| 198 | 03/27/2015 | Minutes finalized for Civil Jury Trial heard 03/27/2015 08:45:00 AM. | |
| 199 | 03/27/2015 | Miscellaneous Minute Order Finalized. | |
| 202 | 04/10/2015 | Civil Jury Trial continued pursuant to party's motion to 04/17/2015 at 08:45AM before Judge Ronald S. Prager. | |
| 203 | 04/10/2015 | Minutes finalized for Civil Jury Trial heard 04/10/2015 08:45:00 AM. | |
| 204 | 04/10/2015 | Request for Judicial Notice (Defendants, RF Logistics, LLC and Brian O'Donnell's, Request for Judicial Notice at Trial; Declaration of Jay D. Brown) filed by O'Donnell, Brian; RF Logistics LLC. | O'Donnell, Brian (Defendant); RF Logistics LLC (Defendant) |
| 205 | 04/13/2015 | Opposition to Motion in Limine filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 206 | 04/13/2015 | Proof of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 208 | 04/17/2015 | Status Conference (Civil) scheduled for 04/22/2015 at 08:15AM before Judge Ronald S. Prager. | |
| 209 | 04/17/2015 | Minutes finalized for Civil Jury Trial heard 04/17/2015 08:45:00 AM. | |
| 210 | 04/22/2015 | Minutes finalized for Status Conference (Civil) heard 04/22/2015 08:15:00 AM. | |
| 211 | 04/22/2015 | Peremptory Challenge (CCP 170.6) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 212 | 04/21/2015 | Opposition - Other (to Request for Judicial Notice) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 213 | 04/21/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 214 | 04/23/2015 | Preliminary Trial Conference scheduled for 05/06/2015 at 01:30:00 PM at Central in C-52 William R. Nevitt. | |
| 215 | 04/23/2015 | Preliminary Trial Conference scheduled for 05/06/2015 at 01:30:00 PM at Central in C-52 William R. Nevitt was vacated. | |
| 216 | 04/23/2015 | Status Conference (Civil) scheduled for 05/06/2015 at 01:30:00 PM at Central in C-52 William R. Nevitt. | |
| 217 | 04/23/2015 | Notice of Hearing SD generated. | |
| 220 | 05/06/2015 | Status Conference (Civil) continued pursuant to stipulation to 05/29/2015 at 09:00AM before Judge William R. Nevitt, Jr. | |
| 221 | 05/06/2015 | Minutes finalized for Status Conference (Civil) heard 05/06/2015 01:30:00 PM. | |
| 222 | 05/21/2015 | Miscellaneous Minute Order Finalized. | |
| 223 | 05/21/2015 | Clerk's Certificate of Service By Mail SD generated. | |
| 224 | 05/21/2015 | Status Conference (Civil) reassigned to Timothy Taylor for 05/29/2015 at 09:00:00 AM in C-72 at Central. | |
| 225 | 05/21/2015 | Status Conference (Civil) scheduled for 05/29/2015 at 09:00:00 AM at Central in C-72 Timothy Taylor. | |
| 226 | 05/29/2015 | Minutes finalized for Status Conference (Civil) heard 05/29/2015 09:00:00 AM. | |
| 227 | 05/30/2015 | Case reassigned from Judge Prager, Ronald S. to Timothy Taylor effective 05/29/2015 | |
| 229 | 06/09/2015 | Motion Hearing (Civil) scheduled for 07/02/2015 at 01:30PM before Judge Timothy Taylor. | |
| 230 | 06/09/2015 | Miscellaneous Minute Order Finalized. | |

