1 JOSHUA M. HEINLEIN (SBN 239236)
joshua.heinlein@dinsmore.com
2 JESSICA G. WILSON (SBN 254366)
jessica.wilson@dinsmore.com
3 DINSMORE & SHOHL LLP
655 West Broadway, Suite 840
4 San Diego, CA 92101
Ph: (619) 356-3518
5 Fx: (619) 615-2082

6 Attorneys for Plaintiff
L. LEE BRIGHTWELL
7

8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10

11 L. LEE BRIGHTWELL, an
individual,
12
                                        Case No. 16-CV-01696-W-NLS
13              Plaintiff,
                                        **PLAINTIFF'S OPPOSITION TO**
14 v.                                   **DEFENDANTS' MOTION TO**
                                        **DISMISS FIRST AMENDED**
15                                      **COMPLAINT**
   THE MCMILLAN LAW FIRM, APC,
16 a professional corporation, SCOTT A. [No Oral Argument Pursuant to Civ. Local
   MCMILLAN, an individual,            Rule 71(d)(1)]
17 MICHELLE D. VOLK, an individual,
   and DOES 1 through 25, inclusive,
18                                      Date:          February 6, 2017
                Defendants.            Courtroom:     3C
19                                      Judge:         Thomas J. Whelan
                                        Magistrate Judge:   Nita L. Stormes
20                                      Complaint Filed:   June 30, 2016
                                        Trial:         None Set
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      Introduction ....................................................................................................... 1

II.     The Court Should Deny Defendants' Motion Because The
        Claims in Plaintiff's First Amended Complaint Are
        Adequately Pled and Not Barred ........................................................................ 2

        A.      Plaintiff's Claims Satisfy All Applicable Pleading Standards .............. 2

        B.      The New Allegations Are Not Time-Barred ......................................... 2

III.    Defendants' Request for Judicial Notice is Improper ........................................ 5

        A.      Defendants' Request for Judicial Notice (No. 2 and No. 3)
                is Improper Where it Seeks to Admit the Content of
                Documents in Prior Court Proceedings ................................................. 6

        B.      Defendants' Extrinsic Evidence is Not Reliable as an Exception
                Based on the Doctrine of Incorporation by Reference ......................... 6

        C.      Defendants' Motion Relies Upon the Court Taking Judicial
                Notice of Documents No. 2 and 3, Which Proffer Inadmissible
                Extrinsic Evidence Not Relied Upon By Plaintiff in Asserting
                Her Claims Against Defendants ............................................................. 7

IV.     Plaintiff Has Sufficiently Alleged Her Claim for Breach of Contract
        Against All Defendants ...................................................................................... 9

V.      Plaintiff Has Sufficiently Stated Claims for Professional Negligence
        and Breach of Fiduciary Duty Against All Defendants ................................... 11

        A.      Plaintiff's Professional Negligence Claim is Adequately Pled .......... 11

        B.      Plaintiff Has Sufficiently Stated Breach of Fiduciary Duty
                Against All Defendants ....................................................................... 13

VI.     Plaintiff's Fraud Claim is Pled with Sufficient Specificity ............................ 15

VII.    Plaintiff Has Adequately Pled Causation and Damage for All
        Causes of Action .............................................................................................. 17

VIII.   If Necessary, Leave to Amend Should be Granted .......................................... 18

IX.     Conclusion ....................................................................................................... 19

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

DINSMORE &
SHOHL LLP
SAN DIEGO

**Cases**

*Anderson v. Eaton*, 211 Cal. 113 (1930) ................................................................... 14

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) .............................................................................................................. 5

*ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999 (9th Cir. 2014) ..................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 2

*Barbara A. v. John G.*, 145 Cal.App.3d 369 (1983) ................................................. 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 2

*Betts v. Allstate Ins. Co.,* 154 Cal.App.3d 688 (1984) ....................................... 12, 14

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ...................................................... 7, 8

*Budd v. Nixen*, 6 Cal.3d 195 (1971) .......................................................................... 11

*Butler v. Los Angeles County*, 617 F. Supp. 2d 994 (C.D. Cal. 2008) ...................... 5

*Butler v. National Community Renaissance of Calif.,* 766 F.3d 1191 (9th Cir. 2014) ........................................................................................................... 3

*Crane v. State Bar* 30 Cal.3d 117 (1981) ................................................................. 12

*David Welch Co. v. Erskine & Tulley,* 203 Cal.App.3d 884 (1988) .................. 13, 14

*Davis v. HSBC Bank*, 691 F.3d 1152 (9th Cir. 2012) ............................................. 6, 7

*Day v. Rosenthal*, 170 Cal.App.3d 1125 (1985) ................................................. 11, 12

*DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212 (S.D. Cal. 2001) ..................... 8

*Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951 (1997) ..................... 15

*Flatt v. Superior Court*, 9 Cal.4th 275 (1994) .......................................................... 14

*Foxen v. Carpenter*, 6 Cal.App.5th 284 (2016) ......................................................... 3

