1  JOSHUA M. HEINLEIN (SBN 239236)
   joshua.heinlein@dinsmore.com
2  JESSICA G. WILSON (SBN 254366)
   jessica.wilson@dinsmore.com
3  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 840
4  San Diego, CA 92101
   Ph: (619) 356-3518
5  Fx: (619) 615-2082

6  Attorneys for Plaintiff
   L. LEE BRIGHTWELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 16-CV-01696-W-NLS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 71(d)(1)]<br><br>Date: February 6, 2017<br>Courtroom: 3C<br>Judge: Thomas J. Whelan<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: June 30, 2016<br>Trial: None Set |

# **TABLE OF CONTENTS**

II. Introduction ..................................................................................................1

III. Plaintiff's New Allegations Are Proper, Material and Pertinent .....................1

    A. The Court Should Disregard the Inadmissible Information Defendants Rely Upon in Their Request for Judicial Notice Because the Contents of Documents in Prior Court Proceedings Are Not Judicially Noticeable ..............................................................................................2

    B. Plaintiff's New Allegations Are Proper and Responsive to Defendants' Motion to Dismiss the Original Complaint.............................................4

    C. Plaintiff's New Allegations Are Not Time-Barred Because, As They Do Not Assert a New Legal Theory, They Relate-Back .......................6

IV. Alternatively, Leave to Amend Should Be Granted .......................................9

V. Conclusion......................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487 (C.D. Cal. 2014) ............................................................... 1, 5
*ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999 (9th Cir. 2014) ..................... 7
*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ............................................... 3, 4
*Butler v. National Community Renaissance of Calif.*, 766 F.3d 1191 (9th Cir. 2014) ........................................................................................... 6
*Consumer Sols. Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002 (N.D. Cal. 2009) ....................................................................................................... 5
*Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072 (M.D. Fla. 1989) .................................................................................. 5
*Davis v. HSBC Bank*, 691 F.3d 1152 (9th Cir. 2012) ....................................... 2, 3
*DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212 (S.D. Cal. 2001) ................... 4
*Drew v. Quest Diagnostics*, 992 F. Supp. 2d 1177 (N.D. Cal. 2014) .................... 1
*Estate of Prasad ex rel. Prasad v. County of Sutter,* 958 F. Supp. 2d 1101 (E.D. Cal. 2013) ......................................................................... 2
*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ...................................... 5
*Foxen v. Carpenter*, 6 Cal.App.5th 284 (2016) .................................................... 7
*Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) .................... 3
*Hall v. Spencer County, Ky.*, 583 F.3d 930 (6th Cir. 2009) .................................. 8
*Illinois Nat'l Ins. Co. v. Nordic PCL Const., Inc.*, 870 F.Supp.2d 1015 (D. Haw. 2012) ..................................................................................... 4
*In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999) ...................................... 8
*In re Facebook PPC Advertising Litig.,* 709 F.Supp.2d 762 (N.D. Cal. 2010) ....................................................................................................... 6
*Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380 (9th Cir. 1953) ............................................................................................................ 4
*Knievel v ESPN*, 393 F.3d 1068 (9th Cir. 2005) .................................................. 2
*LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820 (N.D. Cal. 1992) ....................................................................................................... 6
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .................................... 2
*Lee v. Hanley*, 61 Cal.4th 1225 (2015) ................................................................. 8
*Martell v. Trilogy Ltd.*, 872 F.2d 322 (9th Cir. 1989) ........................................... 7
*Mayle v. Felix*, 545 U.S. 644 (2005) .................................................................... 7
*Multimedia Patent Trust v. Microsoft Corp.,* 525 F. Supp. 2d 1200 (S.D. Cal. 2007) ...................................................................................... 2
*Nguyen v. CTS Electronics Mfg. Solutions Inc.*, 301 F.R.D. 337 (N.D. Cal. 2014) ........................................................................................... 5
*Oracle America, Inc. v. Micron Tech., Inc.*, 817 F.Supp.2d 1128 (N.D. Cal. 2011) ........................................................................................... 4
*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ............................................. 3
*Pina v. Henderson*, 752 F.2d 47 (2d Cir. 1985) ................................................... 4
*Roe v. City of San Diego,* 289 F.R.D. 604 (S.D. Cal. 2013) ................................ 9
*Rosales v. FitFlop USA, LLC,* 882 F.Supp.2d 1168 (S.D. Cal. 2012) .................. 4
*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570 (7th Cir. 2006) .................. 8
*Saylavee LLC v. Hockler,* 228 F.R.D. 425 (D. Conn. 2005) ................................ 4
*SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995) ............................................. 1
*Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.,* 2016 U.S. Dist. LEXIS 18642, *9, 2016 WL 615335 (E.D. Cal. Feb. 12, 2016) ............................................................................................. 2
*Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212 (E.D. Cal. 2011) ............... 5
*Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3rd Cir. 1999) ................................................. 2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

