1  JOSHUA M. HEINLEIN (SBN 239236)
   joshua.heinlein@dinsmore.com
2  JESSICA G. WILSON (SBN 254366)
   jessica.wilson@dinsmore.com
3  DINSMORE & SHOHL LLP
   655 West Broadway, Suite 840
4  San Diego, CA 92101
   Ph: (619) 356-3518
5  Fx: (619) 615-2082

6  Attorneys for Plaintiff
   L. LEE BRIGHTWELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 16-CV-01696-W-NLS<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 71(d)(1)]<br><br>Date:              February 6, 2017<br>Courtroom:   3C<br>Judge:            Thomas J. Whelan<br>Magistrate Judge:   Nita L. Stormes<br>Complaint Filed:   June 30, 2016<br>Trial:               None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff L. LEE BRIGHTWELL hereby submits the following Objection to Defendants THE MCMILLAN LAW FIRM, APC; SCOTT A. MCMILLAN and MICHELLE D. VOLK ("Defendants") entire improper Request for Judicial Notice, as follows:

A party may not base a motion on facts or events which are subject to reasonable dispute. Fed. R. Evid. 201; see *Lee v. City of Los Angeles*, 250 F.3d 668, 688-690 (9th Cir. 2001) (discussing what may and may not be judicially noticed). In addition, the facts must be "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. *Id.* In short, the evidence submitted to the court must meet all requirements for admissibility of evidence if offered at the time of trial. *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 922 (D. Ariz. 2003); see also C.D. Cal. Ct. R 7-7, N.D. Cal. Ct. R. 7-5(b). The same rules of admissibility apply when evidence is offered in support of a motion. See *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

With respect to requesting judicial notice of court filings of related proceedings, while the Court may properly take judicial notice of the **existence** of the identified documents, **it cannot accept representations contained therein as true**. *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012) ("the court cannot accept the veracity of the representations made in [court documents filed in a prior action]"). A court may take judicial notice of another court's opinion in support of a motion only if it does so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999). Furthermore, it would be improper to take judicial notice of the validity of the *contents* of related court records which are unproved. *Lee*, 250 F.3d at 690.

Here, the contents of Plaintiff's opposition to Defendants' motion to withdraw in the underlying action are not judicially noticeable for Defendants' intended purpose of demonstrating that the arguments presented therein are true and refute the claims Plaintiff now asserts. *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1054 (N.D. Cal. 2012), affirmed 520 Fed.Appx. 534, 2013 WL 2254572, certiorari denied 134 S.Ct. 785, 187 L.Ed.2d 598. In other words, the contents of Plaintiff's opposition to Defendants' motion to withdraw from her representation in the underlying action, where the moving papers were in essence made by a *pro se* plaintiff, do not constitute facts generally known and certainly cannot be characterized as capable of accurate and ready determination as to their validity or admissibility. Judicial notice of the content of the prior moving papers here cannot be used to show that Defendants' are immune from liability as to Plaintiff. Indeed, Brightwell opposed Defendants' motion to withdraw in the underlying action because she feared it would injure her settlement leverage. Defendants' withdrawal did in fact cause such injury. Brightwell's opposition to Defendants' motion in the underlying action does not show that her claims now are invalid; it just shows that her fears came true.

Furthermore, the contents of Defendants' Request for Judicial Notice No. 2 are inadmissible because the probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. Fed. R. Evid. 403. Here, the contents of Plaintiff's opposition papers in question (No. 2) were based on a different set of circumstances and attendant goals – namely, Plaintiff was trying to prevent disruption of her underlying case while aggressively pursuing settlement. The prejudice to Brightwell *then* was the risk that withdrawal would negatively impact her ability to settle or obtain a favorable result in the underlying action.

Of course Plaintiff would have wanted the underlying case resolved as efficiently as possible and it was, therefore, reasonable that she believed at that time that the means to do so was by Defendants staying on as her attorneys. This is not inconsistent with her legal rights now to recover damages against Defendants after

PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

DINSMORE & SHOHL LLP
SAN DIEGO

they elected to withdraw as her counsel, including for their conduct throughout representation of Plaintiff. Within this context, Plaintiff's contemporaneous beliefs about her relationship with Defendants as set forth in her moving papers in the underlying case have no value or contribution in now considering whether Defendants' conduct was actionable.

Similarly, the Court cannot take judicial notice of the statements made by Brightwell during the hearing on Defendants' motion to withdraw. Like the statements contained in Brightwell's written opposition, the circumstances surrounding her opposition were different than the current situation. Such statements are not "indisputable facts." At best, they are statements to be probed in discovery and, eventually, at trial.

It is one thing to take judicial notice of the fact that court records exist, but their contents should not be deemed admissible, including for purposes of the instant Motions to Strike and Dismiss the First Amended Complaint.

Accordingly, Defendants' Requests for Judicial Notice, Nos. 2 and 3, should be denied as to the content of the requested records.

DATED: January 23, 2017      DINSMORE & SHOHL, LLP

By: /s/ Joshua M. Heinlein
JOSHUA M. HEINLEIN (SBN 239236)
JESSICA WILSON (SBN 254366)
Attorneys for Plaintiff
L. LEE BRIGHTWELL

10920278v3

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system was filed electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date specified below.

Dated: January 23, 2017

                            /s/ Joshua M. Heinlein
                            Joshua M. Heinlein