JOSEPH S. LEVENTHAL (SBN 221043)
joseph.leventhal@dinsmore.com
JOSHUA M. HEINLEIN (SBN 239236)
joshua.heinlein@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 840
San Diego, CA 92101
Ph: (619) 356-3518
Fx: (619) 615-2082

Attorneys for Plaintiff
L. LEE BRIGHTWELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br><br>        Defendants. | Case No. 16-CV-01696-W-MDD<br><br>**DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER REQUIRING OUT-OF-STATE PLAINTIFF TO FILE BOND PURSUANT TO C.C.P. SECTION 1030**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 71(d)(1)]<br><br>Date:                January 9, 2017<br>Courtroom:     3C<br>Judge:             Thomas J. Whelan<br>Magistrate Judge: Mitchell D. Dembin<br>Complaint Filed:  June 30, 2016<br>Trial:              None Set |

I, L. Lee Brightwell, declare:

1. I am the plaintiff in the above-referenced action and have personal knowledge of the facts set forth in this declaration. If called upon to testify, I could and would testify competently hereto.

2. During the underlying O'Donnell action, Defendants threatened to withdraw several times, the last of which was over a payment dispute following issuance of an approximate $60,000 bill, and even though I had timely paid all of their prior invoices. Within less than two weeks, because I had not yet paid this invoice, Defendants then filed their motion to withdraw while settlement negotiations with the O'Donnell defendants were ongoing. At or around this time, Defendants told me they believed the O'Donnell defendants would pay $550,000 or more. Defendants threatened their withdrawal over a payment dispute, while using the settlement posture of the case as leverage.

3. However, after the O'Donnell defendants learned of the motion to withdraw and the disagreement between me and Defendants, they refused to increase their settlement offer of $435,000, because they knew that if I did not settle I would likely have to prepare for trial without counsel.

4. Prior to the order granting Defendants' motion to withdraw becoming effective, I offered to pay Defendants $18,000. But, Defendants unequivocally rejected my offer, forcing me to retain new counsel.

5. After the court granted Defendants' motion, they were still unsure of whether they wished to withdraw their representation and within hours after the motion was granted, McMillan told me that Defendants were willing to stay on as counsel of record if I hired an attorney in Hawaii to supervise Defendants to make sure they were not taking advantage of me or committing malpractice. I declined this proposal and Defendants then elected to withdraw from my representation.

6. Since the withdrawal by Defendants, I have had to incur additional attorneys' fees and costs in contemplation of, and in prosecuting, this action.

1.

DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR BOND

7. Defendants are keenly aware of my financial circumstances and can use this to their advantage now. On August 28, 2015, Defendants sent me a final invoice claiming $64,922.59 in hourly attorneys' fees and costs plus an additional line item for "other activity" in the amount of $87,000 for a purported contingency fee even though Defendants voluntarily withdrew from the O'Donnell Action prior to settlement, for a total of $151,922.59 purportedly due and owing

8. I am not presently employed. Rather, I am self-employed and invest in real estate and residential property renovations, which generate enough for me to live modestly. Defendants' claim to $151,922.59 of the settlement proceeds from the O'Donnell action has deprived me of the beneficial use of those funds for over a year.

9. I presently have approximately $4,711.24 in liquid assets, which I rely upon for my personal living expenses.

10. I do not have tangible assets to cover the bond amount sought by Defendants in this motion and, even assuming I could obtain a bond to cover any amount required, doing so would cause me to suffer severe financial hardship.

11. I have reviewed the First Amended Complaint, including each of the allegations set forth therein, and I believe them to be true and correct to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 17th day of April 2017, at Honolulu, Hawaii.

*[signature]*
L. LEE BRIGHTWELL

10850410v2

2.

# CERTIFICATE OF SERVICE

I Teresa M. Mendoza certify that I served electronically via the ECF System the **DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ORDER REQURIING OUT-OF-STATE PLAINTIFF TO FILE BOND PURSUANT TO C.C.P. SECTION 1030**

| Heather L. Rosing<br>Daniel S. Agle<br>KLINEDINST PC<br>501 West Broadway, Suite 600<br>San Diego, CA  92101 | *Attorneys for Defendants*<br>THE MCMILLAN LAW FIRM, APC, a professional corporation; SCOTT A. MCMILLAN and MICHELLE D. VOLK |
|---|---|

Dated: April 17, 2017

_____
Teresa M. Mendoza

---

3.
DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR BOND