# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL,<br><br>                              Plaintiff,<br>v.<br>THE MCMILLAN LAW FIRM, et al.,<br>                            Defendants. | Case No.: 16-CV-1696 W (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 18]; AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE [DOC. 19]** |

     Pending before the Court are (1) Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. 18], and Defendants' Motion to Strike pursuant to Fed. R. Civ. P. 12(f). [Doc. 19.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** both motions.

//
//
//

## I. BACKGROUND

This is a legal malpractice case over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*First Amended Complaint ("FAC")* [Doc. 16].) It arises out of an underlying action that began in 2013. (*Id.* [Doc. 16] ¶ 8.) On June 30, 2016, Plaintiff filed the Complaint against the law firm that previously represented her, an attorney at that law firm, and that attorney's associate. (*See Compl.* [Doc. 1].)

The First Amended Complaint ("FAC") alleges that, on the eve of trial, Plaintiff's former counsel informed her of a lack of confidence in his own abilities as a result of a 2015 car accident that caused him to suffer a traumatic brain injury from which he was still recovering at the time. (*See FAC* [Doc. 16] ¶¶ 1–20.) As a result, Plaintiff alleges that "Defendants put great pressure on [her] to settle the [underlying action] for far less than the amount Defendants originally told [her] the case was worth." (*See id.* [Doc. 16] ¶ 20.) Further, the FAC alleges that Defendants unjustifiably inflated their legal bills and then threatened to withdraw during critical settlement negotiations when she did not pay them within eleven days. (*See id.* [Doc. 16] ¶ 22.) According to the FAC, Defendants did, in fact, file a motion to withdraw with the Court during said settlement negotiations, which was granted. (*Id.* [Doc. 16] ¶¶ 26–27.) Plaintiff then hired a new attorney and settled the case several months later. (*See id.* [Doc. 16] ¶¶ 28.) Thereafter, despite a voluntary withdrawal from the matter, Defendants allegedly billed Plaintiff based on their original contingency agreement—for a settlement they did not arrange. (*See id.* [Doc. 16] ¶ 29.)

The FAC asserts five causes of action: (1) breach of contract; (2) fraud; (3) professional negligence; (4) breach of fiduciary duty; and (5) declaratory relief. (*FAC* [Doc. 16].)

//
//
//
//

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Motion to Strike Pursuant to Rule 12(f)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .

3

.' " <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) (quoting <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds by* 510 U.S. 517 (1994)). Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." <u>See</u> <u>Travelers Cas. & Sur. Co. of Am. v. Dunmore</u>, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions. <u>See</u> <u>Dunmore</u>, 2010 WL 5200940, at *3. " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " <u>Whittlestone</u>, 618 F.3d at 974 (quoting <u>Fogerty</u>, 984 F.2d at 1527). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." <u>Id.</u> (internal quotation omitted). "Scandalous matters are allegations that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court." <u>Consumer Soultions REO, LLC v. Hillery</u>, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting <u>Corbell v. Norton</u>, 224 F.R.D. 1, 5 (D.D.C. 2004)).

A court may not strike from the pleadings any disputed and substantial factual or legal issue. <u>See</u> <u>Whittlestone</u>, 618 F.3d at 973–74 (9th Cir. 2010). For the purpose of this inquiry, the Court construes the pleading in the light most favorable to the non-moving party. <u>See</u> <u>id.</u> at 975 n.2.

### III. DISCUSSION

#### A. Request for Judicial Notice

Plaintiff requests judicial notice via two identical filings in connection with the instant motion to dismiss and motion to strike. (*Request for Judicial Notice as to Motion to Dismiss* [Doc. 18-2]; *Request for Judicial Notice as to Motion to Strike* [Doc. 19-2].)
//
//

4

A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' " Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation omitted), *overruled on other grounds as stated in* Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Matters of public record subject to judicial notice are an exception to this rule. See id. at 688–90. However, this exception may not exceed the outer bounds of Rule 201—it may not allow for the introduction or consideration of disputed facts, or facts that would contradict those alleged in the complaint. See id. at 690. Accordingly, "on a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.' " Id. (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426–27 (3rd Cir. 1999)).

