JOSHUA M. HEINLEIN (SBN 239236)
joshua.heinlein@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorneys for Plaintiff
L. LEE BRIGHTWELL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br><br>  Defendants. | Case No. 16-CV-01696-W-NLS<br><br>**DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 7.1(d)(1)]<br><br>Date:  October 9, 2017<br>Courtroom:  3C<br>Judge:  Thomas J. Whelan<br>Magistrate Judge:  Nita L. Stormes<br>Complaint Filed:  June 30, 2016 |

I, L. Lee Brightwell, declare:

1. I am the plaintiff in the above-referenced action and have personal knowledge of the facts set forth in this declaration. If called upon to testify, I could and would testify competently hereto.

2. On April 25, 2013, I filed a complaint in San Diego Superior Court against Brian O'Donnell and RF Logistics, LLC, *Brightwell v. O'Donnell, et al.*, Case No. 37-2013-00046163-CU-BC-CTL ("O'Donnell Action"). Approximately a year and a half into the case, on September 29, 2014, I retained Defendants The McMillan Law Firm, Scott McMillan ("McMillan") and Michelle Volk to substitute in as my counsel in the O'Donnell Action. A true and correct copy of the fee agreement I entered into with Defendants is attached as Exhibit 1 to the Appendix of Exhibits.

3. Between September 2014 and March 2015, the trial date in the O'Donnell Action was continued multiple times. Between September 2014 and May 2015, I paid Defendants $115,000 in attorneys' fees.

4. On May 31, 2015, Defendants sent me a 74-page invoice for $59,689.27, a true and correct copy of which is attached as Exhibit 2 to the Appendix of Exhibits. This was the first invoice Defendants had sent me since March 15, 2015.

5. On June 11, 2015, **just 11 days later**, Defendants sent me an email demanding that I sign a substitution of attorney form because I had not yet paid the $60,000 invoice. A true and correct copy of Defendants' June 11 email is attached as Exhibit 3 to the Appendix of Exhibits. I wished to have sufficient time to review the lengthy bill. However, McMillan began threatening to file a motion to withdraw as counsel of record and using this as leverage to force me to pay, telling me that filing such a motion would almost certainly damage my position in the O'Donnell Action as well as the settlement posture.

1.

DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

6. On June 24, 2015, McMillan sent me an email stating that the bill needed to be resolved, or he would ask the court to continue the hearing on the motions in limine. A true and correct copy of the email is attached as Exhibit 4 to the Appendix of Exhibits.

7. On June 30, 2015, I had another email exchange with McMillan, a true and correct copy of which is attached as Exhibit 5 to the Appendix of Exhibits. The subject of the email that McMillan originally sent was, "Brightwell – I don't want to represent you anymore." At the end of the exchange, McMillan states: "I'm going to argue your in limine. Then I'm gone. Then we are done.

8. On July 2, 2015 and July 3, 2015, McMillan and I exchanged emails regarding the lengthy invoice Defendants had sent. A true and correct copy of our email exchange is attached as Exhibit 6 to the Appendix of Exhibits.

9. On July 9, 2015, Defendants filed a motion to be relieved as counsel in the O'Donnell Action. A true and correct copy of their motion is attached as Exhibit 7 to the Appendix of Exhibits. At the time Defendants filed their motion to withdraw, we were engaged in serious settlement discussions with the defendants in the O'Donnell Action. At that time, McMillan told me he believed the O'Donnell defendants would pay $550,000 or more to settle. But, after the O'Donnell defendants learned of the motion to withdraw and the disagreement between Defendants and I, the O'Donnell defendants refused to increase their settlement offer above $435,000, because they knew that if I did not settle I would likely have to prepare for trial without counsel. On July 13, 2015, I had an email exchange with McMillan reflecting the O'Donnell defendants offer and McMillan's advice on the settlement value, a true and correct copy of which is attached as Exhibit 8 to the Appendix of Exhibits.

10. On July 30, 2015, McMillan and I had another email exchange, a true and correct copy of which is attached as Exhibit 9 to the Appendix of Exhibits.

2.

**DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

1   11. On July 31, 2015, the court heard Defendants' motion to withdraw. A true and correct copy of the transcript of the hearing is attached as Exhibit 10 to the Appendix of Exhibits.

12. After the court granted Defendants' motion, they were still unsure of whether they wished to withdraw their representation and within hours after the motion was granted, McMillan told me that Defendants were willing to stay on as counsel of record if I hired an attorney in Hawaii to supervise Defendants to make sure they were not taking advantage of me or committing malpractice. I declined this proposal and Defendants then elected to withdraw from my representation.

13. On August 4, 2015, I retained new counsel to represent me in the O'Donnell Action. On November 19, 2015, the O'Donnell defendants and I executed a settlement agreement in the O'Donnell Action. The total amount of the settlement was $435,000.

14. On August 28, 2015, Defendants sent me a final invoice claiming $64,922.59 in hourly attorneys' fees and costs plus an additional line item for "other activity" in the amount of $87,000 for a purported contingency fee even though Defendants voluntarily withdrew from the O'Donnell Action prior to settlement, for a total of $151,922.59 purportedly due and owing. A true and correct copy of that invoice is attached as Exhibit 11 to the Appendix of Exhibits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 18 day of August 2017, at Honolulu, Hawaii.

L. LEE BRIGHTWELL

11599031v3

3.

**DECLARATION OF L. LEE BRIGHTWELL IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

DINSMORE & SHOHL LLP
SAN DIEGO