Scott A. McMillan, CBN 212506
Lauren Hanley-Brady, CBN 299644
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230
Tel (619) 464-1500 x 14 // Fax (619) 828-7399
email: scott@mcmillanlaw.us

Attorneys for Counterclaimant and Defendant, The McMillan Law Firm, APC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive,<br>Defendants. | Case No. 16-cv-01696-W-NLS<br><br>**COUNTERCLAIMANT THE MCMILLAN LAW FIRM APC'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COUNTERCLAIM**<br><br>[No Oral Argument Pursuant to Civ. Local Rule 7.1(d)(1)] |
| THE MCMILLAN LAW FIRM, APC, a California Professional Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>L. LEE BRIGHTWELL, an individual;<br><br>Counterdefendant, | Hearing Date: October 16, 2017<br>Courtroom: 3C<br>Judge: Thomas J. Whelan<br>Magistrate Judge: Nita L. Stormes<br>Complaint Filed: June 30, 2016 |

I.      INTRODUCTION

Plaintiff Brightwell has sued Defendant and Counterclaimant The McMillan Law Firm, APC for Breach of Contract, Fraud, Professional Negligence, Breach of Fiduciary Duty, and Declaratory Relief arising out of Counterclaimant's representation of Ms. Brightwell in a San Diego Superior Court action. [ECF 16.] The Defendants, including moving party, defendant and counterclaimant The McMillan Law Firm APC ("TMLF"), raised by affirmative defense: "As a twentieth and separate affirmative defense, defendants allege that plaintiff's claims are barred by the doctrine of unjust enrichment." [ECF 35, p. 14.]

TMLF answered, and submitted counterclaims, [ECF 36], which were later amended. [ECF 51]. The amended counterclaims contain contract claims including breach of contract, breach of the covenant of good faith and fair dealing, quantum meruit, declaratory relief, and also claims for fraud, Bus. & Prof. Code section 17200. [Id.][1] While at various points within the amended counterclaim, a claim for restitution is set forth, there is no specific claim stating the words "unjust enrichment." Indeed, under California law there is a split of authority whether such a claim must be plead. Thus, Counterclaimant TMLF seeks leave to file a Second Amended Counterclaim expressly setting forth such claim.

TMLF's counterclaims arise from the parties' interactions following Counterclaimant's ("TMLF") agreement to provide legal services to Counterdefendant ("Ms. Brightwell") in an action against R.F. Logistics LLC and Brian O'Donnell, and to defend Ms. Brightwell in a crosscomplaint brought by those persons. Ms. Brightwell, unbeknownst to TMLF at the time, had a history of retaining firms to represent her in the action with R.F. Logistics, wracking up tens, if not hundreds of thousands of dollars in legal fees, all the while mentally capping

---

[1] There are also claims in both the amended counterclaims and the proposed counterclaims addressing Ms. Brightwell's unauthorized access to Firm data and intrusion into the Firm network, and to foreclose liens. Those have not been changed.

what she was willing to pay those firms at an amount far below the charges incurred. TMLF was the third law firm in a daisychain of law firms she engaged to represent her against her business and personal associate Brian O'Donnell and his company RF Logistics LLC.

Unaware that Ms. Brightwell had set an arbitrary "cap" on the fees that she'd actually pay, TMLF agreed to take on Ms. Brightwell's case.  TMLF coupled its engagement with the requirement that Ms. Brightwell remain significantly involved, as the case was very near to trial and barely any preparation had been done by prior counsel. Ms. Brightwell failed to invest the promised time and energy into her case.   After significant effort and advancing expenses on her behalf, and largely without her assistance, TMLF prepared the case for trial in the San Diego Superior Court and prosecuted it through the hearings on the motions *in limine*.  Through the efforts of TMLF's attorneys, the defendants O'Donnell and RF Logistics LLC offered to settle the case for $435,000 –  a substantially greater offer than either of the two other law firms had induced –  which Ms. Brightwell rejected.

