Scott A. McMillan, CBN 212506
Lauren Hanley-Brady, CBN 299644
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230
Tel (619) 464-1500 x 14
Fax (619) 828-7399
email: scott@mcmillanlaw.us

Attorneys for Counterclaimant and Defendant, The McMillan Law Firm, APC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive, Defendants. | Case No. 16-cv-01696-W-NLS <br><br> **DECLARATION OF SCOTT A. MCMILLAN IN SUPPORT OF COUNTERCLAIMANT'S OPPOSITION TO MOTION TO DISMISS** <br><br> [No Oral Argument Pursuant to Civ. Local Rule 7.1(d)(1)] |
| THE MCMILLAN LAW FIRM, APC, a California Professional Corporation, <br><br> Counterclaimant, <br><br> v. <br><br> L. LEE BRIGHTWELL, an individual; <br><br> Counterdefendant, | Hearing Date: September 18, 2017 <br> Courtroom: 3C <br> Judge: Thomas J. Whelan <br> Magistrate Judge: Nita L. Stormes <br> Complaint Filed: June 30, 2016 |

# DECLARATION OF SCOTT A. MCMILLAN

1.   I am an attorney duly licensed to practice law before all courts of the State of California. I am a Defendant in the above-titled action and counsel for Counterclaimant. The following facts are within my personal knowledge, except as to matters stated on information and belief as, and as to those matters I believe to be true. If called as a witness herein, I can and will competently testify thereto.

2.   This declaration is made in support of Counterclaimant's opposition to Counterdefendant's Motion to dismiss the First Amended Counterclaim.

3.   On August 14, 2017, the parties exchanged initial disclosures.

4.   There has been no discovery by any of the parties.

5.   On August 28, 2017, I filed a motion requesting leave to file a Second Amended Counterclaim in an abundance of caution so as to add a cause of action regarding unjust enrichment. Filed contemporaneously herewith, I have filed a revised version of the proposed Second Amended Counterclaims, which further clarifies the ambiguities noted in Ms. Brightwell's Motion. Below are the changes made in the August 28, 2017 filing for a Second Amended Counterclaim:

   a.   **Paragraph 31** - <u>added</u>: Counterdefendant importuned Counterclaimant's attorney Scott McMillan, to threaten counsel for Mr. O'Donnell and RF Logistics LLC to reveal harmful facts concerning the Defendants O'Donnell and RF Logistics LLC if they would not accede to settlement demands, which Counterdefendant referred to as "tickling." Counterclaimant rejected Counterdefendant's demand. <u>On or about June 9, 2010, the Superior Court of California, Judge Timothy Taylor presiding, issued a tentative ruling on the motions in limine substantially following the rulings made in the earlier tentative. Such rulings on the motions in limine were favorable to Counterdefendant. The July 2, 2015 Minute Order reflecting those rulings is attached as</u> **Exhibit E.**

DECLARATION OF SCOTT MCMILLAN IN SUPP.
OF COUNTERCLAIMANT'S OPPOSITION TO
COUNTERDEFENDANT'S MOTION TO DISMISS

b.   **Paragraph 32** - <u>added</u>: <u>On or about July 13, 2015, counsel for Mr. O'Donnell and RF Logistics LLC sent a written settlement offer in the amount of $435,000 with $25,000 of which to be paid over time.</u> Counterdefendant suggested that Counterclaimant reduce its contractual fees due in exchange for Counterdefendant accepting a settlement at $435,000.

c.   **Paragraph 37** - <u>added</u>: Following August 5, 2015, Counterclaimant remained willing to try the case, except for eliciting the direct testimony of Counterdefendant, despite her retaining new counsel <u>on or about August 5, 2015.</u>

d.   **Paragraph 39** - <u>added</u>: Counterclaimant is informed and believes that contemporaneously with or immediately after the filing of the order withdrawal Counterdefendant, <u>engaged new counsel, and contemporaneously, if not shortly thereafter</u> arrived at a settlement with her defendants in that case. <u>Counterdefendant's settlement was a direct result of Counterclaimant's efforts on Counterdefendant's behalf.</u>

e.   **Paragraph 42** (First Counterclaim) - <u>added</u>: A valid written contract exists between Counterclaimant and Counterdefendant. <u>The contract provided a discount for prompt payment of invoiced fees, and the right to such discount has lapsed due to the failure to pay such fees.</u>

f.   **Paragraph 71** (Fourth Counterclaim) - <u>added</u>: Counterclaimant's reliance on Counterdefendant Brightwell's promise was a substantial factor in causing Counterclaimant harm. Counterclaimant has suffered additional payroll expenses, interest expenses, employee reimbursements, and foregone other remunerative opportunities as a result of the uncompensated time devoted to Counterdefendant Brightwell's case. Because Counterdefendant Brightwell's refusal to pay based on the previously undisclosed and arbitrary "cap" was

1  unforeseen Counterclaimant suffered financial injuries resulting from
2  the surprise of not only having the bill rejected but having that money
3  held in trust withheld.  <u>Resulting from the services provided and</u>
4  <u>expenses advanced as a consequence of the fraud, Counterdefendant has</u>
5  <u>received a benefit, and has unjustly retained that benefit at the expense</u>
6  <u>of Counterclaimant herein, and Counterclaimant is entitled</u> to restitution
7  thereof.

8  g.  **Added the following Eleventh Counterclaim**:

9  **Eleventh Counterclaim:**

10  **Unjust Enrichment**

11  **(Against all Counterdefendants)**

12  113.  Counterclaimant re-alleges as though set forth in full herein
13  paragraphs  1 through 38, 40 through 44, 46 through 49, 51
14  through 55, 58 through 72, and 81 through 86, 88, 89, and 90 as
15  though set forth at length herein.

16  114.  Resulting from the services provided and expenses
17  advanced as a consequence of mistake, fraud, coercion, or
18  request, Counterdefendant has received a benefit, and has unjustly
19  retained that benefit at the expense of Counterclaimant herein,
20  and Counterclaimant is entitled to restitution thereof.

21  h.  **Prayer for Relief** - added to **"II. As to the Fourth Counterclaim  for**
22  **Fraud"** the following:  <u>3. For restitution to Counterclaimant by</u>
23  <u>Counterdefendant of the value of the services provided and expenses</u>
24  <u>advanced by Counterclaimant according to proof at trial.</u>

25  i.  **Prayer for Relief** - added the following request for relief:

26  j.  **VIII. As to the Eleventh Counterclaim for Unjust Enrichment:** For
27  restitution to Counterclaimant by Counterdefendant of the value of the
28  services provided and expenses advanced by Counterclaimant by which

DECLARATION OF SCOTT MCMILLAN IN SUPP.
OF COUNTERCLAIMANT'S OPPOSITION TO
COUNTERDEFENDANT'S MOTION TO DISMISS                    4

1    Counterdefendant has been unjustly enriched according to proof at trial.

2    k.    Non substantive changes were also made, i.e., spelling corrections,

3          punctuation corrections, the word 'counterclaimant' rather than

4          'crosscomplainant.'

5    6.    The revised Second Amended Counterclaim contains the following

6    additional changes, the additions of which are indicated with <u>underlining</u>:

7    a.    22. On August 28, 2014, Counterdefendant Brightwell sat for

8          deposition.  Following the deposition of Counterdefendant Brightwell

9          on August 28, 2014, the relationship between Mr. Gruenberg and

10         Counterdefendant Brightwell deteriorated.  Counterdefendant

11         Brightwell also owed the Gruenberg firm fees, and was to shortly

12         thereafter reveal – unbeknownst to Counterclaimant TMLF herein,

13         that Counterdefendant Brightwell did not intend to pay her fee bill as

14         it came due.  Further, Counterdefendant Brightwell entered the

15         engagement with the Gruenberg firm with ~~an undisclosed~~ <u>a cap of</u>

16         <u>fees which she had not disclosed to the Gruenberg firm</u>.

17         Counterclaimant TMLF is informed and believes that

18         Counterdefendant Brightwell attempted to renegotiate her agreement

19         with the Gruenberg Firm, and suggested that they cut their fees in

20         order to accomplish a settlement.

21    b.   [new paragraph alters the numbering hereon out] <u>36. On July 31,</u>

22         <u>2015, the Court granted the motion to be relieved as counsel.</u>

23         <u>Crossdefendant appeared telephonically, was sworn and opposed the</u>

24         <u>withdrawal by Crosscomplainant's attorney Scott McMillan.  A true</u>

25         <u>and correct copy of the Transcript from Hearing on 7/31/2015 is</u>

26         <u>attached hereto as Exhibit F.</u>

27    c.   <u>37. Counterclaimant TMLF is informed and believes that on or about</u>

28         <u>August 4, 2017, before the filing of the order withdrawal</u>

1   Counterdefendant Brightwell engaged new counsel – Joshua

2   Heinlein, and contemporaneously, if not shortly thereafter arrived at a

3   settlement with her defendants in that case.

4   d.   38. On August 4, 2015, Scott McMillan, on Counterclaimant's behalf

5   sent the following e-mail to Counterdefendant Brightwell:

6   "Lee,

7   I just left a message on your voicemail.  I assume that
    you are once again screening my calls.

8

9   I was expecting to hear back from you re replacement
    counsel since we are not making headway on our fee
    dispute.

