# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL,<br><br>                          Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, et al.,<br><br>                         Defendants. | Case No.: 16-CV-1696 W (NLS)<br><br>**ORDER DENYING EX PARTE APPLICATION TO FILE A SUR-REPLY [DOC. 62]** |

      Defendant The McMillan Law Firm applies ex parte for leave of Court to file a sur-reply in response to Plaintiff's reply brief in connection with her motion to dismiss. (*Reply* [Doc. 60].)

      The Local Rules in this District do not authorize the filing of a sur-reply. Still, district courts have the discretion to either permit or preclude the filing of a sur-reply. See, e.g., Johnson v. Wennes, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009) (Lorenz, J.). Such discretion "should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (quoting Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)) (internal quotation marks omitted).

Defendant contends that Plaintiff makes a representation of fact in its reply brief—buttressed by a declaration filed alongside it—that contradicts allegations made in the Amended Cross-Complaint. (*Compare Reply* [Doc. 60] 2:18–23 ("Counterclaimant itself was the one that provided Brightwell's subdirectory to the undersigned counsel."); *and Heinlein Decl.* [Doc. 60-1] ¶ 2 ("I went to Mr. McMillan's office and picked up several boxes of hard copy files and a disk containing the entire "subdirectory" of files for Ms. Brightwell's case."), *with Amended Cross-Complaint* [Doc. 51] ¶ 85 ("Joshua Heinlein, counsel and authorized agent for Counterdefendant[,] disclosed that he had the entirety of the subdirectory associated with Lee Brightwell. Such subdirectory had not been made available to Counterdefendant, and the obtaining of that subdirectory was without Counterclaimant's knowledge or authorization.").)

Upon a Rule 12(b)(6) motion to dismiss, the Court assumes true all well-pled allegations of fact within the operative pleading. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule—incorporation by reference, and judicial notice. See id. at 688–89. Defendant does not show that either applies. As the Court does not consider extrinsic evidence at this stage, allowing further extrinsic evidence would be both unnecessary and inefficient.

Defendant's ex parte application for leave to file a sur-reply is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 28, 2017

Hon. Thomas J. Whelan
United States District Judge