# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 16-CV-1696 W (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL [DOC. 71]** |

　　　Pending before the Court is Defendants' ex parte application to file documents under seal. [Doc. 71.] Despite the passing of a week since the filing of the application, no opposition has been filed. The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** the application without prejudice.

//
//
//
//
//
//
//

1

# I. LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See San Jose Mercury News, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991)

("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

**II. DISCUSSION**

Defendants seek to file 180 pages under seal, without corresponding redacted public copies. (*Sealed Lodged Proposed Documents* [Doc. 72].) Their application provides the correct legal standard (*Defs.' App.* [Doc. 71] 2:5–3:9), but it offers no reasons that could justify sealing the material. (*Id.* [Doc. 71] 3:12–25.) It does not even describe the documents in question. Instead, it merely cites to the protective order. (*Protective Order* [Doc. 52].)

The protective order does not itself authorize parties to seal court records. (*See id.* [Doc. 52] 14:19–27 ("Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge . . . . The parties shall follow and abide by applicable law . . . with respect to filing documents under seal.").) Parties must still provide important countervailing interests to overcome the presumption of public access to court records. San Jose Mercury News, 187 F.3d at 1102. Defendants have not done so here.

The application will be denied without prejudice.

//
//
//
//
//
//
//
//
//
//

3

### III. CONCLUSION & ORDER

Defendants' ex parte application to file under seal is **DENIED WITHOUT PREJUDICE**. [Doc. 71.]

The sealed lodged proposed documents are **STRICKEN** from the docket. [Doc. 72.]

**IT IS SO ORDERED.**

Dated: November 20, 2017

Hon. Thomas J. Whelan
United States District Judge