JOSEPH S. LEVENTHAL Bar No. 221043
joseph.leventhal@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500; Fx: (619) 400-0501
*Attorneys for Plaintiff*
L. LEE BRIGHTWELL

Heather L. Rosing, Bar No. 183986
Daniel S. Agle, Bar No. 251090
Douglas W. Lytle, Bar No. 178315
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
dagle@klinedinstlaw.com
dlytle@klinedinstlaw.com

Attorneys for Defendants
THE MCMILLAN LAW FIRM, APC;
SCOTT A. MCMILLAN and
MICHELLE D. VOLK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>THE MCMILLAN LAW FIRM, APC, a professional corporation; SCOTT A. MCMILLAN, an individual; MICHELLE D. VOLK, an individual; and DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No.   16-CV-1696-W-NLS<br><br>**JOINT MOTION CONCERNING DOCUMENTS TO BE FILED UNDER SEAL IN SUPPORT OF DEFENDANTS OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Courtroom:   3C<br>Judge:   Hon. Thomas J. Whelan<br>Magistrate Judge: Hon. Nita L. Stormes<br>Complaint Filed: June 30, 2016<br>Trial Date:   None set |

Plaintiff L. Lee Brightwell ("Brightwell"), and Defendant/counterclaimant The McMillan Law Firm, APC, defendant Scott A. McMillan ("McMillan") and defendant Michelle D. Volk (collectively "Defendants"), by and through their

- 1 -

1  respective counsel, submit the following Joint Motion concerning Defendants'
2  exhibits A through S. Defendants applied *ex parte* to file exhibits A through S
3  under seal, such documents having been labeled "Confidential" by Brightwell
4  under the Protective Order. However, the *ex parte* application to file under seal,
5  was denied. The parties have met and conferred concerning the exhibits, and
6  jointly request that Defendants' Exhibits A through D, J, L, and S be filed publicly
7  and considered timely, and that the court permit the filing of Defendants' exhibits
8  E, F, G, H, I, K, M, N, O, P, Q, and R under seal and considered timely.

## I.
## BACKGROUND

Brightwell brought this action for various legal malpractice related causes of action and for declaratory relief regarding certain amounts held in trust. (See *Am.Complt.*, Doc. 16.) The parties submitted a stipulation upon which the court granted a Protective Order on July 18, 2017. (Doc. 52.)

Brightwell moved for partial summary judgment. (Doc. 56.) Defendants propounded discovery requests, and Brightwell produced documents labeled Confidential pursuant to the Protective Order. (Lytle Dec., ¶ 9; Doc. 52.) Additionally, a shortened session of Brightwell's deposition was taken on November 2, 2017, and Brightwell has designated the entirety of the transcript confidential in accordance with the Protective Order, paragraph 4(b)(ii). (Lytle Dec., ¶ 7; Doc. 52.)

## II.
## LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. *San Jose Mercury News, Inc. v. U.S. Dist. Court– N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See *Hagestad v. Tragesser*, 49 F.3d

1430, 1434 (9th Cir. 1995) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See *Hagestad*, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See *San Jose Mercury News*, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the "'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (citing *Valley Broad. Co. v. United States Dist. Court*, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); accord *City of Hartford v. Chase*, 942 F.2d 130, 136 (1st Cir. 1991) ("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

/ / /

/ / /

/ / /

# III.

# **DISCUSSION**

The Protective Order (Doc. 52) at paragraph 4(b)(ii) permits parties to designate the entirety of the testimony at a deposition as "Confidential," and the designating party must identify specific portions of the testimony as to which protection is sought within 60 days following receipt of the deposition transcript. The transcript was received on Tuesday, November 7, 2017, and Brightwell's identification of specific testimony is not due until 60 days from that date, or Friday, January 5, 2018. (Lytle Dec., ¶ 8.) Defendants' Exhibit I is excerpts from the November 7, 2017 deposition of Brightwell. (Lytle Dec., ¶ 7.)

The Protective Order (Doc. 52) also permits parties to label documents produced in the case as "Confidential" if the designating party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law. (Lytle Dec., ¶ 4.) In response to document requests, Brightwell produced documents labeled "Confidential" in accordance with the Protective Order. (Lytle Dec., ¶ 9.) In accordance with Brightwell's "Confidential" designations, Defendants filed Exhibits A through S under seal. (Lytle Dec., ¶ 10; Doc. 71.)

In support of Defendants' Opposition to Brightwell's motion for partial summary judgment (Doc. 70), Defendants filed Exhibits T through V publicly. (Lytle Dec., ¶ 10; Doc. 70-3.)

On November 21, 2017, this court denied without prejudice Defendants' *ex parte* application to file Exhibits A through S under seal, and struck the exhibits. (Lytle Dec., ¶ 11; Doc. 76.)

