**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L. LEE BRIGHTWELL,<br><br>                           Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, APC, et al.,<br><br>                          Defendants. | Case No.: 16-CV-1696 W (NLS)<br><br>**ORDER ALLOWING AMENDED BRIEFING ON PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

      Pending before the Court is Plaintiff L. Lee Brightwell's Motion for Partial Summary Judgment, filed on August 24, 2017. (*Pl.'s Mot. for Partial Summary Judgment* [Doc. 56].) The motion was filed ten days after parties' initial disclosures per Rule 26(a). (*Lytle Decl.* [Doc. 70-2] ¶ 23.) Parties jointly moved to continue the hearing date on the motion to Monday, November 27, 2017. (*Joint Mot.* [Doc. 61]; *Sept. 19, 2017 Order* [Doc. 63].) Per Civil Local Rule 7.1(e)(2), Defendants' opposition was due on Monday, November 13, 2017.

      Parties scheduled Plaintiff Brightwell's deposition for November 2, 2017. (*See Lytle Decl.* [Doc. 70-2] ¶ 26.) According to defense counsel's declaration, Plaintiff produced more than 22,500 pages of documents just one day before that, on November 1, 2017. (*See id.* [Doc. 70-2] ¶ 24.) Plaintiff's deposition was taken "without the benefit of

1

being able to review several of the document productions" beforehand.  (*Id.*)  Afterwards, Defendants had only eleven days to review the relevant materials before the opposition to Plaintiff's motion for partial summary judgment was due.

As part of their opposition to the pending motion, Defendants request that the Court decide the matter following supplemental submissions per Federal Rule of Civil Procedure 56(d).  (*Defs.' Partial MSJ Opp'n* [Doc. 70] 23:12–15.)

Federal Rule of Civil Procedure 56 provides:

> **If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:**
> **(1) defer considering the motion or deny it;**
> **(2) allow time to obtain affidavits or declarations or to take discovery; or**
> **(3) issue any other appropriate order.**

Fed. R. Civ. P. 56(d).  The application of Rule 56(d) is an exercise of the Court's discretion.  See id.; Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996), *cert. denied*, 522 U.S. 950 (1997); Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995), *cert. denied*, 519 U.S. 811 (1996).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists . . . , and that it would prevent summary judgment."  Nidds, 113 F.3d at 921.

Defendants demonstrate that the proximity of Plaintiff's voluminous production to her deposition and to the briefing deadline may have deprived them of the opportunity to present facts essential to their opposition.  (*Defs.' Partial MSJ Opp'n* [Doc. 70] 23:1–15; *Lytle Decl.* [Doc. 70-2] ¶¶ 23–27.)  See Fed. R. Civ. P. 56(d).

In light of the foregoing, Defendants will have the opportunity to file an amended opposition to the pending motion for partial summary judgment.  Any such opposition will supersede the original in its entirety and must not refer back to it.  All documents supporting it must be filed anew.  The opposition brief must not exceed twenty-five pages.  If Defendants elect to file an amended opposition, they must do so on or before **Wednesday, February 7, 2018**.

//

//

If Defendants file an amended opposition, Plaintiff may elect to file an amended reply. Any documents supporting the reply must be filed anew. An amended reply will supersede the original reply in its entirety and must not refer back to it. The reply brief must not exceed ten pages. If Plaintiff elects to file an amended reply, she must do so on or before **Wednesday, February 21, 2018**.

**IT IS SO ORDERED.**

Dated: January 17, 2018

_____
Hon. Thomas J. Whelan
United States District Judge