# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. LEE BRIGHTWELL,<br><br>                    Plaintiff,<br><br>v.<br><br>THE MCMILLAN LAW FIRM, et al.,<br><br>                    Defendants. | Case No.: 16-CV-1696 W (NLS)<br><br>**ORDER GRANTING EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL [DOC. 85]** |

      Pending before the Court is Defendants' unopposed ex parte application to file documents under seal. [Doc. 85.] The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** the application.

//
//
//
//
//
//
//
//

1

# I. LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. <u>San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose)</u>, 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See <u>Hagestad</u>, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See <u>San Jose Mercury News</u>, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " <u>Hagestad</u>, 49 F.3d at 1434 (quoting <u>EEOC v. Erection Co., Inc.</u>, 900 F.2d 168, 170 (9th Cir. 1990). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." <u>Id.</u> (citing <u>Valley Broad. Co. v. United States Dist. Court</u>, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." <u>Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999); accord <u>City of Hartford v. Chase</u>, 942 F.2d 130, 136 (1st Cir. 1991)

("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

II. **DISCUSSION**

Parties seek to file twelve exhibits under seal— Defendants' Exhibits E, F, G, H, I, K, M, N, O, P, Q, and R. (*Ex Parte App.* [Doc. 85] 4:26–27.)

Exhibits E, P, and Q are confidential email correspondences between Plaintiff Brightwell and Defendant McMillan while McMillan served as Brightwell's attorney. (*Ex Parte App.* [Doc. 85] 5:1–3.)

Exhibits F and K are confidential email correspondences between Scott McMillan and Joshua Heinlein, Plaintiff Brightwell's current counsel. (*Ex Parte App.* [Doc. 85] 5:3–5.) One discusses the terms of the underlying settlement, and the other discusses strategy as to the underlying matter. (*Exhs. F*, *K* [Doc. 86].)

Exhibit G is a confidential communication to Plaintiff Brightwell from her former counsel, Josh Gruenberg. (*Ex Parte App.* [Doc. 85] 5:7–8.)

Exhibit H are Plaintiff Brightwell's confidential handwritten notes during her meeting with her then-counsel, Defendant McMillan. (*Ex Parte App.* [Doc. 85] 5:9–10.)

Exhibit I constitutes excerpts from the deposition of Plaintiff Brightwell. (*Ex Parte App.* [Doc. 85] 5:11–14.) These pages contain confidential communications between Brightwell and her former attorneys, discussion of strategy in the underlying matter, and details as to Brightwell's personal financial information. (*Id.*)

Exhibits M, N, and O are confidential communications that contain Brightwell's personal financial information. (*Ex Parte App.* [Doc. 85] 5:15–16.)

Exhibit R is a confidential settlement agreement in the underlying case. (*Ex Parte App.* [Doc. 85] 5:17.)

//
//
//

The facts contained within these documents are confidential per a July 18, 2017 Protective Order. (*Protective Order* [Doc. 52]; *Ex Parte App.* [Doc. 85] 5:18–22.) Disclosure threatens harmful repercussions to parties' professional and financial wellbeing. Sufficiently important countervailing reasons exist to overcome the presumption of public access. See <u>San Jose Mercury News</u>, 187 F.3d at 1102.

The unopposed ex parte application will be granted.

### III.  CONCLUSION & ORDER

Defendants' unopposed application to file under seal is **GRANTED**. [Doc. 85.]

**IT IS SO ORDERED.**

Dated: March 13, 2018

Hon. Thomas J. Whelan
United States District Judge