Exhibit 4
Page 73

| 231 | 06/09/2015 | Clerk's Certificate of Service By Mail (Minutes Only) SD generated. | |
| 232 | 06/15/2015 | Trial Brief (RF Logistic LLC and Brian ODonnells Trial Brief) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Cross - Complainant); O'Donnell, Brian (Cross - Complainant) |
| 233 | 07/02/2015 | Motion Hearing (Civil) scheduled for 07/31/2015 at 01:30:00 PM at Central in C-72 Timothy Taylor. | |
| 234 | 07/02/2015 | Trial Brief (Supplemental) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 235 | 07/02/2015 | Appointment of Official Reporter Pro Tempore (Tadzia Martin) filed by The Superior Court of San Diego. | |
| 236 | 07/02/2015 | Minutes finalized for Motion Hearing (Civil) heard 07/02/2015 01:30:00 PM. | |
| 237 | 07/10/2015 | Civil Jury Trial scheduled for 10/02/2015 at 08:30:00 AM at Central in C-72 Timothy Taylor. | |
| 238 | 07/09/2015 | Motion to Be Relieved as Counsel of Record filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 239 | 07/09/2015 | Declaration in Support of Motion to be Relieved as Counsel filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 240 | 07/09/2015 | Order Granting Attorney's Motion to be Relieved as Counsel submitted by Brightwell, L Lee received but not filed on 07/09/2015. | Brightwell, L Lee (Plaintiff) |
| 241 | 07/09/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 242 | 07/09/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 243 | 07/09/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 244 | 07/15/2015 | Tentative Ruling for Motion Hearing (Civil) published. | |
| 245 | 07/20/2015 | Proof of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 247 | 07/21/2015 | Notice of Sealed Document filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 249 | 07/21/2015 | Sealed Document(s) (Plaintiff's Opposition to Attorney Scott McMillan's Motion to be Relieved as Counsel) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 250 | 07/24/2015 | Reply filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 252 | 07/27/2015 | Miscellaneous Minute Order Finalized. | |
| 254 | 07/28/2015 | Ex Parte scheduled for 07/29/2015 at 08:30:00 AM at Central in C-72 Timothy Taylor. | |
| 255 | 07/28/2015 | Ex Parte scheduled for 07/29/2015 at 08:30:00 AM at Central in C-72 Timothy Taylor was vacated. | |
| 256 | 07/24/2015 | Returned Mail (Notice of Jury Trial as to Atty Kevin N Heffernan; Notice was mailed to 2 addresses; Old address was unclicked; P.O. Note: Return to Sender-Unknown) filed by The Superior Court of San Diego.<br>Refers to: RF Logistics LLC | |
| 257 | 07/28/2015 | Notice of Sealed Document filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 259 | 07/31/2015 | Order Granting Attorney's Motion to be Relieved as Counsel filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 260 | 07/31/2015 | Appointment of Official Reporter Pro Tempore (Anne Zarkos #13095) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 261 | 08/05/2015 | Proof of Service by Mail filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 262 | 08/07/2015 | Ex Parte scheduled for 08/12/2015 at 08:30:00 AM at Central in C-72 Timothy Taylor. | |
| 263 | 07/31/2015 | Minutes finalized for Motion Hearing (Civil) heard 07/31/2015 01:30:00 PM. | |
| 264 | 08/06/2015 | Notice - Other filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 265 | 08/11/2015 | Ex Parte Application - Other and Supporting Documents filed by RF Logistics LLC. | RF Logistics LLC (Defendant) |
| 266 | 08/11/2015 | Substitution of Attorney filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 267 | 08/11/2015 | Opposition - Other filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |

Exhibit 4
Page 74

San Diego Superior Court      Case: 37-2013-00046163-CU-BC-CTL      Title: Brightwell vs. RF Logistics LLC [IMAGED]

| 268 | 08/11/2015 | Proof of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 269 | 08/12/2015 | Minutes finalized for Ex Parte heard 08/12/2015 08:30:00 AM. | |
| 270 | 08/05/2015 | Notice - Other (of apperance of counsel) filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 271 | 08/13/2015 | Motion Hearing (Civil) scheduled for 09/11/2015 at 01:30:00 PM at Central in C-72 Timothy Taylor. | |
| 272 | 08/14/2015 | Motion - Other (TO FILE AN UNDERTAKING) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 273 | 09/03/2015 | Motion Hearing (Civil) scheduled for 09/11/2015 at 01:30:00 PM at Central in C-72 Timothy Taylor was vacated. | |
| 274 | 09/14/2015 | Notice - Other (MOTION FOR PLTF TO FILE UNDERTAKING IS OFF CALENDAR) filed by RF Logistics LLC; O'Donnell, Brian. | RF Logistics LLC (Defendant); O'Donnell, Brian (Defendant) |
| 277 | 09/21/2015 | Civil Jury Trial set for 10/2/15 at 8:30am vacated. | |
| 278 | 09/21/2015 | Miscellaneous Minute Order Finalized. | |
| 279 | 09/21/2015 | Notice of Dismissal by Court SD generated. | |
| 280 | 09/23/2015 | Ex Parte scheduled for 09/30/2015 at 08:30:00 AM at Central in C-72 Timothy Taylor. | |
| 281 | 09/14/2015 | Notice of Conditional Settlement filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 282 | 09/14/2015 | Proof of Service filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 283 | 09/24/2015 | Ex Parte Application - Other and Supporting Documents filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 284 | 09/30/2015 | Minutes finalized for Ex Parte heard 09/30/2015 08:30:00 AM. | |
| 285 | 10/02/2015 | Notice of Ruling (RE ex parte application RE production of transcript of 7/31/15 Sealed proceeding) filed by The McMillan Law Firm, APC. | |
| 286 | 11/02/2015 | Notice of Change of Firm Name filed by Brightwell, L Lee. | |
| 287 | 12/11/2015 | Request for Dismissal with Prejudice - Entire Action filed by Brightwell, L Lee. | Brightwell, L Lee (Plaintiff) |
| 288 | 12/11/2015 | Amended Complaint dismissed with prejudice  as to O'Donnell, Brian . | |
| 289 | 12/11/2015 | Amended Complaint dismissed with prejudice  as to RF Logistics LLC. | |
| 290 | 12/11/2015 | Amended Complaint dismissed with prejudice  as to Brightwell, L Lee . | |
| 291 | 12/11/2015 | Cross-Complaint dismissed with prejudice  as to Brightwell, L Lee . | |
| 292 | 12/11/2015 | Cross-Complaint dismissed with prejudice  as to O'Donnell, Brian . | |
| 293 | 12/11/2015 | Cross-Complaint dismissed with prejudice  as to RF Logistics LLC. | |
| 294 | 12/22/2015 | Notice of Entry of Dismissal (with service list) filed by Brightwell, L Lee. | |
| 295 | 05/25/2016 | Stipulation - Other - Fee Due (Stipulation to Unseal Filings and Transcript and Order Thereon) filed by Brightwell, L Lee; The McMillan Law Firm, APC. | Brightwell, L Lee (Plaintiff); The McMillan Law Firm, APC (Attorney) |