*Galanek v. Hismar*, 68 Cal.App.4th 1417 (1999) ..................................................... 17

*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ....................... 7

*Hall v. Spencer County, Ky.*, 583 F.3d 930 (6th Cir. 2009) ........................4

*In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999) ........................4

*Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380 (9th Cir. 1953) ........................8

*Ishmael v. Millington*, 241 Cal.App.2d 520 (1966) ........................11

*Jackson v. Roger & Wells*, 210 Cal.App.3d 336 (1989) ........................11

*Kirsch v. Duryea*, 21 Cal.3d 303 (1978) ........................12

*Knievel v ESPN*, 393 F.3d 1068 (9th Cir. 2005) ........................7

*Knox v. Dean*, 205 Cal.App.4th 417 (2012) ........................13

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........................6

*Lee v. Hanley*, 61 Cal.4th 1225 (2015) ........................5

*Lucas v. Hamm*, 56 Cal.2d 583 (1961) ........................11

*Lysick v. Walcom*, 258 Cal.App.2d 136 (1968) ........................17

*Martell v. Trilogy Ltd.*, 872 F.2d 322 (9th Cir. 1989) ........................3, 4

*Mayle v. Felix*, 545 U.S. 644 (2005) ........................4

*McDaniel v. Gile*, 230 Cal.App.3d 363 (1991) ........................10

*Mirabito v. Liccardo,* 4 Cal.App.4th 41 (1992) ........................14

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176 (1971) ........................11, 13

*Palomo v. State Bar*, 36 Cal.3d 785 (1984) ........................12

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ........................7

*Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804 (N.D. Cal. 2005) ........................5

*Perry v. Robertson*, 201 Cal.App.3d 333 (1988) ........................11

*Pina v. Henderson*, 752 F.2d 47 (2d Cir. 1985) ........................8

*Richman v. Hartley*, 224 Cal.App.4th 1182 (2014) ........................9

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570 (7th Cir. 2006) ...................... 4

*Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) .................................. 3

*Silva v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 30667 (C.D. Cal. 2015) ................................................................................................................ 15

*Sisco v. Cosgrove, Michelizzi, Schwabacher, Ward & Bianchi*, 51 Cal.App.4th 1302 (1996) .................................................................................. 17

*Smith v. Lewis*, 13 Cal.3d 349 (1975) ...................................................................... 12

*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3rd Cir. 1999) .................................................. 6

*Southland Mechanical Constructors Corp. v. Nixen*, 119 Cal.App.3d 417 (1981) ................................................................................................................ 11

*Stanley v. Richmond*, 35 Cal.App.4th 1070 (1995) ...................................... 10, 13, 17

*Steiner v. Rowley*, 35 Cal.2d 713 (1950) .................................................................. 11

*Thompson v. Halvonik*, 36 Cal.App.4th 657 (1995) ................................................ 17

*Trousil v. State Bar*, 38 Cal.3d 337 (1985) .............................................................. 12

*Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011) ........................................ 2

*Van Buskirk v CNN*, 284 F.3d 977 (9th Cir. 2002) ................................................... 7

*Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429 (7th Cir. 1993) .......................................................................................................... 7

*Waysman v. State Bar*, 41 Cal.3d 452 (1986) .......................................................... 12

**Statutes**
Bus. & Prof. Code § 6077 ......................................................................................... 12

**Rules**
Cal. Rules Prof. Conduct, Rule 3-110 ...................................................................... 12

Fed. R. Civ. P. 12(b) .............................................................................................. 6, 7

Fed. R. Civ. P. 15 .................................................................................................. 2, 3

Fed. R. Civ. P. 8 ......................................................................................................... 1

DINSMORE & SHOHL LLP
SAN DIEGO

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Fed. R. Evid. 201 ............................................................................................................. 8

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

DINSMORE &
SHOHL LLP
SAN DIEGO

1    Plaintiff L. LEE BRIGHTWELL ("Brightwell") hereby submits the
2 following Opposition to Defendants THE MCMILLAN LAW FIRM, APC; SCOTT
3 A. MCMILLAN and MICHELLE D. VOLK ("Defendants") Motion to Dismiss the
4 First Amended Complaint ("Motion") as follows:

5 **I.    INTRODUCTION**

6    Defendants' Motion should be denied because Plaintiff has met her burden to
7 sufficiently plead her causes of action and provide Defendants with the requisite
8 information, including allegations containing a short and plain statement of each
9 claim entitling plaintiff to relief thereon.  Fed. R. Civ. P. 8(a)-(c).  The five claims
10 for relief set forth in the First Amended Complaint ("FAC") include: breach of
11 contract, fraud, professional negligence, breach of fiduciary duty and declaratory
12 relief.

13    While Defendants contend in the instant 12(b)(6) motion to dismiss
14 ("Motion") that as to Defendant Michelle Volk, Plaintiffs have not established
15 Article III standing and that the breach of contract and declaratory relief claims
16 against her should be dismissed because she did not sign the Engagement
17 Agreement, these inquiries are warranted in a summary judgment motion but not
18 required to be reached here on a 12(b)(6) motion to dismiss.  Defendants also
19 contend that the breach of contract and declaratory relief claims should be
20 dismissed against Defendant Scott McMillan on the same basis.  As shown below,
21 Defendants' contentions fail.