| | |
|---|---:|
| *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128 (N.D. Cal. 2010) | 2 |
| *Tucker v. American Int'l Group, Inc.*, 936 F. Supp. 2d 1 (D. Conn. 2013) | 5 |
| *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011) | 6 |
| *Van Buskirk v CNN*, 284 F.3d 977 (9th Cir. 2002) | 3 |
| *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429 (7th Cir. 1993) | 3 |

No table of authorities entries found.**Rules**

| | |
|---|---:|
| Fed. R. Civ. P. 12(b) | 3 |
| Fed. R. Civ. P. 15(c)(1)(A) | 6 |
| Fed. R. Evid. 201(b) | 3 |
| Fed. R.Civ. P. 15(c)(1)(B) | 7 |
| Rule 201(b)(1) | 3 |
| Rule 201(b)(2) | 3 |

Plaintiff L. LEE BRIGHTWELL ("Brightwell") hereby submits the following Opposition to Defendants THE MCMILLAN LAW FIRM, APC; SCOTT A. MCMILLAN and MICHELLE D. VOLK ("Defendants")' Motion to Strike ("Motion") as follows:

## I. INTRODUCTION

As a preliminary matter, Defendants' Motion should be denied because each of the arguments raised is reliant upon the purported "evidence" contained in Defendants' Request for Judicial Notice, which Request should be denied, in whole or in part. Brightwell incorporates all the reasons set forth in greater detail in Plaintiff's Objections to Defendants' Request for Judicial Notice and Opposition to Motion to Dismiss, both of which are filed concurrently herewith.[1] Should this Court deny Defendants' Request for Judicial Notice, doing so would substantively eliminate the grounds and support underlying Defendants' Motion herein.

Furthermore, Defendants' Motion to Strike should be denied because the new allegations are not contradicted by proper admissible evidence which is before the Court, and because the new allegations are not subject to a time-bar, as they relate back to the original complaint.

## II. PLAINTIFF'S NEW ALLEGATIONS ARE PROPER, MATERIAL AND PERTINENT

As with motions to dismiss for failure to state a claim, the grounds for a motion to strike must appear on the face of the pleading under attack, or from matters that the court may judicially notice (e.g., the court's own files or records). *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489-490 & fn. 1 (C.D. Cal. 2014); *Drew v. Quest Diagnostics*, 992 F. Supp. 2d 1177, 1182 (N.D. Cal. 2014).

---

[1] It may be more efficient to consider Plaintiff's Objections to Defendants' Request for Judicial Notice before turning to this motion, and also to Defendants' 12(b)(6) Motion to Dismiss, both of which rely heavily upon the same purported "evidence" as being judicially noticed.

When ruling on a motion to strike, the court must accept the nonmoving party's allegations as true[2] and liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Multimedia Patent Trust v. Microsoft Corp.,* 525 F. Supp. 2d 1200, 1207 (S.D. Cal. 2007) (citing text); *Stearns v. Select Comfort Retail Corp.,* 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010); *Estate of Prasad ex rel. Prasad v. County of Sutter,* 958 F. Supp. 2d 1101, 1109 (E.D. Cal. 2013).