Defendants request judicial notice of the following documents: (1) Plaintiff's FAC [Doc. 16]; (2) an opposition brief filed in the underlying state-court action; (3) a transcript of proceedings held in the underlying state-court action; (4) the docket of the underlying state-court action.

The Court takes judicial notice of these documents. However, it takes notice of only the existence of the parallel state-court filings, transcripts, and proceedings—not of the truth of any facts recited therein. See Lee, 250 F.3d at 690.

Defendants urge the Court to decide their 12(b)(6) motion on extrinsic facts recited in judicially noticed parallel state-court documents rather than on the facts alleged in the FAC. (*Defs.' Mot to Dismiss* [Doc. 18-1] 8:5–10:5.) They use remarkably strong language in their motion, referring to the FAC as a "sanctionable sham pleading that should be disregarded for [the] purposes of evaluating the sufficiency of Brightwell's

5

claims." (*Id.* [Doc. 18-1] 10:4–5.) Generally, a court may not consider extrinsic evidence so as to contradict factual allegations in a pleading for the purpose of deciding a 12(b)(6) motion. See Lee, 250 F.3d at 690; Iqbal, 556 U.S. 678. This is no exception.[1]

### B. Motion to Strike

Defendants move to strike various allegations in the FAC on three grounds: (1) they contradict facts recited within judicially noticed documents from the underlying state court proceeding; (2) they do not relate back to the original Complaint; and (3) they are otherwise immaterial or scandalous. (*Defs.' Mot. to Strike* [Doc. 19-1].) Only the third has merit, and only as to a few specific allegations within the FAC, identified below.

As to the first line of reasoning, Defendants' proposed use of judicial notice is improper. The Court may not take judicial notice of disputed facts. See F. R. Evid. 201(b). As noted above, the Court has judicially noticed the existence of the documents, not the truth of the facts recited therein.

As to the second, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back . . . [or] the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading . . . ." Fed. R. Civ. P. 15(c). "An amended claim arises out of the same conduct, transaction, or occurrence if it 'will likely be proved by the 'same kind of evidence' offered in support of the original pleading.' " ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (quoting Percy v. S.F. Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988)). "To relate back, 'the original and amended pleadings [must] share a

---

[1] Defendants contend that the FAC somehow incorporates the noticed documents by reference, despite the fact that it does not refer to them at all. (*See Defs.' Mot. to Dismiss* [Doc. 18-1] 8:5–10:5; FAC [Doc. 16].) This is misguided.

6

common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.' " Id. (quoting Martell v. Trilogy Ltd., 872 F.2d 322, 325 (9th Cir. 1989)). "The relation back doctrine of Rule 15(c) is 'liberally applied.' " Id. (quoting Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n. 29 (9th Cir.1982)).

The original Complaint did not contain as much detail as the FAC, but the two pleadings share a common core of operative fact. (*Compare Compl.* [Doc. 1]; *with FAC* [Doc. 16].) See ASARCO, 765 F.3d at 1004. Applying the doctrine liberally, the FAC relates back. See id.; Fed. R. Civ. P. 15(c).

As to Defendants' third line of reasoning, there are three sets of allegations in the FAC that have nothing to do with any cause of action, the inclusion of which within a public pleading could have severe ramifications for a practicing professional. See Fed. R. Civ. P. 12(f). First, paragraph 17 of the FAC alleges that Defendants improperly allowed Plaintiff access to files of other clients. (*FAC* [Doc. 16] ¶ 17.) This bears no relevance to any of Plaintiff's causes of action. Second, paragraph 20 of the FAC contains allegations as to the current state of McMillan's alleged brain injury. (*See id.* [Doc. 16] ¶ 20.) McMillan's physical or mental health after his last alleged interaction with Plaintiff has nothing to do with the case. Third, paragraph 21 of the FAC alleges that Defendants violated a protective order by allowing Plaintiff to review documents that were marked "Attorneys' Eyes Only" and then requesting that she destroy those documents. (*See id.* [Doc. 16] ¶ 21.) These allegations likewise appear unrelated to any harm for which Plaintiff now seeks redress.

Defendants do not show that any other material in the FAC is "redundant, immaterial, impertinent, or scandalous." See Fed. R. Civ. P. 12(f).