Ms. Brightwell refused to pay TMLF according to its fee agreement, refused to cooperate, and refused to communicate, provoking the motion to withdraw by TMLF.  While still being represented by TMLF, on the very day of the hearing on the motion to withdraw, Ms. Brightwell contacted the mediator and notified him that she'd accept the previously offered $435,000. The trial court granted Scott McMillan and TMLF's motion to withdraw.  Prior to the effective date of withdrawal, Ms. Brightwell engaged her present attorney Joshua Heinlein.  Once Ms. Brightwell had a lawyer in place, Scott McMillan filed the proof of service reflecting the withdrawal from representation.  Then Ms. Brighwell made her settlement with her then-defendants for the amount previously rejected of $435,000 and a release of their claims expressed in the cross-complaint.

In an abundance of caution and in order to avoid a technical waiver, TMLF now seeks to amend its Counterclaims against Ms. Brighwell to include unjust

enrichment, as Ms. Brightwell was unjustly enriched by the value of the services provided, and the expenses advanced by TMLF.

## II.  PROCEDURAL BACKGROUND

Plaintiff Linda Lee Brightwell initiated this case with a complaint filed on June 30, 2016. [ECF 1.] On December 7, 2016 Plaintiff filed a First Amended Complaint. [ECF 16.]  Defendants moved to dismiss that complaint. On May 2, 2017, the Court granted in part and denied in part Defendants' motion to dismiss. [ECF 31.]

On March 13, 2017 Defendants brought a motion for Plaintiff to Post and Undertaking. [ECF 27.]  On May 12, 2017, The Court denied that motion. [ECF 32.] In denying the motion, the court specifically noted the case of *Estate of Falco*, 188 Cal. App. 3d 1004, 1019, 233 Cal. Rptr. 807, 816 (1987). [Id., p.

On May 30, 2017 Defendants filed their Answer.  [ECF 35.] That same day Defendant TMLF filed its counterclaims. [ECF 36.] On June 16, 2017, Plaintiff and Counterdefendant Brightwell moved to dismiss the counterclaims directed at Ms. Brightwell's invasion of TMLF's data and network. [ECF 42.]  On July 17, 2017 Counterclaimant TMLF filed an amended counterclaim addressing those claims. [ECF 51.]   On August 7, 2017, Counterdefendant Brightwell again moved to dismiss TMLF's claims directed at Ms. Brightwell's invasion of TMLF's data and network. [ECF 53.]   The hearing on that motion is presently set for October 2, 2017. [Id.]

On August 14, 2017, the parties exchanged initial disclosures. [McMillan Dec., ¶3.]

On August 24, 2017, Plaintiff moved for partial summary judgment. [ECF 56.]   That motion is set for hearing on October 9, 2017. [Id.]

## III.  LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure gives parties the opportunity to amend their pleadings in two different circumstances. The first circumstance, which is not available to TMLF at this time, is "Amending as a

Matter of Course." This is an automatic amendment that is alllowed as long as it is done either before a response to the pleading is filed or 20 days after the pleading sought to be amended is filed. (FRCP Rule 15(a)(1).)

The second circumstance, applicable here, is by seeking consent of the opposing party or obtain leave from the Court. (FRCP Rule 15(a)(2).) When seeking leave to amend from the court, the Court will give leave to amend "when justice so requires." (*Id*.) Generally, leave to amend will be granted unless the weighing of several factors show that the amendment would be inappropriate.

## IV. ARGUMENT

### A. The Court Should Grant the Motion to Amend

When deciding whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. (*See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 US 178, 182 (1962).)

The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *(Eminence, 316 F.3d at 1052*.) Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *(Id.; see also Talwar v. Creative Labs, Inc.,* No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) [finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing].)

The Ninth Circuit has also held that one of the five *Foman* factors alone is

not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).

### 1. Prejudice

In this case, TMLF's amendment will not unduly prejudice Ms. Brightwell because the counterclaims are still at issue. Although initial disclosures were exchanged there has been no discovery by either side. [McMillan Dec., ¶ 4.] There have been no dispositive motions heard.