10

11  We have your trial preparation material and files.  I'm
    going to begin gathering it and cataloging it in
    preparation to provide it to you so that you can put on
    your trial.

12

13  Please do not delay in letting me know once you have
    new counsel.

14  I have not filed the proof of service yet, and did not want
    to do so until we were situated and you had someone

15  new. But, if you aren't communicating with me there
    seems to be little point in that.

16

17  Scott"

    e.   39.  On August 5, 2015, Counterdefendant Brightwell responded:

18
    "Scott,

19  I am in discussions with other counsel, but because you
    haven't filed the POS, the attorneys I've spoken with have

20  some uncertainties as to whether the order is effective.  If
    you could file the POS, it would help me get new counsel

21  on board.

22  Thank you,

23  Lee"

24

25  f.   41. Following August 5, 2015, Counterclaimant <u>TMLF</u> remained

26  willing to try the case, except for eliciting the direct testimony of

27  Counterdefendant <u>Brightwell</u>, despite her retaining new counsel on or

28  about August 5, 2015.  Following the retention of Joshua Heinlein,

DECLARATION OF SCOTT MCMILLAN IN SUPP.
OF COUNTERCLAIMANT'S OPPOSITION TO

1   Scott McMillan continued to provide advice, information, and

2   support for the Counterdefendant Brightwell's trial preparation.

3   g.   42. On or about August 6, 2015, Joshua Heinlein executed the

4   addendum to the Stipulated Protective Order.  Exhibit G.   On or

5   about August 6, 2015 or August 7, 2015, Scott McMillan met with

6   Counterdefendant Brightwell's counsel Joshua Heinlein and provided

7   documents.  At the time of the meeting, or shortly thereafter, Joshua

8   Heinlein informed Scott McMillan that he had electronic files.

9   h.   45. ~~Counterclaimant is informed and believes that contemporaneously~~

10   ~~with or  immediately after the filing of the order withdrawal~~

11   Counterdefendant~~, engaged new counsel, and contemporaneously, if~~

12   ~~not shortly thereafter arrived at a settlement with her defendants in~~

13   ~~that case.  Counterdefendant's~~ Brightwell's settlement was a direct

14   result of Counterclaimant's efforts on Counterdefendant Brightwell's

15   behalf.

16   i.   88.  On our about January of 2015, Counterclaimant TMLF revoked

17   Counterdefendant Brightwell's authorization to access its computers

18   and internal network. Counterdefendant Brightwell was sequestered

19   from the Counterclaimant TMLF's active network, and given a desk

20   inside the Firm's library, where she could use only her own computer,

21   with a firewalled IP address, and which only provided access to the

22   Internet, but not TMLF's internal network or files, including

23   Counterdefendant Brightwell's sub-directory.  Despite those efforts to

24   exclude Counterdefendant Brightwell from accessing the Firm's

25   internal network, Counterclaimant TMLF is informed and believes

26

27   DECLARATION OF SCOTT MCMILLAN IN SUPP.
    OF COUNTERCLAIMANT'S OPPOSITION TO

28   *16-01696*   COUNTERDEFENDANT'S MOTION TO DISMISS            7

1    based upon Counterdefendant Brightwell's suggestions in this case,

2    that she was able to access the Firm's private data <u>without</u>

3    <u>authorization, and without supervision.</u>

4    j.    Non substantive changes were also made, i.e., spelling corrections,

5    punctuation corrections, basic grammar changes, standardizing the

6    quotation and apostrophe fonts, and standardizing the references

7    between Counterclaimant and Counterdefendant in the facts section

8    (i.e. Counterclaimant TMLF and Counterdefendant Brightwell);

9    7.    A true and correct copy of the document compare between the Second

10   Amended Counterclaims filed contemporaneously herein and the First Amended

11   Counterclaims is attached as **Exhibit A**.

12

13        I declare under penalty of perjury according to the laws of the United States

14   and within the meaning of 28 U.S.C. § 1746 that the foregoing is true and correct.

15   Executed September 4, 2017, at the City of La Mesa, County of San Diego,

16   California.

17

18                    BY:   /s/ Scott A. McMillan
                            Scott A.  McMillan
19                          Attorney for Counterclaimant
                            The McMillan Law Firm, A.P.C.

20

21

22

23

24

25

26

27

28

DECLARATION OF SCOTT MCMILLAN IN SUPP.
OF COUNTERCLAIMANT'S OPPOSITION TO
COUNTERDEFENDANT'S MOTION TO DISMISS                8

# Exhibit

# A

WordPerfect Document Compare Summary


Original document:  Z:\client\Brightwell, Lee\Brightwell v. TMLF

37-2016-00013972\Federal

Case\Pleadings\170530-Counter-Claims\170717-TMLF-v-Brightwell-Counter-clai

m v7.wpd

Revised document:  Z:\client\Brightwell, Lee\Brightwell v. TMLF

37-2016-00013972\Federal Case\Pleadings\170904 new proposed second amend

CC\170904-TMLF-v-Brightwell-Counter-claim second amended v10a.wpd

Deletions are shown with the following attributes and color:

    ~~Strikeout~~, Blue  RGB(0,0,255).

    Deleted text is shown as full text.

Insertions are shown with the following attributes and color:

    Double Underline, Redline, Red  RGB(255,0,0).


The document was marked with 182 Deletions, 386 Insertions, 0 Moves.

Scott A. McMillan, CBN 212506
Lauren Hanley-Brady, CBN 299644
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941-5230
Tel (619) 464-1500 x 14 // Fax (619) 828-7399
email: scott@mcmillanlaw.us

Attorneys for Counterclaimant and Defendant, The McMillan Law Firm, APC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual, | Case No. 16-cv-01696-W-NLS |
| Plaintiff, | SECOND AMENDED COUNTERCLAIM FOR DAMAGES, FOR INJUNCTIVE EQUITABLE RELIEF, DECLARATORY RELIEF, FORECLOSURE OF A POSSESSORY LIEN; AND TO IMPRESS AND FORECLOSE UPON A CHARGING LIEN. |
| v. | |
| THE MCMILLAN LAW FIRM, APC, a professional corporation, SCOTT A. MCMILLAN, an individual, MICHELLE D. VOLK, an individual, and DOES 1 through 25, inclusive, Defendants. | |
| | |
| THE MCMILLAN LAW FIRM, APC, a California Professional Corporation, | |
| Counterclaimant, | |
| v. | |
| L. LEE BRIGHTWELL, an individual; | |
| Counterdefendant, | |

1  Counterclaimant The McMillan Law Firm, APC (Counterclaimant or

2  "TMLF"), for its Counterclaim against Counterdefendants LINDA LEE

3  BRIGHTWELL (Counterdefendant or ~~"Brightwell"~~"Ms. Brightwell"), alleges as

4  follows:

5  **PARTIES**

6  1.  Counterclaimant The McMillan Law Firm, APC, is a California

7  Professional Corporation registered with the State Bar of California as a law

8  corporation, with its principal place of business in the City of La Mesa, County of

9  San Diego, State of California.

10  2.  Counterdefendant L. Lee Brightwell, was at all times relevant in this

11  complaint, and is now, a natural person residing in Hawaii.

12  **JURISDICTION AND VENUE**

13  3.  This Court has original jurisdiction over this action pursuant to 28 U.S.C.

14  §1332, because this civil action has an amount in controversy in excess of $75,000,

15  exclusive of interest and costs, and is between citizens of different states.  Further,

16  this Counterclaim raises a Federal Question, allowing jurisdiction pursuant to 28

17  U.S.C. §1331.

18  4.  Counterclaimant TMLF is informed and believes, and based thereon

19  alleges, that ~~Counterdefendant's~~Counterdefendant Brightwell's obligations and

20  liabilities arose in the State of California, County of San Diego, and within the

21  jurisdiction of this Court.

22  5.  Services were performed by Counterclaimant, and a contract for legal

23  services was entered into between Counterclaimant TMLF and Counterdefendant

24  Brightwell, in the State of California, County of San Diego, within the jurisdiction

25  of this Court.

26  **FACTS COMMON TO ALL COUNTERCLAIMS**

27  6.  The counterclaims arise from the parties' interactions following

28  Counterclaimant's agreement to provide legal services to Counterdefendant

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  Brightwell in an action against R.F. Logistics, LLC and Brian O'Donnell, and to

2  defend Counterdefendant Brightwell in a crosscomplaint brought by R.F.

3  Logistics, LLC and Brian O'Donnell.  Counterdefendant Brightwell alleged in her

4  action, among other things, that Brian O'Donnell and Counterdefendant Brightwell

5  had rekindled a former intimate relationship in 2006, and agreed to share their life

6  together.  Counterdefendant Brightwell claimed that Brian O'Donnell had

7  promised her co-ownership in R.F. Logistics, LLC; and that, based on the promises

8  she had provided unpaid services to R.F. Logistics, had LLC, she made capital

9  contributions to it, and incurred expenses that were not reimbursed.