For reference, Defendants' Exhibits A through S in support of their Opposition to Brightwell's motion for partial summary judgment are comprised of the following:

| Exh. | Description |
|---|---|
| A | September 25, 2014 email from Lee Brightwell to Scott McMillan |
| B | O'Donnell defendants' Code of Civil Procedure section 998 Offer dated March 17, 2017 |
| C | Brightwell's Opposition to the Motion to Be Relieved as Counsel filed July 20, 2015 in the O'Donnell action |
| D | Proof of Service for the Order granting withdrawal that McMillan served on August 5, 2015 |
| E | August 5, 2015 email from Brightwell to McMillan requesting that McMillan serve the order of withdrawal |
| F | August 17, 2017 Letter from Joshua Heinlein to Scott McMillan re: Settlement in Principle Reached. |
| G | September 11, 2014 letter from Josh Gruenberg to Lee Brightwell. |
| H | Lee Brightwell's page of handwritten notes from her conversation with Scott McMillan on July 31, 2015 |
| I | Excerpts from the November 2, 2017 deposition of Lee Brightwell in this action. |
| J | August 5-6, 2015 email exchange between Joshua Heinlein and Harvey Berger/Kevin Heffernan |
| K | August 12, 2015 email from Josh Heinlein to Scott McMillan |
| L | August 12, 2015 email from Josh Heinlein to Harvey Berger, Kevin Heffernan, Jay Brown and others (all O'Donnell defense counsel) |
| M | July 9, 2012 Email chain RE: Loan between Lee |

| Exh. | Description |
|---|---|
|  | Brightwell and Lisa Tarumoto of Pacific Access Mortgage. |
| N | July 10, 2012 letter from Lee Brightwell to Lisa Tarumoto of Pacific Access Mortgage |
| O | March 3, 2015 email exchange between Brightwell and McMillan |
| P | July 2-4, 2015 email exchange between Brightwell and McMillan |
| Q | June 1, 2015 email from McMillan to Brightwell |
| R | Mutual Release of Known and Unknown Claims – Settlement of Brightwell v. O'Donnell, RF Logistics |
| S | September 23, 2015 email exchange between McMillan and Berger, forwarded to Heinlein on October 1, 2015 by McMillan |

(Lytle Dec., ¶ 12.)

Additionally, before the court's order issued (Doc. 70) on November 21, 2017, because Defendants had erroneously included the wrong document as Exhibit D with their *ex parte* application to file under seal on November 13, 2017, Defendants filed a Notice of Errata substituting the correct Exhibit D. (Docs. 74 and 75.) Accordingly, the corrected Exhibit D falls within this court's order of November 21, 2017. (Doc. 76.)

Counsel for both Brightwell and Defendants have met and conferred regarding Defendants' Exhibits A through S and this court's order (Doc. 76), with the aim of identifying which of Exhibits A through S should be filed under seal and which should be filed publicly, so as to be consistent with the law and public

///

interest as set forth in *San Jose Mercury News, Inc. v. U.S. Dist. Court– N. Dist.*, 187 F.3d 1096, 1102 (9th Cir. 1999), and related cases.

Following the meet and confer efforts, the parties agree that Defendants' exhibits A through D, J, L, and S should be filed publicly (not under seal):

| Exh. | Description |
| --- | --- |
| A | September 25, 2014 email from Lee Brightwell to Scott McMillan |
| B | O'Donnell defendants' Code of Civil Procedure section 998 Offer dated March 17, 2017 |
| C | Brightwell's Opposition to the Motion to Be Relieved as Counsel filed July 20, 2015 in the O'Donnell action |
| D | Proof of Service for the Order granting withdrawal that McMillan served on August 5, 2015, and attached Order granting withdrawal. |
| J | August 5-6, 2015 email exchange between Joshua Heinlein and Harvey Berger/Kevin Heffernan |
| L | August 12, 2015 email from Josh Heinlein to Harvey Berger, Kevin Heffernan, Jay Brown and others (all O'Donnell defense counsel) |
| S | September 23, 2015 email exchange between McMillan and Berger, forwarded to Heinlein on October 1, 2015 by McMillan |

(Lytle Dec., ¶ 15.)