22    Furthermore, the Motion asserts that Plaintiff has not sufficiently alleged that
23 McMillan and Volk's misconduct had a causal connection to Plaintiff's damages
24 and that, generally, Plaintiff is required to allege more under applicable pleading
25 standards.   However, Plaintiff Brightwell has sufficiently alleged her claims
26 because she has included sufficient factual detail and alleged a demand for relief
27 which puts Defendants on notice, as evidenced by their Motion.   Accordingly,
28 Defendants' Motion should be denied in its entirety.

## II. THE COURT SHOULD DENY DEFENDANTS' MOTION BECAUSE THE CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ARE ADEQUATELY PLED AND NOT BARRED

### A. Plaintiff's Claims Satisfy All Applicable Pleading Standards

Plaintiff Brightwell has sufficiently alleged all of her causes of action as against each defendant. The *Twombly/Iqbal* standard requires a complaint to contain sufficient factual allegations to show a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must only show plausible factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. As set forth below, because each of the causes of action alleged in the FAC easily meets the *Iqbal/Twombly* pleading standard, the instant Motion should be denied.

### B. The New Allegations Are Not Time-Barred

All of the new allegations in the FAC relate back to the original complaint because there is no new legal theory presented. An amended complaint "relates back" to the date the action was commenced; thus, if the original complaint was timely filed, expiration of the statute of limitations at the time of the amendment is no bar. *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857-858 (9th Cir. 2011) (primary purpose of Rule 15(c) is to address, and defeat, statute of limitations problems). Generally, relation back is permitted if it is (a) authorized under the law providing the statute of limitations that governs the action, or (b) the newly asserted claim or defense arises out of the same conduct, transaction or occurrence alleged in the original pleading. Fed. R. Civ. P. 15(c)(1). If the amended complaint would "relate

back" under the law that provides the applicable statute of limitations, it "relates back" under Rule 15(c). Fed. R. Civ. P. 15(c)(1)(A); see *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 962-963 (11th Cir. 2001).

The effect is to defer to more liberal state or federal laws on this point: "Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Butler v. National Community Renaissance of Calif.,* 766 F.3d 1191, 1201 (9th Cir. 2014). Unless the applicable statute of limitations provides an even more liberal standard (above), amended pleadings "relate back" as to existing parties if the claim or defense asserted in the amended pleading arises "out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

The effect is that even if the statute of limitations has now run, a complaint can generally be amended against *existing* defendants and the only requirement is whatever theories or causes of action are pleaded in the amended complaint must "arise out of" the same "conduct, transaction or occurrence" pleaded in the original complaint. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

Here, the statute of limitations on point is California's section 340.6, enacted in the 1970's amid rising legal malpractice insurance premiums to establish a one-year limitations period applicable to any claims concerning "an attorney's violation of his or her professional obligations in the course of providing professional services and regardless of how those claims were styled in the plaintiff's complaint." *Foxen v. Carpenter*, 6 Cal.App.5th 284, 292-294 (2016). Ms. Brightwell's complaint was filed on June 30, 2016 (Docket No. 1, Plaintiff's original complaint), well within one year of Defendants' withdrawal from representation of Plaintiff in the underlying action on or about July 31, 2015 (FAC, ¶ 27).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Following Defendants' first pleading challenge, Brightwell filed the FAC on December 7, 2016, providing additional facts to support the claims already asserted. (See Dkt. No. 16, FAC[1]). Accordingly, the new allegations in the FAC relate back to the time of the original filing because they are based on the same operative facts as those set forth in the original complaint. *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Martell v. Trilogy Ltd., supra*, 872 F.2d at 325 (referencing a "common core of operative facts"); see also *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (amended complaint related back because it was likely proved by "same kind of evidence" that supported original pleading). A cursory review of the new allegations reveals there are no new causes of action and that all of the new allegations provide additional factual detail in support of the previously asserted claims.

The relation back doctrine is liberally applied. An amended complaint is not time-barred because it asserts a new theory. The basic inquiry is whether the opposing party was on notice of the nature of the claim raised by the amended pleading. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *Hall v. Spencer County, Ky.*, 583 F.3d 930, 934 (6th Cir. 2009) ; *ASARCO*, 765 F.3d at 1004. Named defendants are on notice of the whole transaction because the initial "filing of a lawsuit 'warns the defendant to collect and preserve his evidence in reference to … the whole transaction described in it …' Thus, defendant is aware that claims regarding that transaction may be amended and that the form of relief and law relied upon are not confined to their original statement." *Martell*, 872 F.2d at 326; *In re Coastal Plains, Inc.*, 179 F.3d 197, 216 (5th Cir. 1999). The primary consideration under Rule 15(c) is whether the original pleading provides adequate notice of the claims Ms. Brightwell brought against Defendants in the amended complaint. Because the amended pleading arises from the same

---

[1] All references herein are to the First Amended Complaint, Docket No. 16, unless otherwise stated.

transaction, occurrence, or conduct pleaded in the original complaint, Defendants were sufficiently aware of the claims alleged against them.