### A. The Court Should Disregard the Inadmissible Information Defendants Rely Upon in Their Request for Judicial Notice Because the Contents of Documents in Prior Court Proceedings Are Not Judicially Noticeable

In a Rule 12 motion, when a court takes judicial notice of another court's opinion, it may do so "**not for the truth of the facts recited therein, but for the existence of the opinion**, which is not subject to reasonable dispute over its authenticity." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis added); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999).

In *Davis v. HSBC Bank*, the Ninth Circuit discussed when a court may decide to incorporate by reference documents outside the pleadings and that when doing so in connection with Rule 12 motions, this converts the motion to one for summary judgment. *Davis v. HSBC Bank*, 691 F.3d 1152, 1159-1160 (9th Cir. 2012). In order to look beyond the pleadings, the documents to be taken into account must be "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id*. citing *Knievel v ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). In converting the 12(b)(6)

---

[2] Courts have held that submission of extrinsic evidence in support of a motion to strike converts the motion into one for summary judgment. *Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc., 2016 U.S. Dist. LEXIS 18642, *9, 2016 WL 615335 (E.D. Cal. Feb. 12, 2016) (*concluding it would be counterproductive to convert the motion to a motion for summary judgment, "the Court shall not address arguments premised on extrinsic evidence")

motion into a Rule 56 motion for summary judgment, the Court must give the nonmoving party an opportunity to respond. See Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998).

Here, the incorporation doctrine relied upon in the *Davis* case does not apply because Plaintiff's FAC does not allege the contents of the documents in question. Ms. Brightwell does not rely on the documents nor do they form the basis of her complaint, as would be required to convert Defendants' motion to one for summary judgment based on consideration of such extrinsic documents. See *Van Buskirk v CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The documents which are the subject of Defendants' Request for Judicial Notice, No. 2 and No. 3, did not form the basis for Plaintiff's action and are not sufficiently attendant to the allegations of the FAC to employ the doctrine of incorporation by reference.

Defendants' contention that the extrinsic evidence could be considered under the doctrine of judicial notice is equally unpersuasive because the Court can only take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The underlying facts relevant to the adjudication of this case – what duties were owed to Plaintiff by Defendants, whether Defendants breached their duties, or contract, or misrepresented or omitted issues to Plaintiff, and so on – do not remotely fit the requirements of Rule 201.

While Courts may take judicial notice of some public records, and the extrinsic evidence sought includes documents related to a prior legal proceeding, that in and of itself does not mean that all evidence related to this case fits within

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

the judicial notice exception. *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953); *Cf. Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) (holding that the existence and content of a police report are not properly the subject of judicial notice).

The statements made by Plaintiff within her opposition to Defendants' motion to withdraw in the underlying action, prepared without the assistance of counsel and in response to her own attorneys' motion, were obviously not relied upon in the FAC. The same is true for the contents of the transcript at the hearing on the same motion. The contents of documents such as these are not allowed here as judicially noticeable facts unless they form the basis of the plaintiff's FAC. *Compare Branch v. Tunnell*, 14 F.3d 449, 450-54 (9th Cir. 1994) *with DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212, 1219-21 (S.D. Cal. 2001). Indeed, none of the documents Defendants are requesting to be judicially noticed formed the basis of Brightwell's action, and she did not refer to any of them in the FAC.

**B. Plaintiff's New Allegations Are Proper and Responsive to Defendants' Motion to Dismiss the Original Complaint**

A motion to strike generally will not be granted simply because an allegation is offensive. *Saylavee LLC v. Hockler,* 228 F.R.D. 425, 426 (D. Conn. 2005) ("Inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates"). Rather, a motion to strike will only be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Illinois Nat'l Ins. Co. v. Nordic PCL Const., Inc.,* 870 F.Supp.2d 1015, 1039 (D. Haw. 2012); *Rosales v. FitFlop USA, LLC,* 882 F.Supp.2d 1168, 1179 (S.D. Cal. 2012); *Oracle America, Inc. v. Micron Tech., Inc.*, 817 F.Supp.2d 1128, 1132 (N.D. Cal. 2011) ("A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action"). Regarding redundant, immaterial,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

impertinent or scandalous matter, **where there is any doubt as to the relevance of the challenged allegations, courts err on the side of permitting the allegations to stand, particularly where the moving party shows no prejudice therefrom**. *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc*., 719 F.Supp. 1072, 1073 (M.D. Fla. 1989).