The allegations cited above will be stricken. Defendants' motion to strike will otherwise be denied.

//

//

7

### C. Motion to Dismiss

#### 1. Breach of Contract and Declaratory Relief

Defendants move to dismiss Plaintiff's causes of action for breach of contract and declaratory relief against both McMillan and Volk as individuals on the ground that only McMillan signed the relevant contract, and only in his role as an agent for the firm. (*Defs.' Mot.* [Doc. 18-1] 15:1–18:3.)

"Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." Restatement (Second) of Agency § 320 (1958); see Moore v. La Habra Relocations, Inc., 501 F. Supp. 2d 1279–80 (C.D. Cal. 2007); Serafini v. Superior Court, 68 Cal. App. 4th 70, 79, (1998).

The contract between Plaintiff and the McMillan Law Firm had signature lines for Plaintiff, and for Scott McMillan "for the firm." (*Engagement Agreement* [Doc. 16-1, Exh. A] 11.) As such, Defendant McMillan allegedly signed as an agent for a disclosed principal only. This action on the part of McMillan as an agent on behalf of a disclosed principal, the firm, does not directly give rise to individual liability. See Restatement (Second) of Agency § 320; Moore, 501 F. Supp. 2d at 1279–80; Serafini, 68 Cal. App. 4th at 79. And the FAC articulates no theory under which either he or Volk might be personally liable indirectly through their roles in the entity. Because Plaintiff seeks a declaration regarding her rights under the contract, the same reasoning applies to the individual defendants as to both the breach of contract and the declaratory relief causes of action. (*See FAC* [Doc. 16] ¶¶ 37–42, 62–65.)

Both the breach of contract and the declaratory relief causes of action will be dismissed with leave to amend as to Defendants McMillan and Volk.

#### 2. Fraud

Defendants move to dismiss Plaintiff's fraud cause of action in its entirety. (*See Defs.' Mot.* [Doc. 18-1] 12:18–14:2; 20:1–22:4.)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir .1997)). A plaintiff must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107.

Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir.1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428–29 (9th Cir. 2001)). Those circumstances must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Defendants argue that the fraud cause of action fails to meet the particularity pleading standard of Rule 9(b). (*See Defs.' Mot.* [Doc. 18-1] 20:3–22:4.) This cause of action is grounded in Defendants' billing practices,[2] which allegedly resulted in the firm

---

[2] Plaintiff also attempts to ground the fraud cause of action in alleged misrepresentations that took place prior to execution of the Engagement Agreement. (*See FAC* [Doc. 16] ¶¶ 44–45.) The FAC does not contain sufficient facts to support a fraud cause of action on these theories. However, because the cause of action survives on another theory, it will not be dismissed.

9

intentionally double-billing clients. (*See FAC* [Doc. 16] ¶¶ 30–35, 46.) Plaintiff sufficiently alleges the "who, what, when, where, and how" of the fraud alleged, <u>Vess</u>, 317 F.3d at 1106, by identifying the "specific fraudulent billing practice[,]" "how the billing scheme operate[d], how it [was] fraudulent, [and] how it affect[ed] Defendants' [client]." See <u>Moore v. Verizon Commc'ns Inc.</u>, 2010 WL 3619877, at *7 (N.D. Cal. Sept. 10, 2010). This is enough to "to give defendants notice of the particular misconduct . . . so that they can defend against the charge[s] and not just deny that they have done anything wrong." See <u>Vess</u>, 317 F.3d at 1106. At the pleading stage, Plaintiff need not identify "each and every bill [Defendants have] . . . sent that contains a misrepresentation[,]" let alone each and every allegedly duplicative line item therein. See <u>Ranger v. T-Mobile USA, Inc.</u>, 2009 WL 416003, at *2 (C.D. Cal. Feb. 19, 2009). To impose such an onerous requirement before discovery would be to misinterpret Rule 9(b).

Defendants' motion to dismiss Plaintiff's fraud cause of action will be denied.

### 3. Professional Negligence

Defendants contend that Plaintiff does not adequately plead her cause of action for professional negligence. (*See Defs.' Mot to Dismiss* [Doc. 18-1] 22:5–23:8.)