The issue of unjust enrichment was specifically raised by way of affirmative defense, and inferentially within the complaint by the references to restitution, thus a claim for relief for unjust enrichment should merit no surprise to Plaintiff. In California, there is a split of authority as to whether "unjust enrichment" is an actual cause of action. As explained by in *Concorde Equity II, Ltd. Liab. Co. v. Miller*, 732 F. Supp. 2d 990:

> There is a split of authority in California as to whether a claim for unjust enrichment is recognized as an independent cause of action. Some courts have affirmatively stated that "unjust enrichment is not a cause of action."*Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911, 81 Cal. Rptr. 3d 503 (Ct. App. 2008) (citing *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347 (Ct. App. 2003)). Other courts allow an independent claim of unjust enrichment. See, e.g., *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Ct. App. 2000) (to state claim for unjust enrichment, Plaintiff must plead "receipt of a benefit and the unjust retention of the benefit at the expense of another.") However, California courts agree that "unjust enrichment" is an effect, "the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior*, 106 Cal. App. 4th at 793; see also *McBride v. Boughton*, 123 Cal. App. 4th 379, 388, 20 Cal. Rptr. 3d

115 (Ct. App. 2004) (construing purported cause of action for unjust enrichment as attempt to plead cause of action giving rise to right to restitution).

*Concorde Equity II, Ltd. Liab. Co. v. Miller*, 732 F. Supp. 2d 990, 1001 (N.D. Cal. 2010)

The Amended Counterclaims "ACC", [ECF 51], presently before the court contain several references to restitution, [ACC ¶ 110], including a prayer for restitution, [ACC, Prayer for Contract CounterClaims, p. 25], and allegations describing Counterdefendant Brightwell's obtaining and retention of an unjust benefit. [ACC ¶¶ 36-39, 56]. Indeed, the claim for Unfair Competition according to Cal. Bus. & Prof. Code section 17200 directly seeks restitution. [ACC ¶¶ 108-110].

In light of the issues presently framed by the pleadings, there is no harm that Ms. Brightwell can reasonably allege substantiating any prejudice, let alone the "undue" prejudice required by Rule 15(a). The proposed amendments merely clarify the specifics as to the basis for the claims of unjust enrichment under *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Ct. App. 2000).

### 2. Previous amendments

The McMillan Law Firm, APC made a voluntary amendment according to Rule 15(a)(1)(B), following the service of the motion to dismiss. There was no other amendment made by leave of court.

### 3. Undue Delay

TMLF did not file the amendment with undue delay. Rather, TMLF filed the first amended counterclaim in response to the authorities identified in the motion to dismiss, which were limited to Counterdefendant Brightwell's data intrusion. The present amendment to the counterclaim merely sets forth additional facts which support the affirmative defense already plead for unjust

enrichment, and which expressly satisfy the authority of *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Ct. App. 2000).

### 4.   No bad faith

TMLF does not request leave to amend in bad faith or for dilatory reasons. [McMillan Decl., ¶ 5.] Rather, TMLF requests leave to amend because the factors identified in the court's order denying the bond were not fully articulated in the amended counterclaims according to the standards set forth in *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Ct. App. 2000). The amendment is made to avoid a technical waiver.

### 5.   Not futile.

TMLF's amendment is not futile because California law addressing the recovery of contingency fees directly addresses the circumstances where a client who repudiates settlement later accepts the terms negotiated:

> "While a client's exercise of the right to reject settlement is not cause for withdrawal, a client should be required to make restitution to the attorney, under a theory of unjust enrichment, if the client subsequently accepts settlement terms substantially similar to those negotiated by the attorney prior to his or her withdrawal."

*Estate of Falco*, 188 Cal. App. 3d 1004, 1019, 233 Cal. Rptr. 807, 816 (1987)

Thus, the amendment clarifies the theories that are implicated in the facts in the existing counterclaim, as well as in the 20th Affirmative Defense for Unjust Enrichment, as expressed in *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d 881 (Ct. App. 2000).

///
///
///

## V. CONCLUSION

Based on the above reasons, this Court should grant Counterclaimant The McMillan Law Firm, APC's Motion to Amend.

Respectfully submitted,

Date: August 28, 2017

BY: /s/ Scott A. McMillan
Scott A. McMillan
Attorney for Counterclaimant
The McMillan Law Firm, A.P.C.