10  Counterdefendant Brightwell claimed that O'Donnell had acknowledged her

11  ownership in R.F. Logistics, LLC, which O'Donnell had started in 2003.

12  O'Donnell denied the Counterdefendant's Counterdefendant Brightwell's claims,

13  and for to support to his defense had, cited to a loan application, executed under

14  penalty of perjury, wherein Counterdefendant had Brightwell denied any ownership

15  in any business.  Mr. O'Donnell also claimed that he had made principal

16  contributions to the purchase of a Chula Vista house that had been purchased in

17  Counterdefendant's Counterdefendant Brightwell's name as Mr. O'Donnell's

18  estranged wife had previously refused to execute a release which would allow the

19  purchase by O'Donnell with Counterdefendant Brightwell, resulting in

20  Counterdefendant Brightwell holding title, but with Mr. O'Donnell making half of

21  the mortgage payments.  The Chula Vista house from which Mr. O'Donnell and

22  Counterdefendant Brightwell operated RF R.F. Logistics, LLC appreciated

23  significantly in value.  Ultimately, Counterdefendant Brightwell sold the Chula

24  Vista house, retaining all of the increased value, despite Mr. O'Donnell's payments

25  toward the principal.

26      7.  Counterclaimant TMLF is informed and believes that O'Donnell claimed

27  that as the years passed, O'Donnell and Counterclaimant's personal relationship

28  became more and more volatile.  O'Donnell alleged that, while things began well in

1  the beginning of the relationship and also at work, this soon gave way to escalating

2  problems and conflict which included incidents where Counterclaimant TMLF

3  would physically assault Mr. O'Donnell in fits of rage and anger.  Eventually, this

4  became too much for Mr. O'Donnell and he sought to conclude the relationship

5  with Counterdefendant Brightwell.  Counterdefendant Brightwell pressed Mr.

6  O'Donnell to formalize her ownership in ~~RF~~R.F. Logistics, LLC, but he demurred.

7  In May of 2012, Mr. O'Donnell offered ~~Ms.~~Counterdefendant Brightwell a

8  severance of $100,000, plus reimbursement of her business expenses in the event

9  she wanted to terminate her employment with ~~RF~~R.F. Logistics, LLC. In the

10  Summer of 2012, Mr. O'Donnell's relationship with ~~Ms.~~Counterdefendant

11  Brightwell became adversarial.

12      8.  Counterclaimant TMLF is informed and believes that Mr. O'Donnell

13  remained in the house in Chula Vista during the early Summer of 2012, with

14  Counterdefendant Brightwell in Hawaii.  Upon

15  ~~Counterdefendant's~~Counterdefendant Brightwell's return from Hawaii, she

16  discovered that Mr. O'Donnell had moved out of the house, but ~~had~~ left the some

17  of his belongings and the administrative materials for the operation of the ~~RF~~R.F.

18  Logistics, LLC at the house.  Counterdefendant Brightwell locked up the house,

19  ~~and~~ changed the locks, and informed the ~~RF~~R.F. Logistics, LLC employee ~~that~~who

20  reported to the house to refrain from coming in.  Unbeknownst to

21  Counterdefendant Brightwell, Mr. O'Donnell gained access to the Chula Vista

22  house and removed the remainder of the ~~RF~~R.F. Logistics, LLC files, its computer,

23  his clothing, and his daughter's clothing.

24      9.  ~~Crossclaimant~~Counterclaimant TMLF is informed and believes that on

25  August 17, 2012, Mr. O'Donnell and ~~Counterclaimant~~Counterdefendant Brightwell

26  met at a park in Coronado, where Mr. O'Donnell revealed that he'd recovered the

27  items that Counterdefendant Brightwell locked inside the house. Counterdefendant

28  Brightwell was not pleased to learn of this.  Counterdefendant Brightwell had a set

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  of Mr. O'Donnell's car keys, and went towards Mr. O'Donnell's vehicle. As she

2  attempted to unlock his vehicle with her copy of the remote, he would lock the

3  vehicle.  Mr. O'Donnell approached Counterdefendant Brightwell and demanded

4  that she return his keys.   A scuffle ensued that, according to the parties, and their

5  respective versions if both are credited, resulted in Mr. O'Donnell with scrapes and

6  a grab to his genitalia, and with Ms. Counterdefendant Brightwell off her feet in the

7  parking lot, also with resulting scrapes and bruises.

8       10.  Crossclaimant Counterclaimant TMLF is informed and believes that Mr.

9  O'Donnell was arrested for domestic violence for the events in the parking lot of

10  the Coronado park, but no charges were filed.  Ms. Counterdefendant Brightwell

11  and Mr. O'Donnell brought separate requests for temporary restraining orders

12  against one another, but nothing resulted.

13       11.  Crossclaimant Counterclaimant TMLF is informed and believes that on

14  August 18, 2012, Mr. O'Donnell, acting on behalf of RF R.F. Logistics, LLC,

15  terminated Counterdefendant Brightwell from her employment with RF R.F.

16  Logistics, LLC, accusing Counterdefendant Brightwell of falsifying her

17  employment application, engaging in unauthorized access to computer systems,

18  and insubordination.

19       12.  Counterclaimant TMLF is informed and believes that on August 20,

20  2012, Brian O'Donnell brought an action for a Temporary Restraining Order

21  against Counterdefendant L. Lee Brightwell, Superior Court of California, County

22  of San Diego, Case No. DV 12732, alleging that Ms. Counterdefendant Brightwell

23  physically attacked him, grabbed his genitals in an attempt to injure him, took his

24  car keys, and had previously physically abused him, and had driven past his

25  residence after the physical assault.  Mr. O'Donnell alleged that

26  Ms. Counterdefendant Brightwell had told him that she'd been diagnosed with a

27  mental illness, that she treated through acupuncture.

28       13.  Counterclaimant TMLF is informed and believes that on August 27,

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

2012, Counterdefendant Brightwell retained attorney Jaikaran Singh of McKenna Long & Aldridge ("MLA") to represent her in her claims against ~~RF~~R.F. Logistics, LLC and Brian O'Donnell, and to defend Counterdefendant Brightwell in proceedings for restraining orders brought against her by RF Logistics, LLC and O'Donnell.  Counterclaimaint is informed and believes that Mr. Singh investigated ~~Counterdefendant's~~Counterdefendant Brightwell's claim against ~~RF~~R.F. Logistics, LLC and Brian O'Donnell, spent significant time with Counterdefendant Brightwell, successfully defended Counterdefendant Brightwell in restraining order proceedings, engaged in settlement negotiations, prepared for and attended pre-filing mediation before the Hon. Charles Hayes, ret'd., and ultimately filed a lawsuit against ~~RF~~R.F. Logistics, LLC and Brian O'Donnell.

14.  On April 25, 2013, on ~~Counterdefendant's~~Counterdefendant Brightwell's behalf, Mr. Singh filed a lawsuit against ~~RF~~R.F. Logistics, LLC and Brian O'Donnell, in the Superior Court of California, County of San Diego, entitled: *L. LEE BRIGHTWELL, an individual, Counterclaimant, v. RF LOGISTICS, LLC; BRIAN O'DONNELL; and DOES 1 through 25, inclusive*, San Diego Superior Court case number 37-2013-00046163-CU- OE-CTL.  A true and correct copy of which is attached hereto as **Exhibit A**.  The complaint sought damages and other relief for: (1) Breach of Contract; (2) Promissory  Estoppel; (3) Promissory Fraud; (4) Fraud in the Inducement; (5) Wrongful Termination in Violation of Labor Code Section 1102.5; (6) Wrongful Termination in Violation of FEHA; (7) Wrongful Termination In Violation of Public Policy; (8) Assault and Battery; (9) Intentional Infliction of Emotional Distress; (10) Negligent Infliction of Emotional Distress; (11) Violation of Labor Code Section 970; (12) Violation of Labor Code Section 2802; (13) Violation of Labor Code Section 202; (14) Declaratory Relief; (15) Breach of Fiduciary Duty; (16) Breach of Fiduciary Duty -Derivative Claim; (17) Conversion-derivative Claim; and (18) Accounting.   The complaint was met by a demurrer, a motion to strike, to which the attorneys of

1  MLA responded ~~to~~.  The MLA attorneys also propounded and responded to

2  discovery, and took the deposition of one witness.

3      15.  On September 13, 2013, Brian O'Donnell and ~~RF~~R.F. Logistics, LLC,

4  filed a cross-complaint against Counterdefendant Brightwell.   A true and correct

5  copy of which is attached hereto as **Exhibit B**. The MLA attorneys prepared an

6  answer for ~~Ms.~~Counterdefendant Brightwell. A true and correct copy of which is

7  attached hereto as **Exhibit C**.

8      16.  Throughout the course of the representation by MLA, Counterclaimaint

9  is informed and believes that Counterdefendant Brightwell "consistently indicated"

10 to Mr. Singh that she would settle for $500,000.  Unbeknownst to Counterclaimant

11 TMLF herein at the time of the initiation of Counterclaimant's representation of

12 ~~Ms.~~Counterdefendant Brightwell, in July of 2013, Counterdefendant Brightwell

13 alleged to Mr. Singh an inability to pay MLA's legal fees she incurred and

14 attempted to renegotiate the MLA fee agreement.