By this joint motion, and for the reasons set forth below, Brightwell requests without objection from Defendants, that the court permit the following of Defendants' exhibits E, F, G, H, I, K, M, N, O, P, Q, and R to be filed under seal:

| Exh. | Description |
|---|---|
| E | August 5, 2015 email from Brightwell to McMillan requesting that McMillan serve the order of withdrawal |
| F | August 17, 2017 Letter from Joshua Heinlein to Scott McMillan re: Settlement in Principle Reached. |
| G | September 11, 2014 letter from Josh Gruenberg to Lee Brightwell. |
| H | Lee Brightwell's page of handwritten notes from her conversation with Scott McMillan on July 31, 2015 |
| I | Excerpts from the November 2, 2017 deposition of Lee Brightwell in this action. |
| K | August 12, 2015 email from Josh Heinlein to Scott McMillan |
| M | July 9, 2012 Email chain RE: Loan between Lee Brightwell and Lisa Tarumoto of Pacific Access Mortgage. |
| N | July 10, 2012 letter from Lee Brightwell to Lisa Tarumoto of Pacific Access Mortgage |
| O | March 3, 2015 email exchange between Brightwell and McMillan |
| P | July 2-4, 2015 email exchange between Brightwell and McMillan |
| Q | June 1, 2015 email from McMillan to Brightwell |
| R | Mutual Release of Known and Unknown Claims – Settlement of Brightwell v. O'Donnell, RF Logistics |

(Lytle Dec., ¶ 16.)

As to Defendants' appendix exhibits E, P, and Q, the e-mail correspondences between Scott McMillan and Brightwell, these documents are properly designated to be filed under seal because the documents are

- 8 -

communications between Brightwell and her former counsel, Scott McMillan, which are protected under the attorney-client privilege and have not previously been publicly filed.

As to Defendants' appendix exhibits F and K, the e-mail correspondences between Scott McMillan and Joshua Heinlein, these documents are properly designated to be filed under seal because the documents are communications between Joshua Heinlein and Brightwell's former counsel, Scott McMillan, discussing strategy regarding the underlying case and have not previously been publicly filed.

As to Defendants' appendix exhibit G, the letter from Josh Gruenberg to Brightwell, this document is properly designated to be filed under seal because it is a communication between Brightwell and her former counsel, Josh Gruenberg, which is protected under the attorney-client privilege and has not previously been publicly filed.

As to Defendants' appendix exhibit H, Brightwell's page of handwritten notes from her conversation with Scott McMillan on July 31, 2015, this document is proper for filing under seal because it contains Brightwell's handwritten notes taken during a conversation with Scott McMillan on July 31, 2015, which is protected under the attorney-client privilege and has not previously been publicly filed.

As to Defendants' appendix exhibit I, this document is proper for filing under seal because it contains excerpts from the deposition of Brightwell, which Brightwell's counsel designated "Confidential" pursuant to the Protective Order, due to the sensitive and personal nature of the matters discussed which include personal financial information and communications between Brightwell and her former attorneys (Singh, Gruenberg, McMillan, and Heinlein).  Additionally, the court's Protective Order provides a 60-day time period under which the transcript remains confidential, which does not run until January 2018.

As to Defendants' appendix exhibits M, N, and O, these documents are proper for filing under seal because they contain personal financial information of Brightwell.

As to Defendants' appendix exhibit R, the Mutual Release of Known and Unknown Claims – Settlement of Brightwell v. O'Donnell, RF Logistics, the settlement agreement is confidential between the parties, and while disclosed pursuant to discovery in this case, the document itself is not public.

## IV.
## CONCLUSION

Accordingly, the parties request that the court grant this joint motion permitting the Defendants to file exhibits A through D, J, L, and S publicly, while accepting Defendants' exhibits E, F, G, H, I, K, M, N, O, P, Q, and R for filing under seal.

KLINEDINST PC

DATED: November 28, 2017     By: */s/ Douglas W. Lytle*
                                  Heather L. Rosing
                                  Daniel S. Agle
                                  Douglas W. Lytle
                                  Attorneys for Defendants
                                  THE MCMILLAN LAW FIRM, APC;
                                  SCOTT A. MCMILLAN and
                                  MICHELLE D. VOLK

DATED: November 28, 2017     DINSMORE & SHOHL, LLP

                             By:  */s/ Joseph S. Leventhal*
                                  JOSEPH S. LEVENTHAL (221043)
                                  Attorneys for Plaintiff
                                  L. LEE BRIGHTWELL

- 10 -
JOINT MOTION RE DOCS TO BE FILED UNDER SEAL IN SUPPORT OF DEFS' OPP. TO PARTIAL MSJ
16-CV-1696-W-NLS

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is agreed and acceptable to Joseph Leventhal, Esq. and certify that I have obtained Mr. Leventhal's authorization to affix his electronic signature to this document.

KLINEDINST PC

DATED: November 28, 2017     By: /s/ Douglas W. Lytle
DOUGLAS W. LYTLE (178315)
Attorneys for Defendants
THE MCMILLAN LAW FIRM, APC;
SCOTT A. MCMILLAN and
MICHELLE D. VOLK

17130797v1