Additionally, Defendants' reliance on *Lee v. Hanley*, 61 Cal.4th 1225 (2015), for the proposition that certain of Plaintiff's claims should be time-barred insofar as they rely upon new allegations is wholly unsupported because any purported time-bar is not clear from the FAC's allegations. As stated in *Lee*, a motion to dismiss "based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. In order for the bar … to be raised by [a motion to dismiss], the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." *Id.* at 1232.

The new allegations are not time-barred because Ms. Brightwell's complaint was filed within the requisite one year time frame contemplated by section 340.6 and because Ms. Brightwell asserted, in her original complaint, the very same causes of action arising out of the very same transaction and series of events set forth in the FAC. The original complaint was sufficient to provide Defendants with fair notice of the claims being alleged against them, including a statement of the facts constituting the claims, in ordinary and concise language.

## III.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IS IMPROPER

Generally, unless the court converts the Rule 12(b)(6) motion into a summary judgment motion, it cannot consider material outside the complaint (e.g., facts presented in briefs, affidavits or discovery materials). *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001); *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2008); *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N.D. Cal. 2005).

/ / /

/ / /

/ / /

/ / /

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

### A. Defendants' Request for Judicial Notice (No. 2 and No. 3) is Improper Where it Seeks to Admit the Content of Documents in Prior Court Proceedings

On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "**not for the truth of the facts recited therein, but for the existence of the opinion**, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis added); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999). Here, Defendants are asking the Court to take judicial notice not just of the existence of Ms. Brightwell's opposition to Defendants' motion to withdraw in the underlying action, but of the statements made therein as well as the statements Ms. Brightwell made in the hearing itself, all of which represent statements as yet unproved. Such a request is improper and the Court should not review the contents of the documents. *Lee*, 250 F.3d at 690.

### B. Defendants' Extrinsic Evidence is Not Reliable as an Exception Based on the Doctrine of Incorporation by Reference

Defendants contend this situation is analogous to that in *Davis v. HSBC Bank*, 691 F.3d 1152 (9th Cir. 2012), wherein the incorporation by reference doctrine is employed in analyzing a motion to dismiss in order to consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Id.* at 1160. However, there are two fatal flaws to this attempted reasoning: first, Brightwell's FAC does not rely upon the documents Defendants now seek to be judicially noticed, as required; and second, to do so would convert this motion to dismiss into a summary judgment motion. Fed. R. Civ. P. 12(b)(6).

In *Davis*, the Ninth Circuit discussed when a court may decide to incorporate by reference documents outside the pleadings and that when doing so in connection with Rule 12 motions, this converts the motion to one for summary judgment. 691

F.3d at 1159-60.  In that scenario, the district court's decision to take judicial notice of extrinsic evidence shall be reviewed for abuse of discretion.  *Id*.  In order to look beyond the pleadings, the documents to be taken into account must be "documents **whose contents are alleged in a complaint** and whose authenticity no party questions, but which are not physically attached to the pleading."  *Id*. (emphasis added) citing *Knievel v ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  In converting the 12(b)(6) motion into a Rule 56 motion for summary judgment, the Court must give the nonmoving party an opportunity to respond.  See Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc*., 146 F.3d 699, 706 n.4 (9th Cir. 1998).

Here, the incorporation doctrine relied upon in the *Davis* case does not apply because Plaintiff's FAC does not allege the contents of the documents in question. Ms. Brightwell does not rely on the documents nor do they form the basis of her complaint, as would be required to convert Defendants' motion to one for summary judgment based on consideration of such extrinsic documents.  See *Van Buskirk v CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The documents which are the subject of Defendants' Request for Judicial Notice, No. 2 and No. 3, did not form the basis for Plaintiff's action and are not sufficiently attendant to the allegations of the FAC to employ the doctrine of incorporation by reference.

### C. Defendants' Motion Relies Upon the Court Taking Judicial Notice of Documents No. 2 and 3, Which Proffer Inadmissible Extrinsic Evidence Not Relied Upon By Plaintiff in Asserting Her Claims Against Defendants

Defendants' contention that the extrinsic evidence could be considered under the doctrine of judicial notice is equally unpersuasive because the Court can only take judicial notice of adjudicative facts that are "not subject to reasonable dispute."

Fed. R. Evid. 201(b).  Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).  The underlying facts relevant to the adjudication of this case – what duties were owed to Plaintiff by Defendants, whether Defendants breached their duties, or contract, or misrepresented or omitted issues to Plaintiff, and so on – do not remotely fit the requirements of Rule 201.

While Courts may take judicial notice of some public records, and the extrinsic evidence sought includes documents related to a prior legal proceeding, that in and of itself does not mean that all evidence related to this case fits within the judicial notice exception.  *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *cf. Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice).