"Redundant" has been defined as including allegations that are wholly foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011); *Nguyen v. CTS Electronics Mfg. Solutions Inc*., 301 F.R.D. 337, 342 (N.D. Cal. 2014). Defendants have not demonstrated that any of the new allegations are redundant. Additionally, the new allegations are clearly related to the issues already raised in the original pleading since Plaintiff did not assert any new causes of action.

A matter is "immaterial" if it has no bearing on the controversy before the court and "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, (1994). If there is any doubt as to whether the allegations might be an issue in the action, the motion should be denied. *Id.*; *Tucker v. American Int'l Group, Inc*., 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013) "Impertinent" has been defined to include allegations that are not responsive or relevant to issues involved in the action and that could not be admitted as evidence in the action. *Fantasy, Inc.,* 984 F.2d at 1527; *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.,* 301 F.R.D. 487, 490 (C.D. Cal. 2014). "Scandalous matters are allegations that **unnecessarily** reflect on the moral character of an individual." *Consumer Sols. Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (emphasis added).

In sum, detailed evidentiary allegations (even where not usually proper), which supply background or historical material or other matter of an evidentiary nature, which contribute to understanding of the complaint as a whole, will not be

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

stricken unless unduly prejudicial to defendant. *LeDuc v. Kentucky Central Life Ins. Co.,* 814 F.Supp. 820, 830 (N.D. Cal. 1992); *In re Facebook PPC Advertising Litig.,* 709 F.Supp.2d 762, 773 (N.D. Cal. 2010).

### C. Plaintiff's New Allegations Are Not Time-Barred Because, As They Do Not Assert a New Legal Theory, They Relate-Back

The only grounds Defendants cite for striking any of the new allegations is that they are barred by the statute of limitations. Defendants' contentions are meritless.

All of the new allegations in the FAC relate back to the original complaint because there is no new legal theory presented. An amended complaint "relates back" to the date the action was commenced; thus, if the original complaint was timely filed, expiration of the statute of limitations at the time of the amendment is no bar. *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857-858 (9th Cir. 2011) (primary purpose of Rule 15(c) is to address, and defeat, statute of limitations problems). Generally, relation back is permitted if it is (a) authorized under the law providing the statute of limitations that governs the action, or (b) the newly asserted claim or defense arises out of the same conduct, transaction or occurrence alleged in the original pleading. FRCP 15(c)(1). If the amended complaint would "relate back" under the law that provides the applicable statute of limitations, it "relates back" under Rule 15(c). Fed. R. Civ. P. 15(c)(1)(A); see *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 962-963 (11th Cir. 2001).

The effect is to defer to more liberal state or federal laws on this point: "Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Butler v. National Community Renaissance of Calif.,* 766 F.3d 1191, 1201 (9th Cir. 2014). Unless the applicable statute of limitations provides an even more liberal standard (above), amended pleadings "relate back" as to existing parties if the claim or defense asserted in the amended

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

pleading arises "out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R.Civ. P. 15(c)(1)(B).

The effect is that even if the statute of limitations has now run, a complaint can generally be amended against *existing* defendants and the only requirement is whatever theories or causes of action are pleaded in the amended complaint must "arise out of" the same "conduct, transaction or occurrence" pleaded in the original complaint. *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

Here, the statute of limitations on point is California's section 340.6, enacted in the 1970's amid rising legal malpractice insurance premiums to establish a one-year limitations period applicable to any claims concerning "an attorney's violation of his or her professional obligations in the course of providing professional services and regardless of how those claims were styled in the plaintiff's complaint." *Foxen v. Carpenter*, 6 Cal.App.5th 284, 292-294 (2016). Ms. Brightwell's complaint was filed on June 30, 2016 (Docket No. 1, Plaintiff's original complaint), well within one year of Defendants' withdrawal from representation of Plaintiff in the underlying action on or about July 31, 2015 (FAC, ¶ 27).