" 'The elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.' " <u>Turpin v. Sortini</u>, 31 Cal. 3d 220, 229–30 (1982) (quoting <u>Budd v. Nixen</u>, 6 Cal. 3d 195, 200 (1971)).

Plaintiff's cause of action for professional negligence incorporates by reference previous paragraphs in the pleading, which allege various breaches of Defendants' duty of care. (*FAC* [Doc. 16] ¶¶ 1–36, 52.) These range from duplicative billing practices (*Id.* [Doc. 16] ¶ 18) to substance abuse (*Id.* [Doc. 16] ¶ 19) to an inability to practice law resulting from a brain injury. (*Id.* [Doc. 16] ¶¶ 19–20.)

Defendants contend that Plaintiff alleges no injury that could support her cause of action. They assert—without support—that Plaintiff received the same settlement with her new attorney that she would have received with Defendants. (*See Defs.' Mot* [Doc. 18-1] 22:24–26; *FAC* [Doc. 16] ¶ 24–28 (alleging only that after Defendants' withdrawal, "the parties to the [underlying action] executed a settlement agreement.").) In fact, the professional negligence cause of action within the FAC alleges that Defendants' negligence caused Plaintiff to receive a lower settlement, and also resulted in negligently inflated bills. (*FAC* [Doc. 16] ¶ 54.) The Court must assume these allegations true at this stage. See Iqbal, 556 U.S. at 678. Defendants offer no persuasive reasoning as to why these injuries would not suffice.

Defendants' motion to dismiss this cause of action will be denied.

### 4. Breach of Fiduciary Duty

Defendants contend that Plaintiff does not adequately plead their breach of fiduciary duty cause of action. (*Defs.' Mot.* [Doc. 18-1] 23:9–25.)

" 'The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach.' " Gutierrez v. Girardi, 194 Cal. App. 4th 925, 932 (2011) (quoting Stanley v. Richmond, 35 Cal. App. 4th 1070, 1086 (1995)).

Defendants move to dismiss the cause of action for breach of fiduciary duty on the ground that the FAC does not allege any breaches of a duty to the client. (*Defs.' Mot.* [Doc. 18-1] 23:9–25.) Plaintiff's allegations on this point range from duplicative billing practices (*FAC* [Doc. 16] ¶ 18), to concealing a debilitating brain injury (*Id.* [Doc. 16] ¶ 20), to using a threat of withdrawal during settlement talks as a means to attain leverage to secure payment on an intentionally inflated bill. (*Id.* [Doc. 16] ¶ 22.) Again, the Court assumes the truth of these allegations at this stage of the litigation. Iqbal, 556 U.S. at 678.

Defendants imply that the state court's granting their motion to withdraw as counsel should absolve them of liability for any breaches of a fiduciary duty. (*See Defs.' Mot.* [Doc. 18-1] 23:19–22.) They provide no authority for this proposition. Nor do they provide authority for the proposition that Defendants' not having paid some of her disputed bills should result in a dismissal. (*Defs.' Mot.* [Doc. 18-1] 23:17–19 ("The breach of [a fiduciary duty] cannot arise from [allegedly inflated invoices] because Plaintiff did not pay the disputed fees—they are still sitting in her attorney's client trust account.").)

Defendants' motion to dismiss this cause of action will be denied.

## IV. CONCLUSION & ORDER

Defendants' motion to strike is **GRANTED IN PART AND DENIED IN PART.** Specifically, paragraphs 17 and 21 of the FAC are stricken from the docket in their entirety. Allegations as to the current state of Mr. McMillan's recovery from a brain injury appearing in lines 21–23 of paragraph 20 of the FAC are also stricken. The motion to strike is otherwise denied.

Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** Specifically, Plaintiff's breach of contract and declaratory relief causes of action are dismissed as to Defendants McMillan and Volk only. The motion to dismiss is otherwise denied.

//
//
//
//
//
//
//
//

Plaintiff will have leave to amend the FAC.[3] She must file any amended complaint on or before **<u>Tuesday, May 16, 2017</u>**.

**IT IS SO ORDERED.**

Dated: May 2, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[3] "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

13