15     17.  On or about December of 2013, Counterdefendant Brightwell decided

16 that she no longer wanted Mr. Singh and MLA to represent her.  ~~As of January of~~

17 ~~2014,~~ Counterclaimant TMLF is informed and believes that as of January of 2014,

18 Counterdefendant Brightwell had incurred fees in excess of $140,000 payable to

19 MLA.  Counterdefendant Brightwell began seeking new counsel.  Counterclaimant

20 TMLF is informed and believes that Counterdefendant Brightwell did not inform

21 MLA that she ~~was seeking~~sought new counsel, but instead allowed MLA to

22 continue its representation of Counterdefendant Brightwell in ignorance of

23 ~~Counterdefendant's~~her scheme.

24     18.  On or about December of 2013, Counterdefendant Brightwell contacted

25 Counterclaimant ~~The McMillan Law Firm, APC,~~TMLF and Scott McMillan

26 regarding potential representation.  Counterdefendant Brightwell did not disclose

27 her prior efforts to renegotiate the MLA agreement, or the entirety of the facts

28 surrounding that effort.   At the time of the initial discussions, Scott McMillan told

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

*16-01696*                                                              8

1  Counterdefendant Brightwell that she could expect to spend $200,000 or more in

2  legal fees under the agreement anticipated to bring the case to trial.

3  Counterdefendant Brightwell did not engage Counterclaimant TMLF at that time.

4  Rather, on January 20, 2014, Counterdefendant Brightwell informed Scott

5  McMillan that she had hired Mr. Gruenberg.

6      19.  Counterclaimant TMLF is informed and believes that after nearly a year

7  and a half of representing Counterdefendant Brightwell, on January 20, 2014,

8  ~~Ms.~~Counterdefendant Brightwell claimed that the attorneys of MLA failed to make

9  disclosures to her, specifically that MLA is primarily a defense firm representing

10  corporate clients, that MLA had little to no experience or understanding of the

11  challenges of small business, that MLA had no employment law experience, that

12  MLA lacked any prior experience with assault or emotional anguish, and that MLA

13  did not truly understand the meaning of cost effective or budget conscious

14  representation.  Counterdefendant Brightwell alleged that MLA had committed

15  "despicable and unethical" conduct in its dealings with her.  Counterdefendant

16  Brightwell demanded that MLA absolve Counterdefendant Brightwell of any

17  balance due, return ~~Counterdefendant's~~Counterdefendant Brightwell's $7,500.00

18  retainer, and refund Counterdefendant Brightwell $50,000.00 of payments.

19  Counterdefendant Brightwell acknowledged that the complaint was well written

20  and filed, the TRO was successfully defended and dismissed, the defense of the

21  demurrer and the motion to strike was successfully defended and won, and

22  discovery responses were completed and submitted.

23      20.  Counterclaimaint is informed and believes that on January 20, 2014,

24  contemporaneous with allegations against MLA, Counterdefendant Brightwell

25  entered into a contract for legal/consultant services with the Law Offices of Joshua

26  D. Gruenberg.  This fee agreement also required the timely payment of fees to

27  Attorney Gruenberg's firm.

28      21.  The Gruenberg firm commenced its representation of Counterdefendant

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  Brightwell ~~Brightwell~~.   On February 28, 2014, the Gruenberg firm filed a First

2  Amended Complaint.  A true and correct copy of which is attached hereto as

3  **Exhibit D**. The Gruenberg firm took the deposition of Mr. O'Donnell, the

4  deposition of ~~RF~~R.F. Logistics, LLC's employee, Ms. Hendrix, and defended the

5  deposition of Counterdefendant Brightwell.

6        22.  On August 28, 2014, ~~Ms.~~Counterdefendant Brightwell sat for

7  deposition.  Following the deposition of ~~Ms.~~Counterdefendant Brightwell on

8  August 28, 2014, the relationship between Mr. Gruenberg and Counterdefendant

9  Brightwell deteriorated.  ~~Ms.~~Counterdefendant Brightwell also owed the

10  Gruenberg firm fees, and was to shortly thereafter reveal – unbeknownst to

11  Counterclaimant TMLF herein, that ~~Ms.~~Counterdefendant Brightwell did not

12  intend to pay her fee bill as it came due.  Further, Counterdefendant ~~had~~Brightwell

13  entered the engagement with the Gruenberg firm with ~~an undisclosed~~a cap of fees

14  which she had not disclosed to the Gruenberg firm.  Counterclaimant TMLF is

15  informed and believes that ~~Ms.~~Counterdefendant Brightwell attempted to

16  renegotiate her agreement with the Gruenberg Firm, and suggested that they cut

17  their fees in order to accomplish a settlement.

18        23.  On or about September 5, 2014, ~~Ms.~~Counterdefendant Brightwell

19  reinitiated contact with Scott McMillan and sought to discuss Counterclaimant ~~The~~

20  ~~McMillan Law Firm, APC~~TMLF taking over representation of

21  ~~Counterdefendant's~~Counterdefendant Brightwell's case, which was then set for

22  trial on November 21, 2014.   At that time, all depositions had not been completed,

23  financial discovery was incomplete, the plaintiff's damages expert had not been

24  prepared, and two other depositions of significant fact witnesses remained to be

25  taken.  There was no trial preparation by the prior counsel to speak of.

26        24.  Counterclaimant ~~The McMillan Law Firm, APC~~TMLF agreed to take

27  the case but with the promise that ~~Ms.~~Counterdefendant Brightwell would remain

28  in close contact with the firm, and would come to San Diego and assist in

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  preparing the case for trial as Scott McMillan had but a brief period of time to put

2  the case together, even with a continuance of the trial.  ~~Ms.~~Counterdefendant

3  Brightwell represented that she would indeed come to San Diego, develop a

4  chronology, prepare a set of facts expected to be elicited from each witness,

5  identify 100 documents that were most important to her case from her perspective,

6  and provide an explanation of why those documents were important.

7  Counterdefendant Brightwell never completed that task.

8      25.  Counterdefendant Brightwell assured Scott McMillan, on behalf of

9  Counterclaimant, that she had the funds available to pay for the legal fees as they

10  came due, which in light of the state of case preparation were reiterated to be at

11  least $200,000 to bring the case through trial.  Counterdefendant Brightwell

12  assured Counterclaimant TMLF that she would directly pay the charges to third

13  parties necessary for the case preparation.  At the time of such statements to Scott

14  McMillan, Counterdefendant Brightwell had established a "cap on fees" as she had

15  with the Gruenberg Firm, and which she failed to disclose to Counterclaimant

16  TMLF herein.

17      26.  On September 29, 2014, Counterdefendant Brightwell executed the

18  written contract for attorney services with Counterclaimant, a copy of which is

19  attached as Exhibit A to the First Amended Complaint of L. Lee Brightwell, filed

20  on December 7, 2016, ECF 16-1.

21      27.  Almost immediately upon the engagement, and with less than two

22  months before the scheduled trial date, Counterdefendant Brightwell became a

23  problem client.  Although the Counterclaimant, by its staff and attorneys,

24  feverishly worked on preparing the case for trial, Counterdefendant Brightwell was

25  not cooperative.  Rather than identifying the specific areas of knowledge that the

26  witnesses had regarding the elements of the specific claims, Counterdefendant

27  Brightwell would engage in other activities unrelated to getting the case to trial.

28  Rather than preparing the list of the 100 most significant documents, and the

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1   reasons why they were significant, Counterdefendant Brightwell attempted to learn

2   ways to "delegate" – her term, the crucial aspect of case preparation to the unpaid

3   intern Mr. Schil that had merely been assigned to assist her in her efforts to

4   memorialize to "paper" the essence of the case, and the means by which to

5   demonstrate it to the trier of fact.

6       28.  Rather than focus on the case preparation, Counterdefendant Brightwell

7   came up with excuses why she could not participate in the Firm's trial preparation

8   efforts, take phone calls from Scott McMillan, or otherwise provide information

9   necessary for the trial preparation.  ~~Counterdefendant's~~ Counterdefendant

10  Brightwell's social engagements, "quality of life" time, and other extraneous

11  matters were a constant diversion for ~~Ms.~~ Counterdefendant Brightwell from the

12  trial preparation.

13      29.  Counterdefendant Brightwell, contrary to the promises of cooperation

14  within the fee agreement, when displeased at various times, would simply cease

15  returning phone calls.  Or, worse, would explode in anger and shout at Scott

16  McMillan.

17      30.  Further, despite the instruction to obtain the printing and assembly of

18  the trial exhibit binders from an outside agency, Counterdefendant Brightwell

19  refused to do so in a timely manner, refused to communicate regarding the

20  production of the trial binders, thereby imposing upon Counterclaimants the

21  burden of expense of assembly and printing of such binders – an expense ~~that~~ for

22  which Counterdefendant Brightwell has not reimbursed Counterclaimant

23  ~~for~~ TMLF.