The statements made by Plaintiff within her opposition to Defendants' motion to withdraw in the underlying action, prepared without the assistance of counsel and in response to her own attorneys' motion, were obviously not relied upon in the FAC.  The same is true for the contents of the transcript at the hearing on the same motion.  The contents of documents such as these are not allowed here as judicially noticeable facts unless they form the basis of the plaintiff's FAC. *Compare Branch v. Tunnell*, 14 F.3d 449, 450-54 (9th Cir. 1994) *with DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1219-21 (S.D. Cal. 2001).  Indeed, none of the documents Defendants are requesting to be judicially noticed formed the basis of Brightwell's action, and she did not refer to any of them in the FAC.

Regardless of whether the contents of the requested documents Defendants seek are analyzed under the doctrine of incorporation by reference or judicial notice, Defendants' request is improper in connection with this Motion.  There is no proper basis for the consideration of inadmissible extrinsic evidence.

## IV. PLAINTIFF HAS SUFFICIENTLY ALLEGED HER CLAIM FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS

To sufficiently allege her cause of action for breach of contract, Brightwell must assert (1) there was a contract, (2) her performance of the contract or excuse for nonperformance, (3) Defendants' breach, and (4) the resulting damage. *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014).

In support of the breach of contract cause of action in her FAC, Plaintiff Brightwell alleges sufficient information to put Defendants on notice of the claim, including, without limitation, the inclusion of the following allegations:

- On or about September 29, 2014, Brightwell and Defendants entered into the Engagement Agreement (FAC, ¶ 38);

- By entering into the Engagement Agreement, Defendants agreed to adequately and professionally handle the O'Donnell Action, to further and protect the interests of Brightwell, and to charge Brightwell only honest and reasonable fees (FAC ¶ 39);

- Brightwell has performed or, through Defendants' conduct, has been excused from performing all conditions, covenants, and promises required of her under the Engagement Agreement (FAC ¶ 40);

- On March 15, 2015, Defendants sent Brightwell an invoice totaling $23,446.91. By March 25, 2015, that invoice was fully paid (FAC ¶ 14);

- On April 14, 2015, Brightwell voluntarily paid Defendants another $15,000 despite having not received an invoice since March 15, 2015. As of that time, Brightwell had paid Defendants over $115,000. (FAC ¶ 15)

- On or about May 31, 2015, Defendants sent Brightwell an invoice for $59,689.27. This was the first invoice Defendants had sent her in nearly three months! Just eleven days later, on June 11, 2015,

16-CV-01696-W-MDD

Defendants sent Brightwell an email demanding that she sign a substitution of attorney form … [and then] began threatening to file a motion to withdraw as counsel of record… (FAC ¶ 22)

- Defendants filed a motion to be relieved as counsel … less than 45 days after presenting Brightwell with the May 31 invoice. (FAC ¶ 23.)

- Defendants have breached the Engagement Agreement by, among other things, failing to perform their work with the requisite work and skill of qualified attorneys, failing to abide by Brightwell's instructions pertaining to settlement of the O'Donnell Action, and inflating time entries for work performed, and double-charging Brightwell for tasks performed in the O'Donnell Action. (FAC ¶ 41)

- As a proximate result of Defendants' conduct, Brightwell has been damaged in an amount to be proven at trial. (FAC ¶ 42)

Additionally, the alleged contract (the Engagement Agreement) is attached to the FAC as Exhibit A, and a spreadsheet of invoices and payments which reflects the underlying circumstances attendant to the breach of contract is attached to the FAC as Exhibit B. Accordingly, Plaintiff has sufficiently pled her breach of contract claim against Defendants.

Furthermore, Plaintiff's breach of contract action is proper against **all** Defendants because under California Rules of Professional Conduct, Rule 3-400, the prohibition on prospectively limiting malpractice liability means that the corporate form will not protect a lawyer from a malpractice judgment. Cal. Rules of Prof. Conduct, Rule 3-400. Where an attorney contracts to provide services, proof of breach of ethical and other fiduciary duties may constitute breach of contract. *Stanley v. Richmond*, 35 Cal.App.4th 1070, 1092 fn.7 (1995).

The law is well-settled that a plaintiff can premise a malpractice action on an intentional tort theory or a breach of contract theory. *See McDaniel v. Gile*, 230 Cal.App.3d 363, 373, 375 (1991). The modern trend in analyzing legal malpractice

causes of action is to blur the contract-tort distinction, which has been found not to be useful in this context. *Jackson v. Roger & Wells*, 210 Cal.App.3d 336, 349 (1989); *Southland Mechanical Constructors Corp. v. Nixen*, 119 Cal.App.3d 417, 426-429 (1981) (holding Code Civ. Proc., § 340.6 applies to both breach of contract and tort legal malpractice actions); *See also Perry v. Robertson*, 201 Cal.App.3d 333, 335, fn. 1 (1988) (referring to the tort/contract distinction as "purely one of legal perspective"). When such a hybrid cause of action arises, the plaintiff may pursue both legal theories of recovery until an occasion for an election of remedies arises. *Jackson*, 210 Cal.App.3d at 349; *Steiner v. Rowley*, 35 Cal.2d 713 (1950); *Perry*, 201 Cal.App.3d at 340. Clearly an election of remedies does not arise, as here, at the pleading stage.