Following Defendants' first pleading challenge, Brightwell filed the FAC on December 7, 2016, providing additional facts to support the claims already asserted. (See Dkt. No. 16, FAC[3]). Accordingly, the new allegations in the FAC relate back to the time of the original filing because they are based on the same operative facts as those set forth in the original complaint. *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Martell v. Trilogy Ltd, supra*, 872 F.2d at 325 (referencing a "common core of operative facts"); see also *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (amended complaint related back because it was likely proved by "same kind of evidence" that supported original pleading). A cursory review of

---

[3] All references herein are to the First Amended Complaint, Docket No. 16, unless otherwise stated.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

the new allegations reveals there are no new causes of action and that all of the new allegations provide additional factual detail in support of the previously asserted claims.

The relation back doctrine is liberally applied. An amended complaint is not time-barred because it asserts a new theory. The basic inquiry is whether the opposing party was on notice of the nature of the claim raised by the amended pleading. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006); *Hall v. Spencer County, Ky.*, 583 F.3d 930, 934 (6th Cir. 2009); *ASARCO,* 765 F.3d at 1004. Named defendants are on notice of the whole transaction because the initial "filing of a lawsuit 'warns the defendant to collect and preserve his evidence in reference to … the whole transaction described in it …' Thus, defendant is aware that claims regarding that transaction may be amended and that the form of relief and law relied upon are not confined to their original statement." *Martell,* 872 F.2d at 326; *In re Coastal Plains, Inc.*, 179 F.3d 197, 216 (5th Cir. 1999). The primary consideration under Rule 15(c) is whether the original pleading provides adequate notice of the claims Ms. Brightwell brought against Defendants in the amended complaint. Because the amended pleading arises from the same transaction, occurrence, or conduct pleaded in the original complaint, Defendants were sufficiently aware of the claims alleged against them.

Additionally, Defendants' reliance on *Lee v. Hanley*, 61 Cal.4th 1225 (2015), for the proposition that certain of Plaintiff's claims should be time-barred insofar as they rely upon new allegations is wholly unsupported because any purported time-bar is not clear from the FAC's allegations. As stated in *Lee*, a motion to dismiss "based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. In order for the bar … to be raised by [a motion to dismiss], the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred." *Id.* at 1232.

DINSMORE &
SHOHL LLP
SAN DIEGO

1   The new allegations are not time-barred because Ms. Brightwell's complaint was filed within the requisite one year time frame contemplated by section 340.6 and because Ms. Brightwell asserted, in her original complaint, the very same causes of action arising out of the very same transaction and series of events set forth in the FAC. The original complaint was sufficient to provide Defendants with fair notice of the claims being alleged against them, including a statement of the facts constituting the claims, in ordinary and concise language.

### III. ALTERNATIVELY, LEAVE TO AMEND SHOULD BE GRANTED

"Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Roe v. City of San Diego,* 289 F.R.D. 604, 608 (S.D. Cal. 2013). If this Court determines that any of Ms. Brightwell's claims should be stricken, which it should not as set forth above, Ms. Brightwell hereby requests leave of court to amend its complaint to cure any pleading deficiencies.

### IV. CONCLUSION

For all of the reasons provided herein, Plaintiff Ms. Brightwell respectfully requests that the Court deny Defendants' Motion to Strike or, in the alternative, permit Plaintiff Brightwell to amend her complaint to cure any pleading issues.

DATED: January 23, 2017     DINSMORE & SHOHL, LLP

             By: /s/ Joshua M. Heinlein
               JOSHUA M. HEINLEIN (SBN 239236)
               JESSICA WILSON (SBN 254366)
               Attorneys for Plaintiff
               L. LEE BRIGHTWELL

10934228v2

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that this document filed through the ECF system was filed |
| 3 | electronically to the registered participants as identified on the Notice of |
| 4 | Electronic Filing (NEF) and paper copies will be sent to those indicated as non- |
| 5 | registered participants on the date specified below. |

Dated: January 23, 2017

/s/ Joshua M. Heinlein
Joshua M. Heinlein