24      31.  Counterdefendant Brightwell importuned Counterclaimant's attorney

25  Scott McMillan~~,~~ to threaten counsel for Mr. O'Donnell and ~~RF~~ R.F. Logistics~~,~~ LLC

26  to reveal harmful facts concerning the Defendants O'Donnell and ~~RF~~ R.F.

27  Logistics~~,~~ LLC if they would not accede to settlement demands, which

28  Counterdefendant Brightwell referred to as "tickling."  Counterclaimant TMLF

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  rejected Counterdefendant's demand.

2  ~~32.~~ Counterdefendant Brightwell's demand.  On or about June 9, 2015, the

3  Superior Court of California, Judge Timothy Taylor presiding, issued a tentative

4  ruling on the motions *in limine* substantially following the rulings made in the

5  earlier tentative.  Such rulings on the motions *in limine* were favorable to

6  Counterdefendant Brightwell. A true and correct copy of the July 2, 2015 Minute

7  Order reflecting those rulings is attached as **Exhibit E.**

8      32.  On or about July 13, 2015, counsel for Mr. O'Donnell and RF Logistics

9  LLC sent a written settlement offer in the amount of $435,000 with $25,000 of

10  which to be paid over time.  Counterdefendant Brightwell suggested that

11  Counterclaimant TMLF reduce its contractual fees due in exchange for

12  Counterdefendant Brightwell accepting a settlement at $435,000.

13      33.  Counterclaimant TMLF received installment payments from

14  Counterdefendant Brightwell between October of 2014 through May 31, 2015.

15  Thereafter, the payments stopped and Counterdefendant Brightwell communicated

16  her previously existing intention to discontinue payments on the then outstanding

17  account due of $62,535.87.   The occurrence of further events, provision of

18  additional services, and the advancing of other monies, minus various adjustments,

19  inclusive of the 20% contingency fee, has resulted in an outstanding bill of

20  $151,922.59.

21      34.  On June 30, 2015, Counterclaimant TMLF caused to be served upon ~~L.~~

22  ~~Lee~~Counterdefendant Brightwell the "Notice of Client's Right to Fee Arbitration."

23  Counterdefendant Brightwell failed to request arbitration within thirty days of

24  receipt of such notice.

25      35.  On or about July 31, 2015, while still represented by Counterclaimant

26  TMLF, Counterdefendant Brightwell directly communicated to the mediator in the

27  case that she would accept $435,000.   The case settled for that amount.

28  ~~36.~~

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

36.  On July 31, 2015, the Court granted the motion to be relieved as counsel.  Crossdefendant appeared telephonically, was sworn and opposed the withdrawal by Crosscomplainant's attorney Scott McMillan.  A true and correct copy of the Transcript from Hearing on 7/31/2015 is attached hereto as **Exhibit F.**

37.  Counterclaimant TMLF is informed and believes that on or about August 4, 2015, before the filing of the order withdrawal Counterdefendant Brightwell engaged new counsel – Joshua Heinlein, and contemporaneously, if not shortly thereafter arrived at a settlement with her defendants in that case.

38.  On August 4, 2015, Scott McMillan, on Counterclaimant's behalf sent the following e-mail to Counterdefendant Brightwell:

> "Lee,
> I just left a message on your voicemail.  I assume that you are once again screening my calls.
> I was expecting to hear back from you re replacement counsel since we are not making headway on our fee dispute.
> We have your trial preparation material and files.  I'm going to begin gathering it and cataloging it in preparation to provide it to you so that you can put on your trial.
>
> Please do not delay in letting me know once you have new counsel.
> I have not filed the proof of service yet, and did not want to do so until we were situated and you had someone new. But, if you aren't communicating with me there seems to be little point in that.
> Scott"

39.  On August 5, 2015, Counterdefendant Brightwell responded:

> "Scott,
>
> I am in discussions with other counsel, but because you haven't filed the POS, the attorneys I've spoken with have some uncertainties as to whether the order is effective.  If you could file the POS, it would help me get new counsel on board.
>
> Thank you,
>
> Lee"

40.  On or about August 5, 2015, Counterclaimant TMLF was effectively relieved as counsel for Counterdefendant Brightwell resulting from the filing Counterclaimant's filing of the proof of service reflecting

---

SECOND AMENDED COUNTERCLAIM FOR DAMAGES, EQUITABLE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

14

1   ~~Counterclaimant's~~Counterclaimant TMLF's service upon Counterdefendant

2   Brightwell ~~with~~ an order relieving ~~the McMillan Law Firm~~Counterclaimant TMLF

3   as counsel to Counterdefendant Brightwell.

4        41.  Following August 5, 2015, Counterclaimant TMLF remained willing to

5   try the case, except for eliciting the direct testimony of Counterdefendant

6   Brightwell, despite her retaining new counsel on or about August 5, 2015.

7   Following the retention of Joshua Heinlein, Scott McMillan continued to provide

8   advice, information, and support for the Counterdefendant Brightwell's trial

9   preparation.

10       42.  On or about August 6, 2015, Joshua Heinlein executed the addendum to

11  the Stipulated Protective Order which had been entered by the Superior Court of

12  California, County of San Diego on February 5, 2014, in Ms. Brightwell's prior

13  action. A true and correct copy of the protective order and the addendum executed

14  by Mr. Heinlein is attached hereto as **Exhibit G**.

15       43.  On or about August 6, 2015 or August 7, 2015, Scott McMillan met

16  with Counterdefendant Brightwell's counsel Joshua Heinlein and provided hard

17  copies of documents including a single set of trial binders.  At the time of the

18  meeting, or shortly thereafter, Joshua Heinlein informed Scott McMillan that he

19  had electronic files and did not need the hard drive, which included documents that

20  had been produced under the protective order.

21       44.  Despite the knowledge that Counterclaimant TMLF was relieved as

22  counsel for Counterdefendant~~, Counterdefendant~~ Brightwell, she and her agents

23  continued to accrue charges with third party service providers, specifically Andrew

24  Albert, mediator,  which were billed to Counterclaimant's account.   Such third

25  parties looked to Counterclaimant TMLF to pay such charges.

26       45. ~~Counterclaimant is informed and believes that contemporaneously with~~

27  ~~or  immediately after the filing of the order withdrawal~~Counterdefendant

28  Brightwell's settlement was a direct result of Counterclaimant's efforts on

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

*16-01696*                                                                                    15

1  Counterdefendant ~~arrived at a settlement with her defendants in that~~

2  ~~case~~Brightwell's behalf.

3                          **FIRST COUNTERCLAIM**

4                          BREACH OF CONTRACT

5                  (Against Counterdefendant Brightwell)

6      46.  Counterclaimant TMLF incorporates by reference the allegations

7  contained in paragraphs 1 through ~~39~~45, and each and every part thereof with the

8  same force and effect as though set out at length herein.

9      47.  Counterclaimant TMLF provided services to Counterdefendant~~s~~

10 Brightwell concerning the litigation of a case filed in the Superior Court of

11 California, County of San Diego, entitled: *L. LEE BRIGHTWELL, an individual,*

12 *Counterclaimant TMLF, v. RF LOGISTICS, LLC; BRIAN O''DONNELL; and*

13 *DOES 1 through 25, inclusive*, San Diego Superior Court case number

14 37-2013-00046163-CU- OE-CTL, and defense of the cross-complaint against

15 Counterdefendant Brightwell.

16     48.  A valid written contract exists between Counterclaimant TMLF and

17 Counterdefendant Brightwell.  The contract provided a discount for prompt

18 payment of invoiced fees, and the right to such discount has lapsed due to the

19 failure to pay such fees.

20     49.  Counterclaimant TMLF has fulfilled its obligations and complied with

21 all conditions and agreements of the contract that Counterclaimant TMLF is

22 required to perform, e.g., all conditions precedent to

23 ~~Counterdefendant's~~Counterdefendant Brightwell's performance.

24     50.  Counterdefendant Brightwell breached her obligations to pay the

25 amounts due, to maintain communication. As a direct and proximate result of the

26 breach, Counterclaimant TMLF has been, and continues to be, injured.

27     51.  Counterclaimant TMLF is entitled to recover actual, special,

28 consequential damages, and prejudgment interest in an amount according to proof

1    at trial.

2                        **SECOND COUNTERCLAIM**

3            Breach of the Implied Covenant of Good Faith and Fair Dealing

4                  (Against Counterdefendant ~~L. Lee~~ Brightwell)

5         52.  Counterclaimant TMLF incorporates by reference the allegations

6    contained in paragraphs 1 through ~~39, 41 through 45~~51, and each and every part

7    thereof with the same force and effect as though set out at length herein.

8         53. As set forth above, Counterdefendant Brightwell has significantly,

9    materially and intentionally breached the Agreement with Counterclaimant TMLF.

10        54.  Counterdefendant Brightwell made her representation, through refusing

11   to timely pay bills, her refusal to stay in communication, her refusal to cooperate

12   with the burdens of trial preparation reasonable under the circumstances, to refrain

13   from offensive behavior in the premises of ~~Counterclaimants'~~Counterclaimant

14   TMLFs' offices, by imposing the burden of expenses that should have been borne

15   directly by Counterdefendant Brightwell upon Counterclaimant TMLF,

16   unreasonably difficult to maintain.