## V. PLAINTIFF HAS SUFFICIENTLY STATED CLAIMS FOR PROFESSIONAL NEGLIGENCE AND BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS

### A. Plaintiff's Professional Negligence Claim is Adequately Pled

"The elements of a cause of action in tort for professional negligence are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Budd v. Nixen*, 6 Cal.3d 195, 200 (1971). An attorney is required to perform any service for which he has been hired with "such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." *Day v. Rosenthal*, 170 Cal.App.3d 1125, 1143 (1985); *Lucas v. Hamm*, 56 Cal.2d 583, 591 (1961); *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 180 (1971); *Ishmael v. Millington*, 241 Cal.App.2d 520, 523 (1966).

Furthermore, "it is an attorney's duty to 'protect his client in every possible way,' and it is a violation of that duty for the attorney to 'assume a position adverse

16-CV-01696-W-MDD

DINSMORE & SHOHL LLP
SAN DIEGO

or antagonistic to his client without the latter's free and intelligent consent given after full knowledge of all the facts and circumstances.' The attorney is 'precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interest.' [Citations omitted]." *Betts v. Allstate Ins. Co.,* 154 Cal.App.3d 688, 715-716 (1984). An attorney's failure to perform in accordance with his duty is negligence. *Smith v. Lewis,* 13 Cal.3d 349, 355, fn. 3 (1975). In sum, an attorney's duty, the breach of which amounts to negligence, is not limited to his failure to use the skill required of lawyers – rather, it is a wider obligation to exercise due care to protect a client's best interests in all ethical ways and in all circumstances and the governing standards governing for an attorney's ethical duties are conclusively established by the Rules of Professional Conduct.[2] *Day,* 170 Cal.App.3d at 1147; *cf. Kirsch v. Duryea,* 21 Cal.3d 303, 311 (1978).

Under Rule 3-110, "a member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." Cal. Rules Prof. Conduct, Rule 3-110. The duties set forth in Rule 3-110 include the duty to supervise the work of subordinate attorney and non- attorney employees or agents. *See, e.g., Waysman v. State Bar*, 41 Cal.3d 452 (1986); *Trousil v. State Bar*, 38 Cal.3d 337, 342 (1985); *Palomo v. State Bar*, 36 Cal.3d 785 (1984); *Crane v. State Bar* 30 Cal.3d 117, 122 (1981).

The FAC contains sufficient allegations to put Defendants on notice of the circumstances underlying the professional negligence cause of action, including a showing of various ways in which Defendants have breached their professional and ethical duties owed to Ms. Brightwell. The FAC includes allegations sufficient to put Defendants on notice of the variety of incidents, acts, and omissions, all of

---

[2] According to California Business and Professions Code, section 6077, the Rules of Professional Conduct adopted by the board, when approved by the Supreme Court, are binding upon all members of the State Bar. Bus. & Prof. Code § 6077. For a willful breach of any of these rules, the board has power to discipline members of the State Bar by reproval, public or private, or to recommend to the Supreme Court the suspension from practice for a period not exceeding three years of members of the State Bar.

which give rise to the cause of action. (See FAC, pp. 2-10, ¶¶ 8-36.) In addition, Ms. Brightwell asserts the following in her stated cause of action for professional negligence:

Defendants failed to exercise reasonable care and skill in performing legal services for Brightwell. (FAC ¶ 53.) Had Defendants exercised proper care and skill in the O'Donnell Action, Brightwell would have obtained a greater settlement in the O'Donnell Action and would not have had to incur additional attorneys' fees and costs to retain new counsel to settle the O'Donnell Action. (*Id*. at ¶ 54.) Brightwell also would have paid Defendants less for their services in the O'Donnell Action because Defendants would not have submitted duplicative, inflated, and fraudulent billing entries on their invoices. (*Id*.) As a proximate result of Defendants' conduct, Brightwell has been damaged in an amount to be proven at trial. (*Id*. at ¶ 55.)

Accordingly, Brightwell's claim for professional negligence is sufficiently alleged.

**B.  Plaintiff Has Sufficiently Stated Breach of Fiduciary Duty Against All Defendants**

A breach of fiduciary duty is a species of tort distinct from a cause of action for professional negligence. *Stanley v. Richmond, supra*, 35 Cal.App.4th at 1086; *Barbara A. v. John G*., 145 Cal.App.3d 369, 382-383 (1983). "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Knox v. Dean*, 205 Cal.App.4th 417, 432 (2012). "The relation between attorney and client is a fiduciary relation of the very highest character." *Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra*, 6 Cal.3d at 189 (internal quotations omitted).