17        55.  Notwithstanding demand for performance by Counterclaimant TMLF,

18   Counterdefendant Brightwell has continued her breach.

19        56.  Through such actions, Counterdefendant Brightwell has constructively

20   failed to cooperate with Counterclaimant TMLF in the performance of the

21   Agreement and thereby, breached the implied covenant of good faith and fair

22   dealing respectively.

23        57.  As a direct, proximate and consequential result of

24   ~~Counterdefendant's~~Counterdefendant Brightwell's acts,Counterclaimant TMLF

25   has been damaged in a sum to be determined at trial.

26                        **THIRD COUNTERCLAIM**

27                  Quantum Meruit - Common Counts

28                  (Against Counterdefendant ~~L. Lee~~ Brightwell)

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
*16-01696*                RELIEF; DEMAND FOR JURY TRIAL                17

58.  Counterclaimant TMLF incorporates by reference the allegations contained in paragraphs 1 through 3946, 41 through 45, 4748 through 51, 53 through 57, and each and every part thereof with the same force and effect as though set out at length herein.

59.  Counterdefendant Brightwell requested, by words or conduct, that Counterclaimant TMLF perform legal services and advance monies for the benefit of Counterdefendant Brightwell.

60.  Counterclaimant TMLF performed the services as requested, and advanced monies as as requested.

61.  Counterdefendant Brightwell has not paid for the services or the monies advanced.

62.  As a result of Counterclaimant's Counterclaimant TMLF's services, Counterdefendant Brightwell prevailed on her complaint and the RFR.F. Logistics, LLC cross-complaint, resulting in a greater settlement than had previously ever been offered.

63.  The reasonable value of the services, plus interest thereon, is to be determined according to proof at trial.

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1  **FOURTH COUNTERCLAIM**

2  False Promise

3  (Against ~~all Counterdefendants~~Counterdefendant Brightwell)

4  64.  Counterclaimant TMLF incorporates by reference the allegations

5  contained in paragraphs 1 through ~~39, 41 through 45, 47 through~~ 51, 53 through

6  57, 59 through 63, and each and every part thereof with the same force and effect

7  as though set out at length herein.

8  65.  Counterdefendant Brightwell made a promise to Counterclaimant TMLF

9  to promptly pay her bills for legal services and reimbursement of expenses as they

10  were incurred, without reservation and without a "cap."  Secretly,

11  Counterdefendant Brightwell lacked any intention of paying the bills as they came

12  due and intended, as she had with Mr. Gruenberg and MLA, to attempt to

13  renegotiate the deal after running up substantial expenses and incurring significant

14  fees.

15  66.  Counterdefendant Brightwell repeatedly stated that "attorneys do not

16  sue to collect fees," thereby manifesting her belief that she was free to obtain such

17  services through trick, fraud, or artifice.

18  67.  Counterdefendant Brightwell did not intend to perform her promises

19  when she made them.  In her mind, without disclosing same to Counterclaimant

20  TMLF, Counterdefendant Brightwell had secretly set an arbitrary limit on the

21  amount that she would pay.

22  68.  Counterdefendant Brightwell intended that Counterclaimant TMLF rely

23  on her promises.

24  69.  Counterclaimant TMLF reasonably relied on Counterdefendant

25  Brightwell's promises.

26  70.  On or around early June 2015, Counterdefendant Brightwell

27  communicated her pre-existing intention to no longer pay once the amount she had

28  already paid was near $100,000.   Counterdefendant Brightwell claimed that she

1   was reserving $100,000 for her purchase of a house.

2       71.  Counterdefendant Brightwell had funds in tThe McMillan Law Firm

3   Client Trust aAccount in the amount of $15,462.34 when she disclosed her

4   previously held intention to cap the payment to the Firm.  Despite acknowledging

5   services rendered and reimburseable advances to third parties together due and

6   owing in excess of that amount, Counterdefendant Brightwell refused to release

7   even those funds to apply to her bill.

8       72.  Counterclaimant TMLF was harmed by providing legal services and

9   devoting resources which Counterclaimant TMLF was otherwise financially unable

10  to provide without prompt payment.  Counterclaimant TMLF advanced fees to

11  third parties based on the expectation that such advances would be promptly

12  reimbursed.

13      73.  Counterdefendant Brightwell refused to execute a substitution of

14  attorney, and forced Counterclaimant TMLF to file a motion to withdraw.  Said

15  motion to withdraw was granted.   Following the "reveal" that Counterclaimant

16  TMLF did not intend to pay more, and during the pendency of the motion to

17  withdraw, Counterclaimant TMLF was forced to provide additional services on the

18  case and advance additional monies which have not been paid.

19      74.  On June 30, 2015, Counterclaimant TMLF served upon

20  Counterdefendant Brightwell a motion to be relieved as her counsel.

21      75.  On July 12, 2015, Counterdefendant Brightwell allowed $5,000 to be

22  withdrawn from trust and credited to the billing, such billing which already far

23  exceeded such amount.

24      70.  On July 31, 2015, the Court granted the motion to be relieved as

25  counsel.

26      76.  On August 5, 2015, Scott McMillan caused the service of the order

27  granting the motion to be relieved as counsel upon Counterdefendant Brightwell.

28      77.  Counterclaimant'sCounterclaimant TMLF's reliance on

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1   Counterdefendant Brightwell's promise was a substantial factor in causing

2   Counterclaimant TMLF harm.   Counterclaimant TMLF has suffered additional

3   payroll expenses, interest expenses, employee reimbursements, and foregone other

4   remunerative opportunities as a result of the uncompensated time devoted to

5   Counterdefendant Brightwell's case.  Because Counterdefendant Brightwell's

6   refusal to pay based on the previously undisclosed and arbitrary "cap" was

7   unforeseen Counterclaimant TMLF suffered financial injuries resulting from the

8   surprise of not only having the bill rejected but having that money held in trust

9   withheld.  Resulting from the services provided and expenses advanced as a

10  consequence of the fraud, Counterdefendant Brightwell has received a benefit, and

11  has unjustly retained that benefit at the expense of Counterclaimant TMLF herein,

12  and Counterclaimant TMLF is entitled to restitution thereof.

13      78.  In doing the acts herein alleged, Counterdefendant Brightwell acted with

14  oppression, fraud, malice, and in conscious disregard of the rights of

15  Counterclaimant TMLF, and Counterclaimant TMLF is therefore entitled to

16  punitive damages according to proof at the time of trial.

17                          **FIFTH COUNTERCLAIM**

18               TO IMPRESS AND FORECLOSE UPON A POSSESSORY LIEN

19                            (Against all Defendants)

20      79.  Counterclaimant TMLF incorporates by reference the allegations

21  contained in paragraphs 1 through 39, 41 through 45, 47 through 51, 53 through

22  57, 59 through 72 63, 65 through 77, 119, and each and every part thereof with the

23  same force and effect as though set out at length herein.

24      80.  Counterclaimant TMLF has represented Counterdefendant Brightwell,

25  at all times mentioned herein, according to a written attorneys fee agreement which

26  contains a grant of a lien. Counterclaimant TMLF has fully complied with

27  California Rules of Professional Conduct Rule 3-300 in that the terms of such

28  agreement were fair and reasonable, the terms of the lien were fully disclosed in

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1   writing to L. Lee Brightwell.  L. Lee Brightwell was provided a copy of the

2   agreement, and the opportunity to seek independent legal advice and thereafter she

3   consented to such lien in writing.

4       81.  Under the fee agreement, Counterdefendant Brightwell was required to

5   keep money in trust in the McMillan Law Firm IOLTA account.  As of the date of

6   this complaint, L. Lee Brigthwell has $10,462.34 maintained in the McMillan Law

7   Firm IOLTA account.

8       82.  Counterclaimant TMLF requests that its lien be foreclosed.

9   Counterclaimant TMLF requests an order releasing such amount in trust for

10   Counterdefendant Brightwell at the time of judgment to Counterclaimant TMLF as

11   a payment against such amounts due and owing, and to be credited to

12   Counterdefendant Brightwell's account.

13   **SIXTH COUNTERCLAIM**

14   TO IMPRESS AND FORECLOSE UPON A CONTRACTUAL, EQUITABLE,

15   AND CHARGING LIEN

16   (Against all Defendants)

17       83.  Counterclaimant TMLF incorporates by reference the allegations

18   contained in paragraphs 1 through 39, 41 through 45, 47 through 51, 53 through

19   57, 59 through 7263, 65 through 757, 7680, 81, 119 and each and every part

20   thereof with the same force and effect as though set out at length herein.

21       84.  An identifiable *res* of property resulting from the litigation activities of

22   Counterclaimant TMLF on Counterdefendant Brightwell's behalf is presently held

23   by Counterdefendant'sCounterdefendant Brightwell's attorneys.  Counterclaimant

24   TMLF is entitled to such funds according to the lien agreed to by

25   Counterdefendant Brightwell within the aforesaid attorney client agreement.

26       85.  Counterclaimant TMLF requests that its lien be foreclosed.