Moreover, whether an attorney has breached a fiduciary duty to his or her client is generally a question of fact. *David Welch Co. v. Erskine & Tulley,* 203 Cal.App.3d 884, 890 (1988). Expert testimony is not required (*Id*. at 892-893), but

is admissible to establish the duty and breach elements of a cause of action for breach of fiduciary duty where the attorney conduct is a matter beyond common knowledge. *Id.* at 893; *Mirabito v. Liccardo,* 4 Cal.App.4th 41, 45-46 (1992); *see also Day v. Rosenthal, supra*, 170 Cal.App.3d at 1146-1147.

The California Supreme Court reaffirmed the long-standing definition of an attorney's duty of loyalty to his or her client, in *Flatt v. Superior Court*, as follows:

> One of the principal obligations which bind[s] an attorney is that of fidelity, the maintaining inviolate the confidence reposed in him by those who employ him, and at every peril to himself to preserve the secrets of his client. [Citations.] This obligation is a very high and stringent one. It is also an attorney's duty to protect his client in every possible way, and it is a violation of that duty to assume a position adverse or antagonistic to his client without the latter's free and intelligent consent *given after full knowledge of all the facts and circumstances. [Citation.] By virtue of this rule an attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interests*. Nor does it matter that the intention and motives of the attorney are honest. The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent.

*Flatt v. Superior Court*, 9 Cal.4th 275, 289 (1994), quoting *Anderson v. Eaton*, 211 Cal. 113, 116 (1930) (italics in original); *see also Betts v. Allstate Ins. Co., supra*, 154 Cal.App.3d at 715-716.

Resounding in a tortious claim against them, Defendants' competence was called into question based upon their actions taken in handling the underlying O'Donnell Action, including when they provided Ms. Brightwell unfettered access to attorney-client privileged information of other clients (FAC ¶ 17), and when they deliberately disobeyed an Attorneys Eyes Only protective order, and upon realizing their mistake proceeding without attempt to remedy (*Id.* at ¶ 21). Defendants' incompetence also led to a lack of confidence in Ms. Brightwell's case and resulted in pressuring her to settle the matter at a lower value (*Id.* at ¶¶ 26, 58). These circumstances were the direct cause of the deterioration in Defendants'

relationship with Ms. Brightwell, and caused Defendants to seek a permissive withdrawal from the case. (*Id*. at 21, 24, 27).

Defendants also inflated their bills and time entries (see e.g., FAC ¶¶ 34, 35, 41) billing Brightwell for work unrelated to her case (*Id*. at ¶ 35), failed to follow Brightwell's instructions regarding settlement (*Id*. at ¶¶ 35, 41, 60), induced Brightwell to work on-site in Defendants' office (*Id*. at ¶¶ 10-12, 16, 18, 19, 26, 45, 49), and untimely attempted to withdraw from representation (*Id*. at ¶¶ 11, 12, 22, 24, 26). Defendants breached their contract with Ms. Brightwell, breached their fiduciary duties owed to her, and breached the duty of care of a competent attorney.

Accordingly, because the FAC provides detailed factual allegations to put Defendants on notice of the circumstances underlying her claims, Plaintiff has set forth sufficient contentions to support her tort claims, including for professional negligence and for breach of fiduciary duty, as owed to her by Defendants.

## VI. PLAINTIFF'S FRAUD CLAIM IS PLED WITH SUFFICIENT SPECIFICITY

"The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (1997) (internal quotations omitted). Ms. Brightwell's fraud claim is adequately pled with particularity under FRCP 9(b) because she sets forth the "who, what, when, where, and how" of the fraud. *Silva v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 30667 (C.D. Cal. 2015). Plaintiff does not refer generally to Defendants and their actions, but rather she asserts with specificity the circumstances underlying her claim, including the misleading statements made to her, as well as the context of when she learned of key facts and when facts were omitted and should have been disclosed:

For example, the FAC alleges that "after working in Defendants' office for several weeks, McMillan disclosed to Brightwell that he regularly takes lithium to 'improve his memory'" (FAC ¶ 19), a fact which she did not realize the full import of at the time, but had she known prior to engaging representation that her prospective attorney was suffering from persistent side effects from a traumatic brain injury and the medications he regularly consumes for the same, she clearly would have sought legal help elsewhere (*Id*. at ¶ 20). Additionally, Ms. Volk's silence and knowledge of her colleague's condition (*Id*.) subjects her to liability because the obvious and pervasive erratic behavior (*Id*. at ¶ 19) and overall lack of confidence displayed in threatening to withdraw representation and substitute out of the case (*Id*. at ¶¶ 11, 12, 20, 21, 27) was part in parcel with the withdrawal from representation.

To this end, the FAC alleges that Defendants were engaged in a fraudulent scheme that led Ms. Brightwell to rely to her detriment on their representations when they said they were competent, both physically and mentally, to handle her case through trial. Ms. Brightwell trusted the representations by her attorneys that her case had value and merit, and that they would endeavor to achieve a successful end result for her. Ms. Brightwell was shocked to learn of the over-billing, double billing and delayed billing that resulted in an extraordinary 74-page invoice totaling nearly $60,000. Her shock was only overshadowed by her disappointment in realizing that Defendants had no confidence to try the case and no intention of continuing. They pressured Ms. Brightwell to lower her settlement expectations with only two weeks to go before trial. Defendant ceased the opportunity to inflate unsubstantiated bills, and then cried for help from the court when Ms. Brightwell could not immediately pay the entire amount – this scheme was Defendants' only out.