27   Counterclaimant TMLF requests an order commanding Counterdefendant

28   Brightwell and her counsel, to release such *res* whether expressly or constructively

1   has been held in trust for Counterdefendant Brightwell,  to Counterclaimant TMLF

2   as a payment against such amounts due and owing by Counterdefendant

3   Brightwell, and to be credited to Counterdefendant Brightwell's account.

4   **SEVENTH COUNTERCLAIM**

5   Computer Fraud and Abuse Act, 18 U.S.C. § 1030

6   (Against ~~all Counterdefendants~~Counterdefendant Brightwell)

7   86.   Counterclaimant TMLF re-alleges as though set forth in full herein

8   paragraphs ~~1 through 38, 40 through 44, 46 through 49, 51 through 55, and 58~~

9   ~~through 72~~1 through 51, 53 through 57, 59 through 63, 65 through 77 as though set

10  forth at length herein.

11  87.   While participating in the preparation for trial in her case,

12  Counterdefendant ~~Lee~~Brightwell was specifically instructed to only access files

13  within her own directory, and under the supervision of the staff of Counterclaimant

14  TMLF.~~.~~

15  88.   On our about January of 2015, ~~Counterdefendant Lee~~Counterclaimant

16  TMLF revoked Counterdefendant Brightwell's authorization to access its

17  computers and internal network. Counterdefendant Brightwell was sequestered

18  from the ~~Counterclaimant's~~Counterclaimant TMLF's active network, and given a

19  desk inside the Firm's library, where she could use only her own computer, with a

20  firewalled IP address, and which only provided access to the Internet, but not

21  TMLF's internal network or files, including Brightwell's sub-directory.  Despite

22  those efforts to exclude Counterdefendant Brightwell from accessing the Firm's

23  internal network, Counterclaimant TMLF is informed and believes based upon

24  ~~Counterdefendant's~~Counterdefendant Brightwell's suggestions in this case, that

25  she was able to access the Firm's private data without authorization, and without

26  supervision.

27  89. Counterclaimant TMLF did not consent to

28  ~~Counterdefendant's~~Counterdefendant Brightwell's access to its private systems

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1   and data, or such matters relating to Counterdefendant Brightwell that were

2   provided to Counterclaimant TMLF according to protective order.

3       90.  On or about August 2013‌5, Joshua Heinlein, counsel and authorized

4   agent for Counterdefendant Brightwell, disclosed that he had the entirety of the

5   subdirectory associated with Lee Brightwell.  Such subdirectory had not been made

6   available to Counterdefendant Brightwell, and the obtaining of that subdirectory

7   was without Counterclaimant's Counterclaimant TMLF's knowledge or

8   authorization.

9       91.  Counterdefendant Lee Brightwell was alleged to have accessed and

10  copied, without authorization, the data of Brian O'Donnell, and R.F. Logistics,

11  LLC, and accessed Counterclaimants' Counterclaimant TMLF's data without

12  authorization as a "practice." [**Exhibit B, ¶¶ 16, 17, 18**.]

13      92.  Counterclaimant TMLF is a "person" within the meaning of 18 U.S.C. §

14  1030(e)(12).

15      93.  Counterclaimant's Counterclaimant TMLF's network and component

16  computers in that network  are "protected" computera according to 18 U.S.C. §

17  1030(e)(2)(B):

18      "(2)  the term "protected "protected computer"" means a computer--
    (B)  which is used in or affecting interstate or foreign commerce or
19  communication, including a computer located outside the United States
    that is used in a manner that affects interstate or foreign commerce or
20  communication of the United States;"

21

22      94.  Counterdefendant Brightwell exceeded authorized access in that she

23  accessed the computer without authorization and obtained information in the

24  computer within the meaning of 18 U.S.C. § 1030(e)(6):

25       "(6)  the term "exceeds "exceeds authorized access"" means to access

26      a computer with authorization and to use such access to obtain or alter

27      information in the computer that the accesser is not entitled so to

28      obtain or alter;"

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

95.  ~~Counterdefendant's~~Counterdefendant Brightwell's access was intentional, and knowingly unauthorized.

96.  Countercomplainant has been denied its exclusive possessory interest in its data and computer systems by ~~Counterdefendant's~~Counterdefendant Brightwell's actions.

97.  Counterclaimant TMLF has suffered loss within the meaning of 18 U.S.C. 1030(e)(11), which defines loss as

> ~~"~~"(11)  the term ~~"loss"~~"loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service~~"~~"

98.  ~~Countercomplainant~~Counterclaimant TMLF has been injured as a foreseeable result of the unauthorized access. Counterclaimant TMLF has suffered ~~"loss"~~"loss" aggregating at least $ 5,000 in value within the meaning of 18 U.S.C. § 1030(c)(4)(i)(I).   Counterclaimant TMLF has incurred expense in conducting a damage assessment, investigating the mode of ~~Counterdefendant's~~Counterdefendant Brightwell's unauthorized access, and attempting to foil any data breaches, and has lost revenue as a result of such otherwise unnecessary efforts.

99.  ~~Countercomplainant~~Counterclaimant TMLF has been injured in an amount according to proof at trial, and the conduct by Counterdefendant Brightwell was malicious, fraudulent, and oppressive as defined in California Civil Code 3295, thereby meriting punitive damages in an amount according to proof.

100.  Counterclaimant TMLF requests entry of a mandatory injunction requiring that Counterdefendant Brightwell identify the means by which she accessed and obtained such data, that Counterdefendant Brightwell to make

account of and relinquish all data obtained through such access, and to purge that data from her possession and certify that such data has not been redistributed to third parties.  And, to the extent that such data has been distributed, that Counterdefendant Brightwell identify such persons that have received such data such that they may be joined as third party defendants.

101.  ~~Counterclaimaint~~Counterclaimant TMLF is entitled to restitution of its data purloined by Counterdefendant Brightwell.

*///*

*///*

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

**EIGHTH COUNTERCLAIM**

California  Comprehensive Computer Data Access and Fraud Act,

Penal Code § 502

(Against ~~all Counterdefendants~~Counterdefendant Brightwell)

102.  Counterclaimant TMLF re-alleges as though set forth in full herein paragraphs  1 through ~~38, 40 through 44, 46 through 49, 51 through 55, 58 through 72, 82 through 91~~45, 47 through 51, 53 through 57, 59 through 63, 65 through 77, 87 through 101, as though set forth at length herein.

103.  Section 502 of the California Penal Code forbids the "tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems."

104.  Counterclaimant TMLF is informed and believes, based on the statements by Counterdefendant Brightwell and her counsel, that Counterdefendant Brightwell violated section 502(a) of the California Penal Code by committing one or more of the specific offenses set forth at subdivision (c) of section 502, when she:

(1)  Knowingly accesse[d] and without permission alter[ed], damage[d], delete[d], destroy[ed], or otherwise uses any data, computer, computer system, or computer network in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data.

(2)  Knowingly access[ed] and without permission took, copied, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network.

(3)  Knowingly and without permission use[d] or cause[d] to be used computer services.

SECOND AMENDED COUNTERCLAIM FOR DAMAGES, EQUITABLE AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL

(4)  Knowingly accessed and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal or external to a computer, computer system, or computer network.

\* \* \*

(6)  Knowingly and without permission provided or assisted in providing a means of accessing a computer, computer system, or computer network in violation of section 502.

(7)  Knowingly and without permission accessed or caused to be accessed any computer, computer system, or computer network.

(8)  Knowingly introduced any computer contaminant [as defined in section 502(b)(12)] into any computer, computer system, or computer network.

\* \* \*

105.  ~~Counterdefendant~~Counterclaimant TMLF has incurred "victim expenditures" which mean "any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, deleted, damaged, or destroyed by the access" pursuant to Penal Code section 502(b)(11), in an amount according to proof at trial.

106.  Counterdefendant Brightwell is liable to Counterclaimant TMLF for nominal and compensatory damages according to Penal Code section 502(e), which provides:

" In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c) may bring a civil action against the violator for compensatory damages and injunctive relief or other equitable relief. Compensatory damages shall include any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the

1  access. . .”

2    107.  Counterclaimant TMLF is entitled to reasonable attorneys fees

3  according to Penal Code section 502(e)(2) for the violation of Penal Code section

4  502.

5    108.   Counterclaimant TMLF requests injunctive relief as follows, that:

6  Counterdefendant Brightwell identify and relinquish all data obtained through such

7  her unauthorized access, and to purge that data from her possession and certify that

8  such data has not been redistributed to third parties.  And, to the extent that such

9  data has been distributed, that Counterdefendant Brightwell identify such persons

10  that have received such data such that they may be joined as third party defendants.

11   Further, that Counterdefendant Brightwell identify the means by which she

12  accessed and obtained such data.

13    109.  ~~Countercomplainant~~Counterclaimant TMLF has been injured in an

14  amount according to proof at trial, and the conduct by Counterdefendant

15  Brightwell was malicious, fraudulent, and oppressive as defined in California Civil

16  Code 3295, thereby meriting punitive damages in an amount according to proof

17  and pursuant to Penal Code section 502(e)(4).