Mr. McMillan's traumatic brain injury was omitted from disclosure to Ms. Brightwell until the eve of trial, and perhaps for good reason. Then, because

Defendants elected not to correct their bills, even after being afforded notice and an opportunity to do so, Ms. Brightwell stood her ground and reasonably withheld payment until such time as a corrected and supported bill could be provided. Based upon these circumstances, Ms. Brightwell is entitled to try her fraud claim against all Defendants.

## VII.  PLAINTIFF HAS ADEQUATELY PLED CAUSATION AND DAMAGE FOR ALL CAUSES OF ACTION

As a general rule, a plaintiff must show that the attorney's malpractice was the proximate cause of an actual harm or loss and the same rules of causation apply whether the malpractice claim is premised on negligence, breach of contract, or breach of fiduciary duty. *See, e.g., Thompson v. Halvonik*, 36 Cal.App.4th 657, 661 (1995); *Stanley v. Richmond, supra*, 35 Cal.App.4th at 1095 (causation burden is satisfied by establishing a reasonable basis for the conclusion that it was more likely than not that the conduct of the defendant was a substantial factor in the harm), quoting *Lysick v. Walcom*, 258 Cal.App.2d 136, 153 (1968); *Sisco v. Cosgrove, Michelizzi, Schwabacher, Ward & Bianchi*, 51 Cal.App.4th 1302, 1312 (1996).   However, while ordinarily the plaintiff bears the burden of proving causation, as in any other tort claim, the burden of proof can shift from the plaintiff in a legal malpractice case to the attorney-defendant where the attorney defendant's own negligence deprived the plaintiff of proof of causation. *Galanek v. Hismar*, 68 Cal.App.4th 1417 (1999) (plaintiff lost her products liability case because her attorney did not take sufficient steps to protect the car and it was sold and destroyed, leaving plaintiff unable to meet her burden of proof; held: in the legal malpractice case, the attorney must show her negligence did not lead to client's injury).

While Ms. Brightwell ultimately agreed to settle for an amount which was a significant departure from the valuation of her case as determined by her expert, and lower ultimate award than she expected at trial, this fact is of no consequence

to the instant Motion. Because Defendants chose *not* to maintain the attorney-client relationship in a united front, to vigorously prosecute the O'Donnell Action, and instead chose to breach its contract with Ms. Brightwell, and to file a motion to withdraw at a very untimely juncture in the case, Defendants' actions directly impaired Plaintiff's leverage to settle for a significantly higher amount. Defendants cannot show (as a matter of law, required at this stage of litigation) that their breach of the engagement agreement, negligence in handling Ms. Brightwell's case, and breach of the fiduciary duties owed did not lead to Ms. Brightwell's injury. Accordingly, Plaintiff has satisfied the threshold pleading requirements *and more,* since she has also set forth allegations to establish a reasonable basis for the conclusion that it was more likely than not that the conduct of Defendants was a substantial factor in causing her harm.

Additionally, Defendants' conduct forced Brightwell to retain new counsel to complete the settlement in the O'Donnell Action and paid them substantially more than she would have had to pay Defendants to settle the underlying case. Also, Defendants' overbilling and continued insistence that they have a right to be paid for their duplicative and false invoices has damaged Brightwell by depriving her of use of over $151,000 she received in settlement of the O'Donnell Action; funds that are currently being held in trust and that must remain so until conclusion of this action.

## VIII. IF NECESSARY, LEAVE TO AMEND SHOULD BE GRANTED

If this Court determines that any of Ms. Brightwell's claims should be dismissed, which it should not as set forth above, Ms. Brightwell hereby requests leave of court to amend its complaint to cure any pleading deficiencies.

/ / /

/ / /

/ / /

/ / /

## IX.  CONCLUSION

For all of the reasons provided herein, Plaintiff Ms. Brightwell respectfully requests that the Court deny Defendants' Motion to Dismiss or, in the alternative, permit Plaintiff Brightwell to amend her complaint to cure any pleading deficiencies.


DATED:  January 23, 2017          DINSMORE & SHOHL, LLP


                                  By: /s/ Joshua M. Heinlein
                                      JOSHUA M. HEINLEIN (SBN 239236)
                                      JESSICA WILSON (SBN 254366)

                                      Attorneys for Plaintiff
                                      L. LEE BRIGHTWELL

10934227v3

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system was filed electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date specified below.

Dated: January 23, 2017

/s/ Joshua M. Heinlein
Joshua M. Heinlein

16-CV-01696-W-MDD

DINSMORE &
SHOHL LLP
SAN DIEGO

PROOF OF SERVICE