18    110.  ~~Counterclaimaint~~Counterclaimant TMLF is entitled to restitution of its

19  data purloined by Counterdefendant Brightwell.

20  **NINTH COUNTERCLAIM**

21  UNFAIR COMPETITION, Bus. & Prof. Code § 17200

22  (Against ~~all Counterdefendants~~Counterdefendant Brightwell)

23  111.  Counterclaimant TMLF incorporates by reference the allegations

24  contained in paragraphs 1 through ~~39, 41 through~~ 45, 47 through 51, 53 through

25  57, 59 through ~~72~~63, ~~75, 76, 82~~65 through ~~96~~77, ~~98~~80 through ~~104~~82, 83-110, 119

26  and each and every part thereof with the same force and effect as though set out at

27  length herein.

28    112.  Counterdefendant ~~Lee~~ Brightwell is engaged independently in business

1   and investment efforts, and engaged Counterclaimant TMLF to provide legal

2   services in part, to further such business and investment efforts. Counterdefendant

3   ~~L. Lee~~ Brightwell operates Brightwell Associates, LLC, and other various entities,

4   is actively engaged as a real estate investor, and claimed to be the co-owner of R.F.

5   Logistics, LLC.   Counterdefendant Brightwell engaged the Counterclaimant

6   TMLF to provide legal services to resolve a business dispute with her co-venturer

7   Brian O'Donnell.

8         113.  California Business & Professional Code §17200 defines unfair

9   competition as ~~"any~~"any unlawful, unfair or fraudulent business act or practice . .

10  . ~~"~~"  For the aforementioned reasons, ~~Counterdefendants'~~Counterdefendant

11  Brightwell's conduct constitutes unfair competition as defined by the California

12  Business & Professional Code §17200.

13        114.  Counterclaimant TMLF has lost money due to the

14  ~~Counterdefendants'~~Counterdefendant Brightwell's unfair competitive practices.

15  Thus, Counterclaimant TMLF has standing under California Business &

16  Professional Code section 17204. In accordance to section 17203, Counterclaimant

17  TMLF seeks injunctive relief for ~~Counterdefendants~~Counterdefendant Brightwell

18  to cease ~~their~~her illegal business practices.

19        115.  Also, Counterclaimant TMLF seeks restitution by an order requiring

20  Counterdefendant Brightwell to disgorge all wrongfully obtained monies.

21  Counterclaimant TMLF may recover money or property wrongfully obtained from

22  the Counterclaimant TMLF, and the monies and data taken by Counterdefendant

23  Brightwell from Counterclaimant TMLF are property subject to restitution.

24                    **TENTH ~~H~~ COUNTERCLAIM**

25                          Declaratory Relief

26            (Against ~~all Counterdefendants~~Counterdefendant Brightwell)

27        116.  Counterclaimant TMLF re-alleges as though set forth in full herein

28  paragraphs  1 through ~~38, 40 through 44, 46 through 49, 51 through 55, 58 through~~

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1 | 72, and 81 through 86, 88, 89, and 90 45, 47 through 51, 53 through 57, 59 through

2 | 63, 65 through 77, 80 through 82, 83-110, 119 as though set forth at length herein.

3 |     117.  A present and existing controversy exists regarding the ownership and

4 | possessory interest of Counterclaimant's Counterclaimant TMLF's property.  A

5 | declaration of the rights, responsibilities, duties and obligations regarding the

6 | ownership interest is essential to determine and resolve the respective claims of the

7 | parties. There is no other adequate or speedy remedy at law.

8 |

9 |

10 |

11 |                          **ELEVENTH COUNTERCLAIM**

12 |                               Unjust Enrichment

13 |                    (Against Counterdefendant Brightwell)

14 |     118.  Counterclaimant TMLF re-alleges as though set forth in full herein

15 | paragraphs  1 through 45, 47 through 51, 53 through 57, 59 through 63, 65 through

16 | 77, 80 through 82, 83-110, as though set forth at length herein.

17 |     119.  Resulting from the services provided and expenses advanced as a

18 | consequence of mistake, fraud, coercion, or request, Counterdefendant Brightwell

19 | has received a benefit, and has unjustly retained that benefit at the expense of

20 | Counterclaimant TMLF herein, and Counterclaimant TMLF is entitled to

21 | restitution thereof.

22 |                          **PRAYER FOR RELIEF**

23 | Wherefore, Counterclaimant TMLF prays for judgment as follows:

24 | **I.     As to the First Counterclaim for Breach of Contract, the Second**

25 | **Counterclaim for Breach of the Covenant of Good Faith and Fair Dealing, for**

26 | **the Third Counterclaim for Quantum Meruit - Common Counts:**

27 |     1.  Actual damages in an amount to be ascertained according to proof at trial;

28 |     2.  Special and Consequential Damages in an amount to be determined

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
*16-01696*                    RELIEF; DEMAND FOR JURY TRIAL                    31

1  according to proof at trial;

2       3.  Alternatively, for rescission and restitution.

3       4.  For prejudgment interest

4  **II.**  **As to the Fourth Counterclaim for Fraud**

5       1.  General and special damages in an amount according to proof at trial;

6       2.  For punitive and exemplary damages in an amount according to proof at

7  trial.

8       3.  For restitution to Counterclaimant TMLF by Counterdefendant

9  Brightwell of the value of the services provided and expenses advanced by

10  Counterclaimant TMLF according to proof at trial.

11  **III.**  **As to the Fifth Counterclaim to Impress and Foreclose upon a**

12         **Possessory Lien and the Sixth Counterclaim to Impress and Foreclose**

13         **upon a Contractual, Equitable and Charging Lien:**

14       1.  To impress and foreclose upon the possessory lien on the $10,462.34 in

15  the McMillan Law Firm IOLTA account.

16       2.  To impress and foreclose upon lien as to those funds in the amount of

17  $151,922.59 held by Counterdefendant Brightwell or her attorneys.

18  *///*

19  *///*

20  *///*

21

22

23

24

25

26

27

28

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

**IV.   As to the Seventh Counterclaim for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030:**

 1.  Compensatory damages in an amount according to proof at trial;

 2.  For punitive and exemplary damages in an amount according to proof at trial.;

 3.  For equitable relief, including restitution.

**V.   As to the Eighth Counterclaim for violation of the California Comprehensive Computer Data Access and Fraud Act,  Penal Code § 502:**

 1.  Nominal, and Compensatory damages in an amount according to proof at trial.;

 2.  For punitive and exemplary damages in an amount according to proof at trial.;

 3.  For equitable relief, including restitution.

**VI.   As to the Ninth Counterclaim for Unfair Competition according to Bus. & Prof. Code § 17200:**

 1. Restitutionary relief to restore all monies, and property, wrongfully taken by Counterdefendant Brightwell;

 2.  For preliminary and permanent injunctive relief as provided by the Business and Professions Code Section 17203.

*///*

*///*

*///*

---

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

**VII.   As to the Tenth Counterclaim for Declaratory Relief:**

For declaratory relief as to the ownership of the amounts subject to the lien, and the restitution of ~~Counterclaimant's~~Counterclaimant TMLF's property.

**VIII.   As to the Eleventh Counterclaim for Unjust Enrichment:**

For restitution to Counterclaimant TMLF by Counterdefendant Brightwell of the value of the services provided and expenses advanced by Counterclaimant TMLF by which Counterdefendant Brightwell has been unjustly enriched according to proof at trial.

**As to all causes of action:**

1. Costs of suit; and

2. Such other remedies as the court deems just and proper.


Respectfully Submitted,

Dated: ~~July 17~~September 4, 2017        The McMillan Law Firm,

A.P.C.

/s/ Scott A. McMillan

BY:   _____

Scott A.  McMillan
Lauren Hanley-Brady
Attorneys for Counterclaimant TMLF
The McMillan Law Firm, A.P.C.

_____

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Counterclaimant TMLF demands a jury trial on all causes of action so determinable.

Respectfully Submitted,

Dated: ~~July 17~~September 4, 2017———          The McMillan Law Firm, A.P.C.

/s/ Scott A. McMillan

BY: _____
Scott A.  McMillan
Attorney for Counterclaimant TMLF
The McMillan Law Firm, A.P.C.

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
RELIEF; DEMAND FOR JURY TRIAL

1          **CERTIFICATE OF SERVICE**

2          I, Scott A. McMillan, am an attorney admitted to practice before this court.

3   The foregoing document was served upon the parties to this case by electronically

4   filing the foregoing document(s) using the CM/ECF system. Service of an

5   electronically filed document upon a CM/ECF User who has consented to

6   electronic service is deemed complete upon the transmission of the Notice of

7   Electronic Filing ("NEF""NEF"). The NEF will be maintained with the original

8   document(s) in our office.

9          Dated:      July 17September 4, 2017

10                                             /s/ Scott A. McMillan

11                          BY:   _____

12                                Scott A.  McMillan
                                  Attorney for Counterclaimant TMLF
                                  The McMillan Law Firm, A.P.C.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

SECOND AMENDED COUNTERCLAIM FOR
DAMAGES, EQUITABLE AND DECLARATORY
*16-01696*          RELIEF; DEMAND FOR JURY TRIAL          36